D12-05

**Date:** October 16, 2012
**Proposed by:** Bureau of Legal Affairs
**Prepared by:** Scott Sussman

## *ANALYSIS OF PROPOSED UI LAW CHANGE*

### *Proposal to Address Issue of Claimants Simultaneously Collecting Both Social Security Disability Insurance and Unemployment Insurance*

### 1. Description of Proposed Change

Change would accomplish one of two things for a claimant who attempts to simultaneously collect social security disability and unemployment insurance:

- Make the claimant ineligible to collect unemployment insurance; or,
- If the claimant provides a statement from an appropriate licensed health care professional, he or she would receive his or her full unemployment insurance benefit if he or she is otherwise eligible for unemployment insurance and the claimant earned based period wages while receiving or having filed for primary Social Security disability benefits.

### 2. Proposed Statutory Language

**Create 108.05 (7g) Social Security benefits.**

(a) If a claimant is receiving, has received, or has filed for primary Social Security disability benefits for a particular week it creates a rebuttable presumption that the claimant is unavailable for suitable employment for that week, unless the claimant provides, on a Department form, a statement from an appropriate licensed health care professional who is aware of the claimant's Social Security disability claim and the basis for that claim, certifying that the claimant is available for suitable employment. If the claimant provides a statement to overcome the rebuttable presumption, the claimant is still considered unavailable for suitable work unless the claimant earned base period wages under s. 108.06 (1) while receiving or having filed for primary Social Security disability benefits.

(b) Information from the Social Security Administration is considered conclusive, absent specific evidence showing that the information was erroneous.

### 3. Reason for the Amendments

Roughly 117,000 Americans double-dipped by cashing unemployment and Social Security disability checks, costing taxpayers a combined $856 million in fiscal year 2010 according to the Government Accountability Office. Nationwide

the cash benefits they received totaled over $281 million from DI and more than $575 million from UI.

To understand why such "double-dipping" may constitute fraud, please note the following general requirements for each program:

- To receive unemployment insurance benefit payments, claimants must state that they are able to work.
- To receive disability insurance benefit payments, claimants must state that they are unable to work.

Under certain circumstances, it is possible that some individuals may be eligible for concurrent cash benefit payments due to differences in DI and UI eligibility requirements. Differences in program rules and definitions allow individuals in certain circumstances to receive overlapping DI and UI benefits without violating eligibility requirements. The Social Security Administration's definition of a disability involves work that does not rise to the level of substantial gainful activity. In contrast, a state's determination of "able and available for work" criteria for UI benefits may include performing work that does not rise to the level of substantial gainful activity. As a result, some individuals may have a disability under federal law but still be able and available for work under state law, thus eligible to receive DI and UI.[1]

Yet, many of individuals currently receiving both unemployment insurance benefit payments and disability insurance payments do not fall within that narrow category and are therefore committing acts of fraud. In general, legitimate

---

[1] A number of reviewing federal courts have held that a Social Security disability claimant's acceptance of state unemployment compensation does not, in and of itself, prove an ability to work. *See, e.g., Lackey v. Celebrezze*, 349 F.2d 76, 79 (4th Cir. 1965) (claimant entitled to disability benefits where no showing made that claimant actually represented to state authorities that he was able to work or that he was aware of legal requirements for unemployment compensation); *Kinsella v. Schweiker*, 708 F.2d 1058, 1066 (6th Cir. 1983) (Swygert, J., dissenting) (noting that the mere receipt of unemployment insurance benefits does not prove ability to work); *Roberts v. Callahan*, 971 F. Supp. 498 (D.N.M. 1997) (although claimant had to state she was willing to work and that she applied for some jobs in order to receive unemployment benefits, case remanded to reconsider credibility determination); *Alverio v. Chater*, 902 F. Supp. 909, 928 (N.D. Iowa 1995) (finding that claimant's simultaneous receipt of unemployment insurance benefits and application for social security disability benefits did not negate her claim of disability or indicate substantial evidence of her lack of credibility); *Riley v. Heckler*, 585 F. Supp. 278 (S.D. Ohio 1984) (claimant entitled to award of past due disability benefits despite receiving state unemployment benefits); *Flores v. Dep't of Health, Educ. and Welfare*, 465 F. Supp. 317, 322 (S.D.N.Y. 1978) (record showing that administrative law judge relied almost exclusively on claimant's receipt of unemployment benefits failed to sustain denial of claim, but rather established that claimant made *prima facie* showing that he was unable to work at his former occupation).

