**Department of Workforce Development**
**Secretary's Office**
201 E. Washington Avenue
P.O. Box 7946
Madison, WI 53707
Telephone: (608) 266-3131
Fax: (608) 266-1784
Email: sec@dwd.wisconsin.gov



**STATE OF WISCONSIN**

**Tony Evers,** Governor
**Caleb Frostman,** Secretary

June 9, 2020

**VIA EMAIL ATTACHMENT**
Hon. Eugene Scalia
U.S. Secretary of Labor
200 Constitution Ave NW
Washington, D.C. 20210

Re: Supplemental Response to Request for Review of Informal Guidance from ETA Region 5 as it Relates to Pandemic Unemployment Assistance and Recipients of Social Security Disability Insurance in Wisconsin

Dear Secretary Scalia:

This letter is to supplement the submission by the Wisconsin Department of Workforce Development's Unemployment Insurance Division (UI) on June 3, 2020 to Jeffrey Haluska, Unemployment Insurance Program Specialist for Region 5, ETA, requesting a formal opinion of whether the guidance provided by Region 5 is the correct interpretation under federal law.

Wisconsin inquired last month whether recipients of Social Security Disability Insurance (SSDI) who are ineligible for regular unemployment insurance under state law should be eligible for Pandemic Unemployment Assistance (PUA). Region 5's response is as follows:

> Where the CARES Act is silent in Section 2102, the legislation points states to DUA regulations. 20 CFR 625.13(a)(6) are the DUA regulations regarding Disqualifying or Deductible Income and states, "the prorated amount of primary benefits under title II of the Social Security Act, but only to the extent that such benefits would be deduced from regular compensation if payable to the individual under the applicable State law." Social Security Disability benefits fall under this regulation and would be deduced from regular compensation, *if payable to the individual under the applicable State law*.
>
> State law dictates the rules for disqualifying and deductible income. Wisconsin's Statute Section 108.04(12)(f) states "an individual is ineligible for benefits under this chapter for each week in the entire month in which a social security disability insurance payment is issued to the individual." We interpret this to mean claimants are ineligible regardless of the amount they receive under Social Security Disability benefits.

(5/29/2020 email from J. Haluska to D. Williams (emphasis in the original)) (Email chain is attached for your convenience).

As the Secretary of the Department of Workforce Development and the official responsible for planning, directing, and executing the functions of the Division of Unemployment Insurance, I am providing additional information that supports our policy position that individuals on SSDI in Wisconsin should be eligible to receive PUA (if they otherwise meet the PUA eligibility criteria). I am concerned that the interpretation suggested from Region 5 unfairly targets some of Wisconsin's most vulnerable workers from coverage under PUA when they lose their wages due to a COVID-related reason.

PUA is intended for individuals who are ineligible for regular UI, including those not covered under state law. Under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, a covered individual "is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 2107, including an individual who has exhausted all rights to regular unemployment or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 2107 . . . ." P.L. 116.136, sec. 2102(a)(3)(A)(i). As described by DOL, "PUA is the benefit of last resort for anyone who does not qualify for other UC programs and who would be available for work but for one or more of the COVID-19 related reasons . . . ." UIPL 16-20 Change 1, Attachment 1, p. I-8 https://wdr.doleta.gov/directives/attach/UIPL/UIPL_16-20_Change_1.pdf.

By Wisconsin law making those individuals who receive SSDI ineligible for regular UI, they are "covered individuals" under PUA. If Wisconsin SSDI recipients otherwise meet COVID-related eligibility, they should not be disqualified from PUA benefits.

The CARES Act provides that, unless there is a conflict in section 2102 of the CARES Act, the Disability Unemployment Assistance (DUA) regulations, 20 CFR part 625, apply to PUA. P.L. 116-136, sec. 2102(h). DUA regulations provide for a reduction of benefits by any amount received to the extent that disability benefits would be deducted under regular UI. 20 CFR § 625.13(a)(6) ("The amount of DUA payable to an individual for a week of unemployment . . . shall be reduced by . . . [t]he prorated amount of primary benefits under title II of the Social Security Act, but only to the extent that such benefits would be deduced from regular compensation if payable to the individual under the applicable State law."). The DUA regulation is an income reduction, not a disqualification.

Wisconsin state law does not deduct SSDI from regular UI payments; rather, SSDI makes a person ineligible for regular UI. *See* Wis. Stat. § 108.04(12)(f)3.a. ("an individual is ineligible for benefits under [Wis. Stat. ch. 108] for each week in the entire month in which a social security disability insurance payment is issued to the individual.") The DUA disqualifying provisions are found under 20 CFR § 625.13(b) and do not address disability benefits. The federal regulations do not disqualify individuals on SSDI. Thus, the benefit "of last resort" should also cover individuals on SSDI.

In fact, in providing their guidance, Region 5 misunderstood the Wisconsin UI law:

> *There is not a straight out prohibition of collecting UI benefits if you are receiving SSDI in Wisconsin*; however, there is a reduction in benefits that may result in ineligibility depending on the benefit amounts under the two programs. SSDI is a temporary to permanent income replacement program and therefore many states, including Wisconsin, consider it deductible from UI benefits, as UI is temporary assistance to help replace lost income. As both programs are intended for similar purposes, one a potentially more permanent solution and the other a clearly more temporary solution, there are states that deduct the more permanent SSDI from the more temporary UI to prevent double dipping. In other words, so as to not have individuals receiving assistance under multiple programs that are in place for the same or similar purpose. See Wisconsin Statute Section 108.04(12)(f).

(5/29/2020 email from D. Adam to J. Haluska (emphasis added)). Rather, to the contrary, there *is* a straight out prohibition of collecting UI benefits if you are receiving SSDI in Wisconsin. The state law does not reduce benefits, but disqualifies recipients from receiving UI. Region 5's misunderstanding of the ineligibility provision enacted by the Wisconsin Legislature in 2013 seems to have inappropriately affected its guidance.

Finally, I am concerned that the interpretation could be viewed as denying benefits based on disability using SSDI as a proxy or as having a disparate impact on individuals with disabilities because all SSDI recipients— by definition—have disabilities. Discrimination on the basis of disability violates the Department's obligations to comply with title II of the Americans with Disabilities Act (ADA), section 504 of the Rehabilitation Act, and section 188 of WIOA and its implementing regulations found at 29 CFR part 38. The Department ardently protects against such discrimination and such an interpretation would run counter to that policy.

Thank you for considering this additional information while formalizing your guidance on this issue. I appreciate your assistance in maintaining UI program integrity while also timely delivering needed benefits to unemployed Wisconsinites. If you would like any additional information, please feel free to contact me.

Sincerely,

*Caleb Frostman*

Caleb Frostman
Secretary