IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ, SARAH
JAMIESON, EVAN JOHNSON, TRACY
LONG, and CLIFFORD NEUMANN,

      Plaintiffs,

v.                              Case No. 21-CV-560

AMY PECHACEK, in her official capacity
as Secretary-designee of the State of
Wisconsin Department of Workforce
Development,

      Defendant.

## DEFENDANT AMY PECHACEK'S RESPONSE TO PLAINTIFFS' PROPOSED FINDINGS OF FACT

    Defendant Amy Pechacek, in her official capacity as Secretary-designee of the State of Wisconsin Department of Workforce Development (DWD), responds to Plaintiffs' proposed findings of fact in support of their preliminary-injunction motion, Dkt. 3:3–6, as follows. The text of each of Plaintiffs' proposed findings is quoted below, followed by Defendant's responses.

    1.    Plaintiffs are Wisconsin residents who receive Social Security Disability Insurance (SSDI) payments but are denied regular unemployment

compensation benefits pursuant to Wis. Stat. § 108.04(12)(f) when those disabled persons are able to work. *See* Complaint, ¶¶ 1-10.

Defendant's Response: Disputed. The proposed finding is not supported by any evidence. The complaint is not evidence; it is not a verified complaint. *See* 28 U.S.C. § 1746; *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013). ("A verified complaint is the equivalent of an affidavit for summary judgment purposes."); Dkt. 8 (*Procedure to be Followed on Motions for Injunctive Relief*, sec. II.A.2.(b) n.2 ("The pleadings . . . are not evidence.").

2.  The Social Security Administration, for purposes of SSDI benefits, "defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 20 C.F.R. § 404.1505(a).

Defendant's Response: Disputed. The proposed finding states a legal conclusion and is therefore not a factual matter.

3.  The Social Security Administration determines that someone is disabled because of limitations in their ability to do basic work activities, their impairment is on the Social Security Administration's list of impairments, or

whether they are unable to perform substantial gainful activity. 42 U.S.C. § 423(d) and 20 CFR §§ 404.1505-1511 (defining disability for purposes of SSDI benefits), 20 CFR § Appendix 1 to Subpart P of Part 404 (listing of impairments).

Defendant's Response: Disputed. The proposed finding states a legal conclusion and is therefore not a factual matter.

4. Filing for SSDI benefits does not require a statement that the applicant is unable to work, and some SSDI beneficiaries do work (although their work falls below substantial gainful employment). *See* 20 CFR § 404.1572 (defining substantial gainful activity as "work activity that is both substantial and gainful"), 20 CFR § 404.1573 (how work activity is assessed for determining substantial gainful activity), 20 CFR § 404.1574 (evaluation criteria for prior wage work activity to determine if an applicant is engaged in substantial and gainful activity), 20 CFR § 404.1575 (evaluation criteria for prior self-employment work activity to determine if an applicant is engaged in substantial and gainful activity); *see also Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 802, 119 S. Ct. 1597, 143 L.Ed.2d 966 (1999) ("An SSA representation of total disability differs from a purely factual statement

3

in that it often implies a context-related legal conclusion, namely, 'I am disabled for purposes of the Social Security Act.'").

Defendant's Response: Disputed. The statement in the first sentence of the proposed finding is not supported by the legal citations in the subsequent sentences or by any evidence whatsoever. Further, the sentences in the proposed finding after the first sentence state legal conclusions and are therefore not factual matters.

5.    In the 2019 calendar year in Wisconsin, 156,887 out of the 184,985 SSDI recipients worked and earned wages while also receiving SSDI benefits. See Annual Statistical Report on the Social Security Disability Insurance Program, 2019, SSA Publication No. 13-11826 (Oct. 2020) at Table 9, p. 32, available at https://www.ssa.gov/policy/docs/statcomps/di_asr/2019/di_asr19.pdf.

Defendant's Response: Undisputed.

6.    SSDI benefits are paid on a monthly basis. 20 CFR § 404.1807 (monthly payment day).

Defendant's Response: Disputed. The proposed finding states a legal conclusion and is therefore not a factual matter.

4

7. Unemployment compensation benefits are paid on a weekly basis. Wis. Stat. § 108.05(1) (employee paid benefits for each week of unemployment calculated at his or her weekly benefit rate).

Defendant's Response: Disputed. The proposed finding states a legal conclusion and is therefore not a factual matter.

8. The Wisconsin Department of Workforce Development (DWD) receives federal funds for the purpose of administering the unemployment compensation benefits program through the federal unemployment tax which employers pay and which the U.S. Department of Labor awards to states based on the states' unemployment claim-filing activity. *See*, e.g., UIPL No. 25-21 (Sept. 2, 2021) (state workforce agency budgetary planning for fiscal year 2022) (available at https://wdr.doleta.gov/directives/attach/UIPL/UIPL_25-21.pdf).

Defendant's Response: Undisputed.

9. Under Wis. Stat. § 108.04(12)(f)3.a., an individual is ineligible for unemployment compensation benefits for each week in the entire month in which a SSDI benefit payment is issued to the individual. *See also* Forberger Affidavit, Exhibit #4.

5

<u>Defendant's Response</u>: Disputed. The proposed finding states a legal conclusion and is therefore not a factual matter.

10. Under Wis. Stat. § 108.04(12)(f)3.b., in the first month a SSDI payment is issued to an individual, the individual is ineligible for benefits for each week beginning with the week the SSDI payment is issued and for all subsequent weeks in that month.

