IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ,
SARAH JAMIESON, EVAN JOHNSON,
TRACY LONG and CLIFFORD
NEUMANN, on behalf of themselves and
similarly-situated individuals,

|  |  |  |
|---|---|---|
| | Plaintiffs, | OPINION AND ORDER |
| v. | | 21-cv-560-wmc |
| AMY PECHACEK, | | |
| | Defendant. | |

In this civil action, plaintiffs, on behalf of themselves and other Wisconsin recipients of social security disability insurance ("SSDI") benefits, contend that Wis. Stat. § 108.04(12)(f) violates the Americans with Disability Act ("ADA"), 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 701 *et seq*., by categorically denying unemployment benefits to recipients of SSDI benefits. Before the court is plaintiffs' motion for preliminary injunction, seeking to enjoin enforcement of § 108.04(12)(f) during the pendency of this lawsuit. (Dkt. #2.) Having reviewed plaintiffs' motion and supporting materials, as well as defendant's opposition, the court concludes that plaintiffs have failed to meet their burden of demonstrating irreparable harm. Accordingly, their motion must be denied.[1]

---

[1] Plaintiffs requested a hearing on the motion (dkt. #16), but having failed to submit *any* evidence in support of a finding of irreparable harm, a hearing is not necessary.

OPINION

To make out a prima facie case for a preliminary injunction, a party must show (1) irreparable harm, (2) inadequate traditional legal remedies, and (3) some likelihood of success on the merits. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). If all three threshold requirements are met, the court must then engage in a balancing analysis, weighing "the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one." *Harlan v. Scholz*, 866 F.3d 754, 758 (7th Cir. 2017). The court must also "ask whether the preliminary injunction is in the public interest." *Id.* "The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 387 (7th Cir. 1984).

In their complaint, plaintiffs detail the denial of their individual unemployment benefits claims under Wis. Stat. § 108.04(12)(f) because they were also receiving SSDI benefits, principally after losing part-time employment at the beginning of the COVID-19 pandemic in March 2020. However, the complaint is unverified, and plaintiffs submit *no* declarations or affidavits describing these facts, nor more importantly, the burden placed on each of them by being denied unemployment benefits because of the enforcement of § 108.04(12)(f). Even if the complaint were verified, as the court will presume it would be for purposes of this opinion, absent are allegations that any of the plaintiffs are unable to pay for housing, food, or other life necessities because of the denial of unemployment benefits. As such, the court is hard-pressed to understand how plaintiffs' alleged monetary

2

harms are *irreparable*, meaning that those financial losses "cannot be repaired" through a final judgment awarding plaintiffs past unemployment benefits should they succeed on the merits of their claims.  *Orr v. Shicker*, 953 F.3d 490, 502 (7th Cir. 2020) (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997)).

Instead, plaintiffs rely on general caselaw about the importance of unemployment benefits.  (Pl.'s Mot. (dkt. #3) 12-13 (citing *Islam v. Cuomo*, 475 F. Supp. 2d 144, 153 (E.D.N.Y. 2020); *Cal. Dept. of Human Resources Dec. v. Java*, 402 U.S. 121, 132-33 (1971)).) While the court has little trouble finding that unemployment benefits play a critical role in ensuring that basic human needs are met for certain individuals, these cases do not support an inference that without the receipt of unemployment benefits, the named plaintiffs here are suffering irreparable harm while this case is pending, particularly since each is, as alleged, still receiving SSDI benefits.

Perhaps recognizing this lack of evidence, plaintiffs' counsel represents in briefing that "with the blanket denials of unemployment compensation benefits to SSDI recipients pursuant to Wis. Stat. § 108.04(12)(f), the Plaintiffs have been unable to afford basic necessities for themselves and their families."  (Pl.'s Mot. (dkt. #3) 14.)  However, plaintiffs cite no evidentiary support for this finding, and the factual allegations do not even permit this as a reasonable inference given that:  (1) as already alluded to, plaintiffs receive SSDI benefits, and, thus, have at least some funds to support their housing, food and other needs; (2) the loss was for *part-time* earnings; *and* (3) for most of the plaintiffs, the loss of employment and the initial denial of benefits occurred over eighteen months ago at the beginning of the pandemic, with no evidence (or even an allegation) that any of

3

the named plaintiffs continue to be unemployed.  If anything, plaintiffs' delay in bringing this lawsuit and the corresponding preliminary injunction further undermines the court finding of an emergency that warrants entry of preliminary injunctive relief.  *See Ty, Inc. v. Jones Grp.*, Inc., 237 F.3d 891, 903 (7th Cir. 2001) ("[D]elay in pursuing a preliminary injunction may raise questions regarding the plaintiff's claim that he or she will face irreparable harm if a preliminary injunction is not entered.").

While the lack of any evidence of irreparable harm forms a sufficient basis to deny plaintiffs' motion, the court would be remiss not to observe that plaintiffs' claim may rest on a syllogism lacking in legal support.  Specifically, plaintiffs present their claim as a simple one:  "Wis. Stat. § 108.04(12)(f) unlawfully discriminated against otherwise qualified applicants for regular unemployment compensation benefits solely because those applicants have a disability, i.e., the applicants were receiving SSDI benefits."  (Pls.' Mot. (dkt. #3) 6.)  The fact that the statute denies unemployment benefits to recipients of SSDI benefits does not mean necessarily that the benefits are denied *because* of the disability; rather, it is equally, if not more, likely that the benefits are denied because recipients of SSDI benefits already receive a form of federal benefits as a safety net of sorts.  *Cf. P.F. by A.F. v. Taylor*, 914 F.3d 467, 472 (7th Cir. 2019) (finding state statute permitting consideration of a student's individual education plan in denying open enrollment spot because of capacity constraints did not violate the ADA and Rehabilitation Act).  At minimum, given that the government is unlikely to recoup any funds paid out in the interim, the doubt the court has with plaintiffs' legal theory provides further support for the court's denial of the present motion based on a lack of proof of irreparable harm and

4

maintain the status quo. *Roland Mach.*, 749 F.2d at 387 ("the less likely" a plaintiff "is to win, the more need [the balance of harms] weigh in his favor.").

## ORDER

IT IS ORDERED that plaintiffs' motion for preliminary injunction (dkt. #2) is DENIED.

Entered this 25th day of October, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge