IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ,
SARAH JAMIESON, EVAN JOHNSON,
TRACY LONG, and CLIFFORD NEUMANN,

        Plaintiffs,

        v.                        Case No. 21-CV-560

AMY PECHACEK, in her official capacity
as Secretary-designee of the State of
Wisconsin Department of Workforce
Development,

        Defendant.

## DEFENDANT AMY PECHACEK'S
## ANSWER AND DEFENSES

Defendant Amy Pechacek, in her official capacity as Secretary-designee of the State of Wisconsin Department of Workforce Development (DWD), responds to Plaintiffs' complaint as follows.

### **Nature of proceedings**

1.    Defendant ADMITS that Plaintiffs purport to bring their instant action under 42 U.S.C. § 1983, Federal Rule of Civil Procedure 23, the Americans with Disabilities Act, the Rehabilitation Act, and the Fourteenth Amendment to the United States Constitution. Defendant also ADMITS that Plaintiff seeks to invalidate Wis. Stat. § 108.04(12)(f) and (h) facially and as applied. Defendant DENIES the remaining allegations in paragraph 1.

## Parties

2.     As to the allegations in paragraph 2 of the complaint, Defendant ADMITS that Bemke has been denied unemployment insurance benefits because of his receipt of SSDI benefits. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations.

3.     As to the allegations in the first sentence of paragraph 3 of the complaint, Defendant ADMITS that Collette has been denied unemployment insurance benefits because of his receipt of SSDI benefits and lacks knowledge or information sufficient to form a belief as to the remaining allegations. As to the allegations in the second sentence, Defendant DENIES.

4.     As to the allegations in paragraph 4 of the complaint, Defendant ADMITS that Feriozzi has been denied unemployment insurance benefits because of his receipt of SSDI benefits. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations.

5.     As to the allegations in paragraph 5 of the complaint, Defendant ADMITS that Fintz has been denied unemployment insurance benefits because of her receipt of SSDI benefits. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations.

6.     As to the allegations in the first sentence of paragraph 6 of the complaint, Defendant ADMITS that Jamieson has been denied unemployment insurance benefits because of her receipt of SSDI benefits and lacks knowledge

or information sufficient to form a belief as to the remaining allegations. As to the allegations in the second sentence, Defendant ADMITS.

7.      As to the allegations in paragraph 7 of the complaint, Defendant ADMITS that Johnson has been denied unemployment insurance benefits because of his receipt of SSDI benefits. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations.

8.      As to the allegations in the first sentence of paragraph 8 of the complaint, Defendant ADMITS that Long has been denied unemployment insurance benefits because of her receipt of SSDI benefits and lacks knowledge or information sufficient to form a belief as to the remaining allegations. As to the allegations in the second sentence, Defendant ADMITS.

9.      As to the allegations in paragraph 9 of the complaint, Defendant ADMITS that Neumann has been denied unemployment insurance benefits because of his receipt of SSDI benefits. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations.

10.     Defendant DENIES the first sentence of paragraph 10 and AFFIRMATIVELY ALLEGES that she is the Secretary-designee of DWD. As to the second sentence, Defendant lacks knowledge or information sufficient to form a belief as to the allegations about a "Wisconsin employment benefits program" and DENIES the remaining allegations. Defendant

3

AFFIRMATIVELY ALLEGES that she and DWD are responsible for the administration of Wisconsin's unemployment insurance program.

## Factual Allegations

11.     Defendant AFFIRMATIVELY ALLEGES that the Rehabilitation Act of 1973 and section 504 of Title V of the Rehabilitation Act are made up of legal propositions and speak for themselves. Defendant DENIES paragraph 11 to the extent it is inconsistent with the law. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 11.

12.     Defendant AFFIRMATIVELY ALLEGES that Title II of the Americans with Disabilities Act of 1990, as amended, is made up of legal propositions and speaks for itself. Defendant DENIES paragraph 12 to the extent it is inconsistent with the law.

