IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ, SARAH
JAMIESON, EVAN JOHNSON, TRACY
LONG, and CLIFFORD NEUMANN,

        Plaintiffs,

v.                                    Case No. 21-cv-560

AMY PECHACEK, in her official capacity
as Secretary-designee of the State of
Wisconsin Department of Workforce
Development,

        Defendant.

---

**REPORT OF PARTIES' PLANNING MEETING
AND PRETRIAL REPORT**

---

    NOW COME Plaintiffs, by their attorneys, Gingras, Thomsen & Wachs LLP, by Paul A. Kinne, Heath P. Straka of Axley Brynelson, LLP, and Victor Forberger, Esq., and Defendant, Amy Pechacek, Wisconsin Department of Justice by Clayton P. Kawski, Colin A. Hector and Steven C. Kilpatrick, who hereby state the following as the Report of the Parties' Planning Meeting and Preliminary Pretrial Report.

    The parties file this report of their conference under the Federal Rules of Civil Procedure 26(f) and their Preliminary Pretrial Report and Joint Discovery Plan in accordance with the Standing Order Governing Pretrial Conferences.

                                    PRETRIAL AND PLANNING REPORT

    1.        **Nature of the case**.

This matter is a purported class action brought under 42 U.S.C. sec. 1983, the Americans with Disabilities Act (ADA) and the Rehabilitation Act, which seeks to invalidate secs. 108.04(12)(f) and 108.04(2)(h) facially and as applied, insofar as these statutes act to deprive plaintiffs and disabled persons who receive Social Security Disability Insurance (SSDI) payments of regular unemployment compensation benefits when those disabled persons can and do work. The action also seeks to compensate plaintiffs and disabled persons compelled to repay regular unemployment compensation benefits and related penalties because they received SSDI benefits.

2. **Related cases.**

While there are no related federal cases, some plaintiffs have or may have administrative or court proceedings as part of the State of Wisconsin's unemployment compensation system.

3. **Material facts and legal issues.**

   a. Should the class be certified?

   b. Do Wis. Stat. secs. 108.04(12)(f) and 108.04(2)(h) facially and as applied to plaintiffs violate the ADA?

   c. Do Wis. Stat. secs. 108.04(12)(f) and 108.04(2)(h) facially and as applied to plaintiffs violate the Rehabilitation Act?

   d. Do Wis. Stat. secs. 108.04(12)(f) and 108.04(2)(h) facially and as applied to plaintiffs violate the "when due" clause of the Social Security Act and the Due Process Clause of the Fourteenth Amendment of the United States Constitution?

   e. What equitable relief, if any, would be appropriate to award plaintiffs or the class?

    f. What legal remedies, if any, would be appropriate to award plaintiffs or the class?

Defendant believes that the above questions are appropriate but that this Court should determine the issue of liability before determining the issue of class certification. To that end, Defendant disagrees with the timing of the three class certification proposed deadlines below, and instead asserts that these deadlines should occur after the Court issues a decision on liability. Defendant believes that the issue of liability likely can be determined without trial. In the event this Court agrees to determine liability before class certification, Defendant suggests moving the dispositive motions deadline to an earlier date. In the event this Court does not agree to determine liability before class certification, and Defendant files a dispositive motion before any proposed class certification deadline, Defendant will likely ask the Court to stay any class certification deadlines, including class certification discovery, for a reasonable amount of time.

4. **Proposed case deadlines.**

| Date | Deadline |
|---|---|
| January 28, 2022 | Parties to exchange initial disclosures. |
| February 25, 2022 | Amendments to pleadings without leave of court must be made. |
| April 1, 2022 | Plaintiff deadline to name expert(s) with respect to class certification. |
| May 27, 2022 | Defendant deadline to name expert(s) with respect to class certification. |
| July 8, 2022 | Deadline to file motion for class certification, with a 21 day / 10 day response and reply cycle. |
| August 12, 2022 | Plaintiff to name expert(s) on the merits. |
| October 9, 2022 | Defendant to name expert(s) on the merits. |
| October 24, 2022 | Deadline to file dispositive motions, with a 21 day / 10 day response and reply cycle. |
| April, 2023 | Case is ready for trial. |

5. **Anticipated length of trial.**

The parties anticipate an eight day trial.

6. **Factors affecting the just, speedy and inexpensive disposition of the case.** Some of the named plaintiffs suffer from physical and / or mental disabilities that might require the use of reasonable accommodations to facilitate depositions and the presentation of trial testimony.

7. Discovery shall be needed on issues of class issues, liability and damages, and it should end 30 days prior to trial.

8. The parties are unaware of any atypical issues of privilege in this matter, or the protection of trial-preparation materials except that the medical and other records of some of the plaintiffs might be relevant. The parties agree that an inadvertent disclosure in discovery of privileged material does not constitute a waiver of the privilege pursuant to Fed. R. Evid. 502.

9. The parties will enter into a stipulated protective order governing disclosure of confidential information at a later date.

10. The parties agree that discovery requests and responses may be served by electronic means as set forth in Rule 5(b)(2)(E) and that electronic service shall be complete upon transmission.

11. The parties do not anticipate the need to limit discovery under the rules, except as described above. Documents that exist in electronic form should be produced in their native formats, or in the .pdf format.

12. The parties are unaware of any orders the Court should issue in this case.

Dated this 16th day of December, 2021.

GINGRAS, THOMSEN & WACHS, LLP

*/s/ Paul A. Kinne*
Paul A. Kinne
State Bar #1021493
Riley C. Leonard
State Bar #1101452
8150 Excelsior Drive
Madison, WI 53717
Tel: 608-833-2632
Fax: 608-833-2874
kinne@gtwlawyers.com
rleonard@gtwlawyers.com


AXLEY BRYNELSON, LLP

*/s/ Heath P. Straka*
Heath P. Straka
State Bar #1031351
2 E. Mifflin Street, Ste. 200
Madison, WI 53701
Tel: 608-283-6755
Fax: 608-257-5444
hstraka@axley.com


VICTOR FORBERGER, ESQ.

*/s/ Victor Forberger*
Victor Forberger
State Bar #1070634
2509 Van Hise Ave
Madison, WI 53705
Tel: 608-352-0138
Fax: 608-316-2741
vforberger@fastmail.fm

*Attorneys for Plaintiffs*

Dated this 16th day of December, 2021.

        JOSHUA L. KAUL
        Attorney General of Wisconsin

        */s/Steven C. Kilpatrick*
        Steven C. Kilpatrick,
        Assistant Attorney General
        State Bar #1025452

        Clayton P. Kawski
        Assistant Attorney General
        State Bar #1066228

        Colin A. Hector
        Assistant Attorney General
        State Bar #1120064

Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
608-266-1792 (Kilpatrick)
608-266-8549 (Kawski)
608-266-8407 (Hector)
Fax: 608-294-2907
kilpatricksc@doj.state.wi.us
kawskicp@doj.state.wi.us
hectorca@doj.state.wi.us

        *Attorneys for Defendant Amy Pechacek*