IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ, SARAH
JAMIESON, EVAN JOHNSON, TRACY
LONG, and CLIFFORD NEUMANN,

    Plaintiffs,

  v.                                     Case No. 21-CV-560

AMY PECHACEK, in her official capacity
as Secretary-designee of the State of
Wisconsin Department of Workforce
Development,

    Defendant.

## REPLY IN SUPPORT OF DEFENDANT AMY PECHACEK'S MOTION TO AMEND THE PRELIMINARY PRETRIAL CONFERENCE ORDER

The parties agree that there are circumstances in which it is proper for a court to determine liability before proceeding to certification. The question presented is therefore whether the legal and practical issues raised in this case justify deciding liability first. For three reasons, they do: (1) the federal rules permit the court to defer certification for practical reasons of efficiency; (2) liability presents a straightforward question that can be determined with a minimal amount of discovery, as Plaintiffs appear to concede; and (3) proceeding to class certification and exposing Defendant to the considerable

burden of class-wide discovery before turning to the merits would therefore be an inefficient use of Court time and the parties' resources.

At the outset, the relevant legal standard is that a court must determine "at an early practicable time" whether to certify the action as a class action. Fed. R. Civ. P. 23(c)(1)(A). As explained in Defendant's motion, that language represents a change from the prior version of the rule, which required a certification decision "[a]s soon as practicable after the commencement of action brought as a class action." *Id.*; (Dkt. 24:2–4.) The explanatory notes make clear that the replaced language "neither reflect[ed] prevailing practice nor capture[d] the many valid reasons that may justify deferring the initial certification decision." Fed. R. Civ. P. 23 advisory committee's notes (2003 Amendments). In explaining the meaning of the current language, the notes set forth "valid reasons" for why certification may be deferred, as "[o]ther considerations may affect the timing of the certification decision." *Id.* Namely, "[t]he party opposing the class may prefer to win dismissal or summary judgment as the individual plaintiffs without certification and without binding the class that might have been certified." *Id.*

Plaintiffs simply ignore the current language of Rule 23. They cite to pre-2003 case law for the "as soon as practicable" standard and suggest that deciding the merits first can only be done when it is "require[d]." (Pls' Br. 2

(relying on *Chavez Ill. State Police*, 251 F.3d 612, 629 (7th Cir. 2001).)[1] But that was not even the standard under the old Rule 23, and it certainly cannot be squared with how the Rule is written now.

Indeed, as Defendant pointed out in her opening brief, cases have repeatedly recognized the power of district courts to decide liability before certification for practical reasons. (Dkt. 24:3); *see also, e.g.*, *Brittingham v. Cerasimo, Inc.*, 2:08-CV-216-TLS-PRC, 2008 WL 5156645 (N.D. Ill. Feb. 9, 2017) (discussing current language of Rule 23, noting plaintiffs' reliance on pre-2003 case law for standard was unpersuasive, and deciding bifurcation appropriate because merits decision may prevent "valuable time and resources" from being "spent on discovery for the class certification issue"). That may be true in a variety of situations, including "when there is sufficient doubt regarding the likelihood of success on the merits of a plaintiffs' claims." *Leeper v. Alliance Res. Partners, L.P.*, 356 F. Supp. 3d 761, 765 (S.D. Ill. Dec. 17, 2018) (quoting *Hakim v. Accenture U.S. Pension Plan*, 735 F. Supp. 2d 939, 956 (N.D. Ill. 2010); *see also* (Dkt. 24:3–4 (collecting cases)).

---

[1] Plaintiffs also cite *Thomas v. City of Peoria*, 580 F.3d 633 (7th Cir. 2009), which was decided after the 2003 amendments. (Dkt. 29:2). That decision does not cite Rule 23, did not even reach the issue of whether bifurcation was appropriate, and the only issue it addressed regarding deciding liability first was that it could "deprive[s] the *defendants* of the benefit of res judicata should they be sued by other members of the class." *Thomas*, 580 F.3d at 635 (emphasis added). That concern, of course, is wholly absent here, since Defendant is asking for liability to be resolved first.

3

Here, there is a significant doubt as to the Plaintiffs' likelihood of succeeding on the merits. The Court has already said as much, observing that "plaintiffs' claim may rest on a syllogism lacking in legal support" that raises "doubt" about "plaintiffs' legal theory." (Dkt. 17:4.) And Plaintiffs do not contest that their disability claim can be easily resolved on the merits—indeed, much of their brief is dedicated to legal arguments that, in their view, show why they should prevail *regardless of any evidence concerning the unnamed class members*. (Dkt. 29:2–5.) Instead, they point to their due process claim, but that claim turns on whether plaintiffs are entitled to unemployment benefits, a legal question that will necessarily be resolved as part of the disability claim. (*See* Dkt. 1:17–18 ¶¶ 115–20.)[2]

Finally, Plaintiffs do not even muster a response to the practical reasons for why liability should be decided before certification. Defendant has pointed out that, given Plaintiffs' allegation that "156,887 out of 184,985 SSDI recipients worked and earned wages while also receiving SSDI benefits," discovery concerning class certification may be extensive and very time-consuming for DWD and its counsel. (Dkt. 24:4 (quoting Dkt. 1:5 ¶ 25).) Incredibly, Plaintiffs indicate that imposing costly discovery on a party where

---

[2] Although Plaintiffs characterize Defendant's request as limited to the disability claim, the request is for the court to decide "liability" first, which would include the due process claim. (*See generally*, Dkt. 24.)

4

there are significant doubts about liability is a feature of the Federal Rules of Civil Procedure. (*See* Dkt. 29:5.) Citing *Thomas v. UBS AG*, 706, F.3d 846, 849–50 (7th Cir. 2013), Plaintiffs suggest that certification should be decided first since it "sets the stage for settlement" or "abandon[ment]" by dramatically changing the stakes of the suit. (Dkt. 29:5). But that assertion, besides being purely self-serving, leaves out the key portion of the analysis: "[w]hen as in this case the suit can quickly be shown to be groundless, it may make sense for the district court to skip certification and proceed directly to the merits." *Thomas*, 706 F.3d at 849.

    That is precisely the case here. Liability turns on statutory language and applying existing case law, not the individual circumstances of the purported class members. Since there is significant doubt that Plaintiffs' legal theory will prevail, there is every reason to resolve liability before proceeding to certification. And far from forbidding this result, the federal rules explicitly contemplate it.

    For these reasons, the Court should grant Defendants' motion to amend the pre-trial scheduling order.

Dated this 31st day of January 2022.

        Respectfully submitted,

        JOSHUA L. KAUL
        Attorney General of Wisconsin

        Electronically signed by:

        <u>s/ Colin A. Hector</u>
        COLIN A. HECTOR
        Assistant Attorney General
        State Bar #1120064

        STEVEN C. KILPATRICK
        Assistant Attorney General
        State Bar #1025452

        CLAYTON P. KAWSKI
        Assistant Attorney General
        State Bar #1066228

        Attorneys for Defendant
        Amy Pechacek

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8407 (Hector)
(608) 266-1792 (Kilpatrick)
(608) 266-8549 (Kawski)
(608) 294-2907 (Fax)
hectorca@doj.state.wi.us

## CERTIFICATE OF SERVICE

I certify that on January 31, 2022, I electronically filed the foregoing Brief with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

Dated this 31st day of January 2022.

>Electronically signed by:
>
>s/ Colin A. Hector
>COLIN A. HECTOR
>Assistant Attorney General