IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ, SARAH
JAMIESON, EVAN JOHNSON, TRACY
LONG, and CLIFFORD NEUMANN,

          Plaintiffs,

v.                                              Case No. 21-cv-560

AMY PECHACEK, in her official capacity
as Secretary-designee of the State of Wisconsin
Department of Workforce Development,

          Defendant.

**PLAINTIFFS' PROPOSED FINDINGS OF FACT IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs, by and through their undersigned counsel, hereby submit the below findings of fact in support of their motion for partial summary judgment filed herewith.

**PLAINTIFFS' PROPOSED FINDINGS OF FACT**

1) Brian Bemke was disabled under the Social Security Administration (SSA) rules and began receiving SSDI (Social Security Disability Insurance) benefits in October or November 2018. Declaration of Paul Kinne ("Kinne Decl."), filed contemporaneously herewith, Ex. C (Bemke ALJ Decision), p. 2.

2) Brian Bemke was working within the parameters allowed by the SSA rules. *Id.*

3) Brian Bemke was denied unemployment compensation (UC) benefits because of his receipt of SSDI benefits. *Id.* at 3.

4) Brian Bemke was denied UC benefits based on the SSDI exclusion created by Wis. Stat. § 108.04(12)(f). *Id.*

1

5) Scott Collett was disabled under the SSA rules and applied for SSDI benefits during the summer of 2020. Kinne Decl., Ex. E (Scott Collet Declaration) ¶ 1.

6) While waiting for a determination on his eligibility for SSDI benefits, Scott Collett worked as a concierge and room service staffer at the Hyatt Regency in Milwaukee, WI. *Id.* ¶ 2.

7) Scott Collett was laid off from his job on approximately March 14, 2020. *Id.* ¶ 3.

8) Scott Collett began receiving UC benefits after he was laid off. *Id.* ¶ 3.

9) Scott Collett's application for SSDI benefits was approved in July 2020. *Id.* ¶ 4.

10) Scott Collett began receiving SSDI benefits on approximately August 8, 2020. *Id.* ¶ 4.

11) Scott Collett stopped receiving UC benefits after he began receiving SSDI benefits. *Id.* ¶ 5.

12) Scott Collett was denied UC benefits because of his receipt of SSDI benefits. Kinne Decl. Ex. D (Collett Benefits Determination), p. 1.

13) Scott Collet was denied UC benefits based on the SSDI exclusion created by Wis. Stat. § 108.04(12)(f). *Id.*

14) John Feriozzi was disabled under the SSA rules and began receiving SSDI benefits in late 2014. Kinne Decl. Ex. F (Feriozzi Benefits Determination), p. 1; Kinne Decl. Ex. G (Feriozzi Declaration) ¶ 2.

15) John Feriozzi worked within the parameters allowed by the SSA. Feriozzi Declaration ¶¶ 3-5.

16) John Feriozzi was laid off from his job during March 2020 due to the COVID-19 pandemic. *Id.* ¶ 5.

17) John Feriozzi applied for UC benefits. *Id.* ¶ 10.

18) John Feriozzi was denied UC benefits because of his receipt of SSDI benefits. Feriozzi Benefits Determination, p. 1; Feriozzi Decl. ¶ 11.

19) John Feriozzi was denied UC benefits based on the SSDI exclusion included in Wis. Stat. § 108.04(12)(f). Feriozzi Benefits Determination, p. 1.

20) Judy Fintz was disabled under the SSA rules and began receiving SSDI benefits in 2007. Kinne Decl. Ex. H (Fintz ALJ Decision), p. 4.

21) Judy Fintz worked within the parameters allowed by the SSA. *Id.*

22) Judy Fintz applied for UC benefits during the calendar week ending December 27, 2014. *Id.*

23) On January 22, 2015, an administrative law judge found that Judy Fintz was not eligible to receive UC benefits during weeks when she received SSDI payments, but that Judy Fintz was eligible to receive UC benefits during weeks when she did not receive SSDI payments. *Id.*

24) Judy Fintz was denied UC benefits under the January 22, 2015, decision because of her receipt of SSDI benefits. *Id.*

25) Judy Fintz was denied UC benefits under the January 22, 2015, decision based on the SSDI exclusion created by Wis. Stat. § 108.04(12)(f). *Id.*

26) Judy Fintz was denied UC benefits under the January 20, 2016, decision because of her receipt of SSDI benefits. *Id.* at 9-10.

27) Judy Fintz was denied UC benefits under the January 20, 2016, decision based on the SSDI exclusion created by Wis. Stat. § 108.04(12)(f). *Id.* at 9.

28) Sarah Jamieson was disabled under the SSA rules and received SSDI benefits. Kinne Decl. Ex. I (Jamieson Benefits Determination), p. 1; Kinne Decl. Ex. J (Jamieson Declaration) ¶ 1.

29) Sarah Jamieson worked within the parameters allowed by the SSA. ¶¶ 3-5.

30) Sarah Jamieson applied for UC benefits in early April 2020. *Id.* ¶ 6.

