**FILED**
**06-17-2024**
**Anna Maria Hodges**
**Clerk of Circuit Court**
**2023CV003790**

**BY THE COURT:**

**DATE SIGNED: June 17, 2024**

Electronically signed by Gwendolyn G. Connolly
Circuit Court Judge

THIS IS A FINAL ORDER FOR THE PURPOSE OF APPEAL.

| | | |
|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **MILWAUKEE COUNTY** |
| | **BRANCH 44** | |

JAMES A. TRANDEL,

      Petitioner,

                                          Case No. 23CV3790

     v.

LABOR AND INDUSTRY REVIEW
COMMISSION and DEPARTMENT OF
WORKFORCE DEVELOPMENT,

      Respondents.

---

## DECISION AND ORDER

---

### INTRODUCTION

      The case comes before the Court on appeal from a decision made by the Department of Workforce Development ("DWD") and affirmed by the Labor and Industry Review Commission ("LIRC"), to determine if the Petitioner, James A. Trandel, should receive benefits from the state's unemployment insurance program. For the following reasons, having reviewed the Record and the submissions by the parties, the Court finds that it lacks competency to rule on the issue, as the Petitioner has failed to properly plead in necessary parties when challenging the validity of a statute.

      Therefore, the Court **DISMISSES** this action.

## PROCEDURAL BACKGROUND

On December 27, 2022, Mr. Trandel applied for unemployment insurance for the week ending December 31, 2022 (week 53). Doc.36:49-51. On December 29, 2022, the Department of Workforce Development (the "Department") issued a determination stating that unemployment insurance benefits were denied because Mr. Trandel was receiving social security disability payments. Doc. 30 at 30.

Mr. Trandel filed a timely appeal. Doc. 30 at 32. Following notice, a hearing was held before a Department administrative law judge acting as an appeal tribunal under Wis. Stat. § 108.09(3). Doc. 30 at 26. At issue was whether Mr. Trandel received social security disability insurance payments. *Id.* On April 11, 2023, the administrative law judge issued an appeal tribunal decision. Doc. 29 18-21. They affirmed the Department's determination, and likewise, held that Mr. Trandel was ineligible for unemployment insurance benefits because he was receiving social security disability insurance benefits. Doc. 29 at 21.

Mr. Trandel then petitioned LIRC for review of the appeal tribunal decision. Doc. 29 at 17. On May 5, 2023, LIRC issued a decision affirming the appeal tribunal decision. Doc. 29 at 2-3. LIRC's decision concluded that Mr. Trandel was ineligible for unemployment insurance benefits because he was receiving social security disability insurance benefits. Then, Mr. Trandel brought this action for judicial review of LIRC's May 5, 2023 decision. When he filed this action, Mr. Trandel named only LIRC and DWD as respondents.

LIRC filed a motion to dismiss for failure to state a claim upon which relief could be granted on June 2, 2023.  LIRC argued the claim for relief sought was not based on any of the three basis permitted under Wis. Stat. § 108.09(7)(c)(6). The Court denied that motion finding that the petition alleges sufficient facts to find that LIRC may have acted without or in excess of its power by enforcing an invalid statute.

This has led the parties to a full briefing of the issues to which the Court now addresses.

## LEGAL STANDARD

Judicial review of LIRC's decisions on unemployment insurance claims is governed by Wis. Stat. § 108.09(7).  The statute provides that a commission decision may only be set aside on the limited grounds:

a. That the commission acted without or in excess of its powers.

2

b. That the order or award was procured by fraud.

c. That the findings of fact by the commission do not support the order or award.

Wis. Stat. § 108.09(7)(c)6.

Whether an employee is entitled to unemployment benefits under Wis. Stat. ch. 108 generally presents both questions of fact and questions of law. *Nottelson v. DILHR*, 94 Wis. 2d 106, 115, 287 N.W.2d 763 (1980). *See also, Klatt v. LIRC*, 2003 WI App 197, ¶10, 266 Wis. 2d 1038, 669 N.W.2d 752.

## ANALYSIS

Mr. Trandel challenges Wis. Stat. § 108.04(12)(f) as being unconstitutional and preempted by federal law. LIRC argues that Mr. Trandel's action should be dismissed because he failed to establish that he served his pleadings on the attorney general, the speaker of the assembly, the president of the senate, or the senate majority leader. LIRC contends that service of these entities is a mandatory requirement to sustain the action under Wis. Stat. § 893.825.

Wis. Stat § 893.825, titled "Statutory Challenges", outlines who must be served regarding statutory challenges:

> (1) In an action in which a statute is alleged to be unconstitutional, or to be in violation of or preempted by federal law, or if the construction or validity of a statute is otherwise challenged, **the attorney general** shall be served with a copy of the proceeding and is entitled to be heard.

> (2)  In an action in which a statute is alleged to be unconstitutional, or to be in violation of or preempted by federal law, or if the construction or validity of a statute is otherwise challenged, **the speaker of the assembly, the president of the senate, and the senate majority leader** shall also be served with a copy of the proceeding and the assembly, the senate, and the joint committee on legislative organization are entitled to be heard.

