IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ, SARAH
JAMIESON, EVAN JOHNSON, TRACY
LONG, and CLIFFORD NEUMAN,

        Plaintiffs,

v.                                     Case No. 21-cv-560

AMY PECHACEK, in her official capacity
as Secretary-designee of the State of Wisconsin
Department of Workforce Development,

        Defendant.

---

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF
THEIR MOTION FOR CLASS CERTIFICATION**

---

The plaintiffs, by their attorneys undersigned hereby file this supplemental brief in support of their motion to certify the classes as set forth below:

**INTRODUCTION**

When the plaintiffs filed their motion to certify the classes on January 9, 2023, (Dct. 73, 76) the plaintiffs asked the court to certify two classes. The first class consisted of all Wisconsin workers who received Social Security Disability Insurance (SSDI) benefits from September 7, 2015, through the present who were also eligible for State of Wisconsin unemployment compensation insurance (UC) benefits but for their receipt of SSDI benefits. The second class consists of all Wisconsin workers who, from September 7, 2015, through the present, were compelled to repay UC benefits with interest or other penalties because they received SSDI benefits.

The plaintiffs seek to organize the classes into better categories without changing the overall number of individuals in the class. The plaintiffs seek to certify a class (or subclasses) of 1) individuals who, after September 15, 2015, applied for unemployment compensation benefits (UC) benefits in Wisconsin but were denied benefits because they received Social Security Disability Insurance (SSDI) benefits. The plaintiffs further seek to certify a class (or subclass) of all 2) individuals who, after September 7, 2015, were ordered to repay UC benefits they received because they also received SSDI benefits. The plaintiffs also seek to certify a class (or subclass) of 3) individuals who, after September 7, 2015, were ordered to pay a penalty because they received both SSDI benefits and UC benefits. Finally, the plaintiffs seek to certify a class of 4) all individuals who, after September 7, 2015, were eligible for UC benefits but were unlawfully deprived of the right to do so even if those class members did not apply.

It is worth repeating that the scope of the plaintiffs' original motion has not changed: The classes or classifications identified in this supplemental briefing are simply a better way to organize the classes or subclasses included in the original motion.

Additionally, the plaintiffs are truly *supplementing* their original briefing on this matter. They restate the original motion and the supporting briefs and documents as if set forth fully herein.

For the reasons set forth below, the Court should certify these classes as organized in this supplemental briefing.

I. **The class in this matter is so numerous that joinder of all members is impracticable.**

An important development since the original round of briefing is a stipulation reached between the parties. The parties have stipulated that putative classes are so numerous that joinder of all members would be impracticable: 1) All individuals who applied for and were ineligible to receive UC benefits in Wisconsin because they were receiving SSDI benefits, or 2) All individuals

who applied for and received UC benefits in Wisconsin but were ordered to repay those benefits, without a penalty, or 3) All individuals who applied for and received UC benefits in Wisconsin but were ordered to repay those benefits, with a penalty. Stipulation as to Numerosity of Putative Class, filed concurrently.

The only class or subclass not explicitly named in the stipulation with respect to numerosity would be the class of SSDI recipients who did not apply for benefits – those who were deprived of a right they had, even if they did not attempt to exercise it. The expert report of Fermstad and Brown (Dct. 74-1) establishes numerosity for this class. This class (or subclass) would consist of an average of 470 persons per year between 2016 and 2021. *Id.* Of course, some of that number would be included with those who applied for benefits, which is why those who applied should be considered a subclass if the class of those were denied the *right* to apply is certified. In other words, every year, there was a group of SSDI recipients who would have been eligible for UC benefits. Of that group, some applied for benefits and were explicitly denied benefits (or were ordered to repay benefits or were penalized). Others, while not explicitly deprived of benefits, were deprived of the *right* to apply by the statute. If the subgroup of this class satisfies the numerosity requirement (those who applied for benefits but were declared ineligible), then the group as a whole *must* satisfy it.

    II.    **There are questions of law or fact common to the class.**

Each class or subclass share common questions of law or fact. Every Wisconsin citizen who received SSDI benefits who would have also been eligible for UC benefits suffered the same harm: they were deprived of their right to apply for those benefits. In a case seeking injunctive relief such as this case, the statute's very existence stands as a fixed harm to every Wisconsin

citizen who received SSDI benefits while working, and who lost his or her job through no fault of his or her own. *Ezell v. City of Chicago*, 651 F.3d 684, 698-699 (7th Cir. 2011).

Some of that group simply did not apply at all. It does not change the fact that the statute deprived them of their eligibility rights. They should be provided with an opportunity to apply now.

Some of the group applied but were denied benefits, exclusively because they were ineligible. That group shares common questions of law and fact.

Some of the group applied for benefits and those benefits were granted, but later this subclass was ordered to repay the benefits, without a penalty. That group shares common questions of law and fact.

Some of that group applied for benefits and those benefits were granted, but later this subclass was ordered to repay the benefits, *with* a penalty. That group shares common questions of law and fact.

There are facts in common to all the class members, or members of subclasses. Accordingly, they should be certified.

### III. <u>**The claims of the representative parties are typical of the claims of the class.**</u>

In the earlier round of briefing, the class representatives established that at least some of them were typical of each harmed class. The plaintiffs supplement that briefing by noting that Scott Collett and Judy Fintz, at different times, simply did not apply for benefits to which they might have been entitled because of the eligibility ban. Complaint, paras. 53, 65, Dct. 1. Therefore, the class representatives are typical of at least one of each class or subclasses proposed by the plaintiffs.

IV. **The representative parties will fairly and adequately protect the interests of the class.**

The plaintiffs have no supplement to add to this section.

V. **If the class is not certified, there is a risk of inconsistent or dispositive adjudications.**

The plaintiffs wish to supplement this section only by referring to their concurrently filed brief in support of remedies. As noted in that briefing, the Department is still refusing benefits to applicants because of a ban this Court has said violates the Americans with Disabilities Act and the Rehabilitation Act. At the administrative level, there are already inconsistent adjudications. Only a judgment on a class-wide basis will eliminate these inconsistent adjudications.

## CONCLUSION

For the reasons cited above, the Court should certify the above-described classes or subclasses in this case.

Submitted this 22nd day of January, 2025.

**GINGRAS, THOMSEN & WACHS, LLP**

*/s/ Paul A. Kinne*
Paul A. Kinne (SBN: 1021493)
Riley C. Leonard (SBN: 1101452)
8150 Excelsior Drive
Madison, WI 53717
Tel: (608) 833-2632
Kinne@gtwlawyers.com
rleonard@gtwlawyers.com

**VICTOR FORBERGER, ESQ.**

*/s/ Victor Forberger*
Victor Forberger (SBN: 1070634)
2509 Van Hise Ave

Madison, WI 53705
Tel: (608) 352-0138
Forberger@fastmail.fm


**AXLEY BRYNELSON, LLP**

*/s/ Heath Straka*
Heath Straka (SBN: 1031351)
2 E. Mifflin Street, Ste. 200
Madison, WI 53701
Tel: (608) 283-6755
HStraka@axley.com

***Attorneys for plaintiffs***