2

beneficiaries of these social safety net programs can draw funds from one program, or the other, but not both at the same time.

Unemployment insurance benefits are not counted under the Social Security annual earnings test and therefore do not affect an individual's receipt of Social Security benefits. Yet, federal law does allow that the unemployment benefit amount of an individual to be reduced by the receipt social security disability insurance benefits.

### 4. Brief History and Background of Current Provision

Under certain circumstances, individuals may be eligible for concurrent cash benefit payments due to differences in social security disability insurance (DI) and unemployment insurance (UI) eligibility requirements. Some individuals may have a disability under federal law but still be eligible for UI under state law because they are able and available for work that does not rise to the level of substantial gainful activity.

Although DI and UI generally provide separate services to separate populations—and thus are not overlapping programs—the concurrent cash benefit payments for individuals eligible for both programs are an overlapping benefit when both replace lost earnings. While SSA must reduce DI benefits for individuals receiving certain other government disability benefits, such as worker's compensation, no federal law authorizes an automatic reduction or elimination of overlapping DI and UI benefits. Reducing or eliminating overlapping or improper payments could offer some savings and eliminate fraud on these two safety net programs.

### 5. Effects of Proposed Change

**(a) Policy:**

The intent of this change is to address situations were individuals are improperly collecting from both the social security disability insurance and unemployment insurance programs.

**(b) Administrative Impact:**

The proposed change should not have significant administrative impact on the Department.

**(c) Equitable:**

3

The overlapping payment of both social security disability insurance and unemployment insurance payments under the structure of both programs should be the exception. This proposal attempts to address concerns that individuals are unjustly benefiting from providing different answers to different government agencies.

### (d) Fiscal:

The Government Accountability Office estimates that nationwide the practice of double-dipping by receiving both social security disability insurance and unemployment insurance cost the taxpayer $856 million in fiscal year 2010. While individuals who collected from both programs represented less than 1 percent of the total beneficiaries of both programs, nationwide 117,000 individuals in fiscal year 2010 collected from both programs according to the government accountability office.

With respect to Wisconsin, it is estimated that this would slightly decrease the Trust Fund by up to $2.1 million per year.

### Assumptions

1) Given the small number of claimants nationally and that those who are severely disabled will likely not apply due to A&A rules, only those who are on the margin will apply for both UI and SSA benefits.

2) If it becomes a set rule that one can not apply for disability and UI, the marginal disability claimant will exhaust UI before filing for SSA.

3) The national average for the time between first filing and the first decision is 12 to 20 weeks.

## 6. State and Federal Issues

### (a) Administrative Rules:

There are no administrative rules impacted by this proposed statutory change and administrative rules would not be necessary to implement it.

### (b) Conformity:

Federal law allows the unemployment insurance program to factor in payment of social security disability insurance payments in making determinations.

## 7. Proposed Effective/Applicability Date

4

The law change should be operative as of the effective date of the legislation.

## EXAMPLE

The Government Accountability Office report has examples of individuals inappropriately collecting unemployment insurance and social security disability insurance. For example, one individual began receiving SSDI benefits in 2004 originally due to disorders of the back, and received overlapping SSDI and UI payments, which totaled over $107,000, in 36 different months from 2008 to 2011. During that period, this individual worked for construction companies and received UI benefit payments from New Mexico in 2008, Wisconsin in 2009, Kansas in 2010, and Montana in 2011.

This individual admitted to concealing work activity in order to receive UI benefits from Wisconsin in 2010. Wisconsin subsequently determined this individual would forfeit more than $2,900 in UI benefits as a result of this activity.