<u>Defendant's Response</u>: Disputed. The proposed finding states a legal conclusion and is therefore not a factual matter.

11. Under Wis. Stat. § 108.04(12)(f)3.c., following a cessation of SSDI benefits to an individual, and upon the individual again being issued a SSDI payment, the individual is ineligible for benefits for each week beginning with the week the SSDI payment is issued to the individual and all subsequent weeks in that month.

<u>Defendant's Response</u>: Disputed. The proposed finding states a legal conclusion and is therefore not a factual matter.

12. Under Wis. Stat. § 108.04(2)(h), Wisconsin claimants are obligated to inform the DWD when they first file an initial claim for regular

unemployment benefits and for each subsequent weekly certification that they are receiving SSDI benefits.

Defendant's Response: Disputed. The proposed finding states a legal conclusion and is therefore not a factual matter.

13. Failure to inform the DWD that they are receiving SSDI benefits typically leads to a charge of unemployment concealment. Forberger Affidavit, Exhibit #5.

Defendant's Response: Disputed in part. Defendant does not dispute that the failure to inform the DWD of the receipt of SSDI benefits can lead to a charge of unemployment concealment, as shown in the evidence Plaintiffs cite in support of the proposed finding. Defendant disputes that the cited evidence shows that this is "typically" what happens. The cited evidence is only one example that cannot be extrapolated to the general proposition advanced by this proposed finding.

14. The Plaintiffs in this lawsuit consist of two classes: (1) those SSDI recipients who were eligible for Wisconsin unemployment compensation benefits after a job loss but either could not apply for, or did apply and were denied, regular unemployment benefits solely on account of their receipt of

7

SSDI benefits; and (2) those SSDI recipients who applied for Wisconsin unemployment compensation benefits and received them, but were subsequently required to repay those benefits over the past six years, with or without a penalty, solely because they had received SSDI benefits. *See* Complaint, ¶¶ 112-120.

Defendant's Response: Disputed. The proposed finding is not supported by any evidence. The complaint is not evidence; it is not a verified complaint. *See* 28 U.S.C. § 1746; *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013). ("A verified complaint is the equivalent of an affidavit for summary judgment purposes."); Dkt. 8 (*Procedure to be Followed on Motions for Injunctive Relief*, sec. II.A.2.(b) n.2 ("The pleadings . . . are not evidence.")). Also, the proposed finding is a statement about the putative classes that Plaintiffs propose this Court certify. It is not a factual matter necessary for the determination of their motion for a preliminary injunction.

15. SSDI recipients are all denied unemployment compensation benefits solely because of their receipt of SSDI benefits pursuant to Wis. Stat. § 108.04(12)(f). Forberger Affidavit, Exhibit #4.

Defendant's Response: Disputed in part. Defendant does not dispute that the evidence Plaintiffs cite in the proposed finding supports that Monique McCurry was denied unemployment compensation benefits because she received SSDI benefits. Defendant disputes that "all" SSDI recipients are denied unemployment benefits solely because of their receipt of SSDI benefits. The cited evidence is only one example and cannot be extrapolated to the general proposition advanced in this proposed finding. Further, disputed to the extent the proposed finding is interpreting the cited statute and, therefore, states a legal conclusion, not a factual matter.

16. Plaintiffs seek as a remedy, among other things, a permanent injunction of the enforcement of Wis. Stat. § 108.04(12)(f) insofar as the statutes prohibit otherwise eligible applicants for regular unemployment compensation benefits from receiving those benefits solely because they receive SSDI benefits. *See* Complaint, Prayer for Relief.

Defendant's Response: Disputed. The proposed finding is not supported by any evidence. The complaint is not evidence; it is not a verified complaint. *See* 28 U.S.C. § 1746; *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) ("A verified complaint is the equivalent of an affidavit for summary judgment

9

purposes."); Dkt. 8 (*Procedure to be Followed on Motions for Injunctive Relief*, sec. II.A.2.(b) n.2 ("The pleadings . . . are not evidence.")). Also, the proposed finding is not material; it is a statement about the relief requested, not a factual statement supporting Plaintiffs' claim or requested preliminary injunction.

Dated this 4th day of October 2021.

> Respectfully submitted,
>
> JOSHUA L. KAUL
> Attorney General of Wisconsin
>
> s/ Steven C. Kilpatrick
> STEVEN C. KILPATRICK
> Assistant Attorney General
> State Bar #1025452
>
> CLAYTON P. KAWSKI
> Assistant Attorney General
> State Bar #1066228
>
> COLIN A. HECTOR
> Assistant Attorney General
> State Bar #1120064
>
> Attorneys for Defendant Amy Pechacek

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1792 (Kilpatrick)
(608) 266-8549 (Kawski)
(608) 266-8407 (Hector)
(608) 294-2907 (Fax)
kilpatricksc@doj.state.wi.us
kawskicp@doj.state.wi.us
hectorca@doj.state.wi.us

## CERTIFICATE OF SERVICE

I certify that on October 4, 2021, I electronically filed the foregoing *Defendant Amy Pechacek's Response to Plaintiffs' Proposed Findings of Fact* with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

Dated this 4 day of October 2021.

Steven C. Kilpatrick<br>
STEVEN C. KILPATRICK<br>
Assistant Attorney General