13.     Defendant AFFIRMATIVELY ALLEGES that the Social Security Act at 42 U.S.C. § 503(a)(1) is made up of legal propositions and speaks for itself. Defendant DENIES paragraph 13 to the extent it is inconsistent with the law.

14.     Defendant ADMITS the first sentence of paragraph 14. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 14. Defendant AFFIRMATIVELY ALLEGES that the purpose of the program is set forth in Wis. Stat. § 108.01.

15.     Defendant ADMITS the allegations in paragraph 15.

*SSDI benefits*

16.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 16. Defendant DENIES paragraph 16 to the extent it is inconsistent with the law.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 17.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 18.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 19.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 20.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 21.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 22.

23.     Defendant AFFIRMATIVELY ALLEGES that the U.S. Supreme Court's decision in *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795 (1999), is made up of legal propositions and speaks for itself. Defendant DENIES paragraph 23 to the extent that it is inconsistent with the

5

law. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 23.

24.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in first sentence in paragraph 24. Defendant AFFIRMATIVELY ALLEGES that the memorandum attached to the complaint and filed as Dkt. 1-1 speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 24.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 25.

*The SSDI eligibility ban*

26.    Defendant ADMITS the allegations in paragraph 26.

27.    Defendant ADMITS the allegations in paragraph 27.

28.    Defendant AFFIRMATIVELY ALLEGES that Wis. Stat. § 108.04(12)(f)1m. is made up of legal propositions and speaks for itself. Defendant DENIES paragraph 28 to the extent it is inconsistent with the law.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 29. Defendant AFFIRMATIVELY ALLEGES that the Social Security Act, as amended, is made up of legal propositions and speaks for itself.

30.     Defendant   AFFIRMATIVELY   ALLEGES   that   Wis.   Stat. § 108.04(12)(f)3.a. is made up of legal propositions and speaks for itself. Defendant DENIES paragraph 30 to the extent that it is inconsistent with the law.

31.     Defendant   AFFIRMATIVELY   ALLEGES   that   Wis.   Stat. § 108.04(12)(f)3.b. is made up of legal propositions and speaks for itself. Defendant DENIES paragraph 31 to the extent that it is inconsistent with the law.

32.     Defendant   AFFIRMATIVELY   ALLEGES   that   Wis.   Stat. § 108.04(12)(f)3.c. is made up of legal propositions and speaks for itself. Defendant DENIES paragraph 32 to the extent that it is inconsistent with the law.

33.     Defendant   AFFIRMATIVELY   ALLEGES   that   Wis.   Stat. § 108.04(12)(f)2.h. is made up of legal propositions and speaks for itself, and that the failure to inform does not automatically lead to a charge of concealment but rather will lead to an investigation that may result in a determination of concealment. Defendant DENIES paragraph 33 to the extent that it is inconsistent with the law.

*Pandemic Unemployment Assistance (PUA) benefits*

34.    Defendant ADMITS the allegations in paragraph 34.

35.    Defendant ADMITS that PUA benefits were specifically created for workers who are not eligible for regular unemployment compensation under state law and who have a job loss connected to the pandemic. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 35.

36.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 36.

37.    Defendant DENIES the allegations in paragraph 37.

38.    Defendant DENIES the allegations in paragraph 38. Defendant AFFIRMATIVELY ALLEGES that former Department Secretary Caleb Frostman wrote Secretary Scalia of the U.S. Department of Labor stating that the Department took the position that SSDI recipients should be eligible for PUA benefits, and that in a letter dated July 27, 2020, the U.S. Department of Labor formally determined that SSDI recipients were eligible for PUA benefits because of the eligibility ban in state law for receiving regular unemployment benefits.

39.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 39.

*Named plaintiff Brian Bemke*

40.     Defendant ADMITS that Bemke has received SSDI benefits and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 40.

41.     Defendant ADMITS the allegations in paragraph 41.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 42.

43.     Defendant DENIES the allegations in paragraph 43. Defendant AFFIRMATIVELY ALLEGES that, at the time of Bemke's application for regular unemployment benefits, he did not have sufficient wages to qualify.