31) Sarah Jamieson was denied UC benefits because of her receipt of SSDI benefits. Jamieson Benefits Determination, p. 1; Jamieson Decl. ¶ 6.

32) Sarah Jamieson was denied UC benefits based on the SSDI exclusion created by Wis. Stat. § 108.04(12)(f). Jamieson Benefits Determination, p. 1.

33) Evan Johnson was disabled under the SSA rules and began receiving SSDI benefits in February 2020. Kinne Decl. Ex. K (Johnson Benefits Determination), p. 1; Kinne Decl. Ex. L (Johnson Declaration) ¶¶ 1-2.

34) Evan Johnson was working within the parameters allowed by the SSA. Johnson Decl. ¶ 3.

35) On approximately October 17, 2020, Evan Johnson was laid off due to the COVID-19 pandemic. *Id.* ¶ 5.

36) Evan Johnson was denied UC benefits because of his receipt of SSDI benefits. Johnson Benefits Determination, p. 1.

37) Evan Johnson was denied UC benefits based on the SSDI exclusion created by Wis. Stat. § 108.04(12)(f). *Id.*

38) During July 2019, Tracy Long suffered a workplace injury and subsequently lost her job. Kinne Decl. Ex. N (Long Declaration) ¶ 1.

39) Tracy Long began receiving UC benefits on approximately August 31, 2019. *Id.* ¶ 2.

40) Tracy Long was disabled under the SSA rules and began receiving SSDI benefits on approximately October 13, 2020. *Id.* ¶¶ 4, 6.

41) Tracy Long has worked within the parameters allowed by the SSA. *Id.* ¶¶ 9-10.

42) Tracy Long was denied UC benefits because of her receipt of SSDI benefits starting in October 2020. Kinne Decl. Ex. M (Long ALJ Decision), pp. 2-4; Long Decl. ¶ 8.

43) Tracy Long was denied UC benefits based on the SSDI exclusion created by Wis. Stat. § 108.04(12)(f). Long ALJ Decision, pp. 2-4.

44) Clifford Neumann was disabled under the SSA rules and was receiving SSDI benefits. Kinne Decl. Ex. O (Neumann ALJ Determination), p. 1; Kinne Decl. Ex. P (Neumann Declaration) ¶¶ 1-2.

45) Clifford Neumann was working within the parameters allowed by the SSA. Neumann Decl. ¶¶ 3-8.

46) In June 2020, Clifford Neumann was laid off due to the COVID-19 pandemic. *Id.* ¶ 9.

47) Clifford Neumann was denied UC benefits because of his receipt of SSDI benefits. *Id.* ¶10*;* Neumann ALJ Determination, p. 1.

48) Clifford Neumann was denied UC benefits based on the SSDI created by Wis. Stat. § 108.04(12)(f). Neumann ALJ Determination, p. 1.

49) SSDI benefits are paid monthly. Kinne Decl. Ex. A (Deposition of Amy Pechacek), at 27:1-4.

50) UC benefits are paid weekly. *Id.* at 27:11-12.

51) Wisconsin's UC benefits program receives federal funds. Kinne Decl. Ex. B (Deposition of James Chiolino) at 14:2-7.

52) The Wisconsin Department of Workforce Development (DWD) first proposed a ban on UC eligibility for SSDI benefit recipients in October 2012. Kinne Decl. Ex. R (Proposal D12-05).

53) In the October 2012 proposal, the DWD explained that individuals cannot receive both SSDI benefits and unemployment benefits without being fraudulent:

> To understand why such "double-dipping" may constitute fraud, please note the following general requirements for each program:
>
> - To receive unemployment insurance benefit payments, claimants must state that they are able to work.
>
> - To receive disability insurance benefit payments, claimants must state that they are unable to work.

> Under certain circumstances, it is possible that some individuals may be eligible for concurrent cash benefit payments due to differences in DI and UI Eligibility requirements. Differences in program rules and definitions allow individuals in certain circumstances to receive overlapping DI and UI benefits without violating eligibility requirements. The Social Security Administration's definition of a disability involves work that does not rise to the level of substantial gainful activity. In contrast, a state's determination of "able and available for work" criteria for UI benefits may include performing work that does not rise to the level of substantial gainful activity. As a result, some individuals may have a disability under federal law but still be able and available for work under state law, thus eligible to receive DI and UI.
>
> Yet, many of individuals currently receiving both unemployment insurance benefit payments and disability insurance payments do not fall within that narrow category and are therefore committing acts of fraud. In general, legitimate beneficiaries of these social safety net programs can draw funds from one program, or the other, but not both at the same time.
>
> Unemployment insurance benefits are not counted under the Social Security annual earnings test and therefore do not affect an individual's receipt of Social Security benefits. Yet, federal law does allow that the unemployment benefit amount of an individual to be reduced by the receipt social security disability insurance benefits.

*Id.*

54) In 2015, DWD proposed an amendment to make the SSDI eligibility ban apply to all weeks of unemployment eligibility. Kinne Decl. Ex. S (Proposal D15-01).