(Emphasis added).

Courts have generally held that failure to comply with statutory requirements, particularly when they are central to the statutory scheme, deprive circuit courts of competency to proceed. *See Brandt v. LIRC*, 166 Wis. 2d 623, 627, 480 N.W.2d 494 (1992); *Miller Brewing Co. v. LIRC*, 173 Wis. 2d 700, 706 n.1., 495 N.W.2d 660 (1993). In analyzing the language of Wis. Stat. § 893.825, there can be no doubt that the requirement to serve the named parties is central to the

statutory scheme to challenge a statute regardless of the basis be it constitutional, preemption, or otherwise.

On several theories, Mr. Trandel argues that Wis. Stat. § 893.825 should have no bearing on this case. First, Mr. Trandel argues that LIRC and DWD did not raise noncompliance with Wis. Stat. § 893.825 in their answers or in their motion to dismiss.  Therefore, he asserts arguments related to its application have been waived. Notice requirements created by statutes, however, cannot be waived. *See Maple Grove Country Club Inc. v. Maple Grove Estates Sanitary Dist*., 2019 WI 43, ¶ 33, 386 Wis. 2d 425, 439, 926 N.W.2d 184, 192. Statutorily created notice requirements go to the jurisdiction of courts to hear a case. *See Bollhoffer v. Wolke*, 66 Wis. 2d 141, 223 N.W.2d 902 (1974), *Matter of Fessler's Est.*, 100 Wis. 2d 437, 302 N.W.2d 414 (1981), *abrogated on other grounds by Matter of Est. of Barthel*, 161 Wis. 2d 587, 468 N.W.2d 689 (1991); *O'Connell v. Blasius*, 82 Wis. 2d 728, 264 N.W.2d 561 (1978) (each case discussing the requirement of a party to serve the state attorney general when seeking a declaratory judgment that a statute is unconstitutional). A failure to comply with a statutorily required notice deprives a court of jurisdiction. "If it appears by motion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Wis. Stat. § 802.06.

In the alternative, Mr. Trandel argues that if the arguments have not been waived, the statute does not apply to the facts of this case on three different grounds:

1.  it exists outside the review process created by und Wis. Stat. § 108.09(7);
2.  it does not create an indispensable third party; and,
3.  the condition was satisfied by the filing of a brief with the attorney general in a different action.

Mr. Trandel's first alternative argument is that Wis. Stat. § 893.825 should not apply to unemployment cases under Wis. Stat. § 108.09(7). He argues that this would significantly change court review of all unemployment cases due to the unique procedures created by Wis. Stat. § 108.09(7) and the nature of the relationship between federal and state unemployment law. This is an overbroad statement on the effect that applying Wis. Stat. § 893.825 would have on unemployment cases. The majority of issues raised in the arena of unemployment law are whether the law was applied correctly, not if the law is unconstitutional, preempted, or otherwise invalid.  To that end, these unique challenges to unemployment law require the greater notice.

Next, Mr. Trandel argues that no indispensable third party is created by Wis. Stat. § 893.825. However, as highlighted by the Wisconsin Supreme Court, where there is a question as to the validity of a statewide issue, the Attorney General has the duty to protect the interests of the state and its citizens. *See O'Connell* , 82 Wis. 2d at 734-35 and *Fessler* 100 Wis. 2d 437 at 444. Thus, the Attorney General has right to be notified of any proceedings which might affect those interests. Thus, again, the Attorney General and the other individuals listed in Wis. Stat. § 893.825 are indispensable third parties.

Finally, Mr. Trandel claims the requirements of Wis. Stat. § 893.825 were satisfied, relying on *In re T.L.E.-C.,* 2020 WI App 39, 392 Wis. 2d 726, 946 N.W.2d 155, *aff'd*, 2021 WI 56, 960 N.W.2d 391.  In *In re T.L.E.-C.*, the Wisconsin Supreme Court implies that the service of a party's brief-in-chief to the listed entities is sufficient for service of "a copy of the proceedings. *Id.*, ¶ 16 n.10.  Mr. Trandel asserts that when he filed his brief in a federal case involving the Wisconsin Attorney General, he satisfied this requirement. However, even if service via a separate court filing was sufficient, which this court does not decide, there is no evidence to support that the remaining entities named in Wis. Stat. § 893.825 were also properly served. Therefore, the statutory requirements have still not been satisfied.

In conclusion, Wis. Stat. § 893.825 created a mandatory notice requirement when challenging whether a statute is constitutional, preempted, or otherwise invalid. The requirements have not been fulfilled by Mr. Trandel in this case. As a result, the Court lacks jurisdiction and competency to proceed in this action. Therefore, the Court must dismiss this action.

## **ORDER**

For all of the foregoing reasons: The Appeal is **DISMISSED**.

**SO ORDERED**

**THIS IS A FINAL ORDER OF THE COURT FOR THE PURPOSE OF APPEAL**