44.     Defendant ADMITS the allegations in paragraph 44.

45.     Defendant ADMITS that Bemke relocated and found new work, and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 45.

46.     Defendant ADMITS that Bemke was denied unemployment insurance benefits because he received SSDI and he appealed, and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 46.

*Named plaintiff Scott Collett*

47.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 47.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 48.

49.     As to the allegations in paragraph 49, Defendant ADMITS that payment of regular unemployment benefits ceased upon knowledge that Collett received SSDI benefits and DENIES the remaining allegations.

50.     Defendant ADMITS the allegations in paragraph 50.

51.     Defendant ADMITS the allegations in paragraph 51.

52.     As to the allegations in paragraph 52, Defendant ADMITS that Collett appealed the initial determinations, ADMITS a hearing occurred, ADMITS that he was later found eligible for some PUA benefits, and DENIES the remaining allegations.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 53.

54.     Defendant DENIES the allegations in paragraph 54.

*Named plaintiff John Feriozzi*

55.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 55.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 56.

57.     Defendant ADMITS the allegations in paragraph 57.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 58.

59.     Defendant DENIES the allegations in paragraph 59. Defendant AFFIRMATIVELY ALLEGES that Feriozzi filed a claim in September 2020 and was denied in January 2021.

60.     Defendant ADMITS the allegations in paragraph 60 except that PUA benefits were paid through July 31, 202, not "early August 2020."

61.     Defendant ADMITS the allegations in paragraph 61. Defendant AFFIRMATIVELY ALLEGES that an erroneous decision was issued regarding Feriozzi's eligibility for regular unemployment benefits and UI staff is working to provide payment of PUA benefits to which he is eligible.

62.     Defendant ADMITS that Feriozzi is not eligible to receive regular unemployment benefits as long as he receives SSDI benefits and DENIES the remaining allegations in paragraph 62.

*Named plaintiff Judy Fintz*

63.     Defendant ADMITS that Fintz has received SSDI benefits and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 63.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 64.

65.     Defendant ADMITS that Fintz is not eligible to receive regular unemployment benefits as long as she receives SSDI benefits and lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 65.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 66.

67.     Defendant ADMITS that Fintz was denied regular unemployment benefits and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 67.

68.     Defendant ADMITS that Fintz applied for PUA benefits, ADMITS that the claim was denied, ADMITS that PUA benefits were paid, and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 68.

*Named plaintiff Sarah Jamieson*

69.     Defendant ADMITS that Jamieson has received SSDI benefits and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 69.

70.     Defendant ADMITS the Jamieson was charged overpayments for receiving regular unemployment benefits but DENIES the amount stated in the allegations in paragraph 70.

71.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 71.

72.    Defendant ADMITS that Jamieson's claim for regular unemployment benefits was denied because she was receiving SSDI benefits and DENIES the remaining allegations in paragraph 72.

73.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 73.

74.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 74.

75.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 75.

76.    Defendant ADMITS that Jamieson was eligible for PUA benefits for four weeks and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 76.

77.    Defendant ADMITS the allegations in paragraph 77.

78.    Defendant ADMITS that Jamieson is not eligible to receive regular unemployment benefits as long as she receives SSDI benefits and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 78.

79.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 79.

*Named plaintiff Evan Johnson*

80.    Defendant ADMITS that Johnson has received SSDI benefits and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 80.

81.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 81.

82.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 82.

83.    Defendant ADMITS the allegations in paragraph 83.

84.    Defendant ADMITS the allegations in paragraph 84.

85.    Defendant ADMITS that Johnson was ruled eligible for PUA benefit and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 85.

86.    Defendant ADMITS that Johnson was ruled eligible for PUA benefit and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 86.

*Named plaintiff Tracey Long*

87.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 87.

88.     Defendant ADMITS that Long received regular unemployment benefits and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 88.

89.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 89.

90.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 90.

91.     Defendant ADMITS that the Department charged Long with an overpayment and penalty, ADMITS that the overpayment remains but not the penalty, and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 91.