55) Amy Pechacek is the secretary-designed for the Wisconsin Department of Workforce Development (DWD). Pechacek Depo. at 7:1-6.

56) Ms. Pechacek testified that individuals who collect SSDI and are working, who then lose their job due to no fault of their own, should qualify for UC benefits "to align with the broader policy goal that is set forth in the Rehabilitation Act and the ADA and in SSDI, which is that folks can still have gainful employment and have supplemental income and collecting disability." *Id.* at 47:22-48:11.

57) By not allowing SSDI benefit recipients to also receive UC benefits, Wis. Stat. § 108.04(12)(f) is causing "undue harm" to disabled individuals who are trying to make a living. *Id.* at 47:22-48:11.

58) The DWD, pursuant to Wisconsin statute, prohibits disabled individuals who are on SSDI benefits from collecting UC benefits. *Id.* at 21:19-25; 23:11-19.

59) The DWD, pursuant to Wisconsin statute, automatically precludes an unemployed person receiving SSDI benefits from receiving UC benefits. *Id.* at 24:12-21.

60) UC claimants who also receive SSDI benefits are ineligible to receive UC benefits regardless of the amount they receive in SSDI benefits. *Id.* at 24:9-21; Kinne Decl. Ex. Q (Letter of Caleb Frostman dated 6/9/2020), p. 2.

61) The DWD interprets Wis. Stat. § 108.04(12)(f)(3)a. as making an individual ineligible for UC benefits for each week in the entire month in which an SSDI payment is issued to the individual. Pechacek Depo. at 39:16-40:1.

62) Wis. Stat. § 108.04(12)(f) is an eligibility ban, it is not an offset. *Id.* at 31:6-8.

63) Wis. Stat. § 108.04(12)(f) bars Wisconsinites who have been determined to be disabled by the SSA from participating in Wisconsin's UC benefits program. *Id.* at 24:9-21; Frostman Letter, p. 2.

64) The DWD interprets Wis. Stat. § 108.04(12)(f) as precluding otherwise eligible individuals from receiving UC benefits because of receipt of SSDI benefits. *Id.* at 28:24-29:3; 39:16-41:17; Chiolino Depo. at 19:23-20:15.

65) James Chiolino is the division administrator of the DWD Unemployment Insurance Division. Chiolino Depo. at 6:6-10.

66) Mr. Chiolino testified that Wis. Stat. § 108.04(12)(f) impacts more disabled Wisconsinites than it would non-disabled Wisconsinites. *Id.* at 27:25-28:3.

67) Mr. Chiolino testified that Wis. Stat. § 108.04(12)(f) does not impact non-disabled Wisconsinites at all. *Id.* at 28:4-5.

68) Wis. Stat. § 108.04(12)(f) only impacts disabled Wisconsinites because non-disabled Wisconsinites would not be eligible for SSDI, and thus would be excluded under the statute. *Id.* at 20:20-21:1.

69) Wis. Stat. § 108.04(12)(f) denies UC benefits to otherwise qualified UC claimants solely due to their receipt of SSDI benefits. *Id.* at 29:14-18.

70) Wis. Stat. § 108.04(12)(f) prohibits the payment of UC benefits to Wisconsinites who receive SSDI benefits, regardless of that individual's ability to work. *Id.* at 29:11-13.

71) Wis. Stat. § 108.04 does <u>not</u> include a prohibition of payment of UC benefits to Wisconsinites who receive other non-disability-related federal benefits like supplemental nutrition assistance program (SNAP) benefits. *Id.* at 24:4-11.

72) Mr. Chiolino is not aware of any benefits, other than SSDI benefits, which automatically disqualify a UC claimant from receiving UC benefits. *Id.* at 17:14-25.

73) Receipt of both SSDI benefits and UC benefits is not inherently fraudulent. *Id.* at 28:6-15.

74) Unlike when the Department first proposed an SSDI eligibility ban, the Department now asserts that receipt of both SSDI benefits and UC benefits is not inherently fraudulent. *Id*. at 28:6-15.

Dated this 12th day of August, 2022.

**GINGRAS, THOMSEN & WACHS, LLP**

*/s/ Paul A. Kinne*
Paul A. Kinne

State Bar #1021493
Riley C. Leonard
State Bar #1101452
8150 Excelsior Drive
Madison, WI 53717
Tel: 608-833-2632
Fax: 608-833-2874
kinne@gtwlawyers.com
rleonard@gtwlawyers.com

**AXLEY BRYNELSON, LLP**

*/s/ Heath P. Straka*
Heath P. Straka
State Bar #1031351
2 E. Mifflin Street, Ste. 200
Madison, WI 53701
Tel: 608-283-6755
Fax: 608-257-5444
hstraka@axley.com

**VICTOR FORBERGER, ESQ.**

*/s/ Victor Forberger*
Victor Forberger
State Bar #1070634
2509 Van Hise Ave
Madison, WI 53705
Tel: 608-352-0138
Fax: 608-316-2741
vforberger@fastmail.fm

*Attorneys for Plaintiffs*