92.     Defendant ADMITS the allegations in paragraph 92.

*Named plaintiff Clifford Neumann*

93.     Defendant ADMITS that Neumann has received SSDI benefits and lacks knowledge or information sufficient to form a belief as to the remaining allegations paragraph 93.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 94.

95.     Defendant ADMITS the allegations in paragraph 95.

96.     Defendant ADMITS that Neumann filed a claim for July 2020 PUA benefits and DENIES the remaining the allegations in paragraph 96.

97.     Defendant ADMITS that a hearing over Neumann's PUA benefits took place in early April 2021. Defendant AFFIRMATIVELY ALLEGES that Wis. Admin. Code DWD § 128.01(3) and (4) are made up of legal propositions that speak for themselves. Defendant DENIES paragraph 97 to the extent that it is inconsistent with the law. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 97.

98.     Defendant ADMITS the allegations in the first sentence of paragraph 98 of the complaint and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 98.

*Class Allegations*

99.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 99 and its subparts.

100.    Defendant DENIES the allegations in paragraph 100 and its subparts.

101.    Defendant DENIES the allegations in paragraph 101 and its subparts.

102.    Defendant DENIES the allegations in paragraph 102.

103.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 103.

104.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 104.

105.   Defendant DENIES the allegations in paragraph 105.

106.   Defendant DENIES the allegations in paragraph 106.

107.   Defendant DENIES the allegations in paragraph 107.

## COUNT 1
## Discrimination

108.   Defendant AFFIRMATIVELY ALLEGES that she restates her responses to the preceding paragraphs as if set forth fully herein.

109.   Defendant DENIES the allegations in paragraph 109.

110.   Defendant DENIES the allegations in paragraph 110.

111.   Defendant DENIES the allegations in paragraph 111.

112.   Defendant DENIES the allegations in paragraph 112.

113.   Defendant DENIES the allegations in paragraph 113.

## COUNT 2
## "When Due" and Due Process

114.   Defendant AFFIRMATIVELY ALLEGES that she restates her responses to the preceding paragraphs as if set forth fully herein.

115.   Defendant DENIES the allegations in paragraph 115.

116.   Defendant DENIES the allegations in paragraph 116.

117.   Defendant DENIES the allegations in paragraph 117.

118.   Defendant DENIES the allegations in paragraph 118.

119.   Defendant DENIES the allegations in paragraph 119.

120.   Defendant DENIES the allegations in paragraph 120.

**RESPONSE TO PRAYER FOR RELIEF**: Defendant DENIES that Plaintiffs are entitled to any of the relief they requested or any relief whatsoever.

**FURTHER RESPONSE**:   Defendant DENIES all allegations in the complaint that are not expressly admitted in this answer.

## DEFENSES

1.    The complaint fails to state a claim upon which relief can be granted.

2.    Some or all of the plaintiffs lack Article III standing; therefore, this Court lacks subject matter jurisdiction.

3.    The Eleventh Amendment to the U.S. Constitution and sovereign immunity bar the complaint in whole or in part.

4.    The plaintiffs have not properly exhausted administrative remedies prior to pursuing some or all of their claims.

5.    Some of the plaintiffs' claims are barred by the applicable statutes of limitations.

WHEREFORE, Defendant respectfully requests that judgment be entered in her favor dismissing this action with prejudice, denying all the relief requested, and granting her such further relief as the Court deems appropriate.

Dated this 12th day of November 2021.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Steven C. Kilpatrick
STEVEN C. KILPATRICK
Assistant Attorney General
State Bar #1025452

CLAYTON P. KAWSKI
Assistant Attorney General
State Bar #1066228

COLIN A. HECTOR
Assistant Attorney General
State Bar # 1120064

Attorneys for Defendant Amy Pechacek

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1792 (Kilpatrick)
(608) 266-8549 (Kawski)
(608) 266-8407 (Hector)
(608) 294-2907 (Fax)
kilpatricksc@doj.state.wi.us
kawskicp@doj.state.wi.us
hectorca@doj.state.wi.us