IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ, SARAH
JAMIESON, EVAN JOHNSON, TRACY
LONG, and CLIFFORD NEUMAN,

            Plaintiffs,

v.    Case No. 21-cv-560

AMY PECHACEK, in her official capacity
as Secretary-designee of the State of Wisconsin
Department of Workforce Development,

            Defendant.

---

PLAINTIFFS' BRIEF ON REMEDIES

---

Plaintiffs Brian Bemke, Scott Collet, John Feriozzi, Judy Fintz, Sarah Jamieson, Evan Johnson, Tracy Long and Clifford Neuman, by their attorneys undersigned, hereby submit the following brief on proper remedies.

I.      INTRODUCTION.

The Court has given the parties an opportunity to brief the appropriate remedies in this matter. For the reasons set forth below, the Court should order the following relief: 1) The Court should enjoin the defendant from enforcing the eligibility ban found in Wis. Stats. sec. 108.04(12)(f). 2) The Court should order the defendant to provide hearings for all those who would have been entitled to a hearing but for the unlawful ban to determine whether the class member was entitled to benefits, and if so, the amount of the benefits. 3) The Court should compel the defendant to disgorge any benefits it ordered class members to repay. 4) The Court should compel the defendant to disgorge any penalty amounts it ordered the class members to

pay. 5) Any back-benefit awards or reimbursement amounts should include an award of interest at the statutory rates.

Furthermore, the Court should not require the Department of Workforce Development to offset Social Security Disability Insurance benefits from unemployment compensation benefits. Instead, it should defer to the state legislature. As the statute reads now, there is no specific offset provision, and this Court should not create that legislation.

II. EQUITABLE RELIEF IS APPROPRIATE IN THIS CASE TO PREVENT THE DISABILITY DISCRIMINATION PERPETRATED BY WIS. STATS. SEC. 108.04(12)(f).

The purpose of equitable relief is to restore the injured party to the position where that party would have been but for the wrongful conduct. *Cantrell v. Morris*, 2005 U.S. Dist. LEXIS 42397, *10 (N.D. Ill.), *Watson v. Potter*, 2002 U.S. Dist. LEXIS 16743 *13 (N.D. Ill.).

The case of *Jenkins v. Bowling*, 1981 U.S. Dist. LEXIS 11326 (N.D. Ill.) provides an excellent roadmap for this court in fashioning relief in this case. In *Jenkins*, the State of Illinois prohibited otherwise eligible recipients of unemployment compensation from receiving benefits if they were charged with a work-related felony or theft, without a chance to be heard. *Jenkins*, at *3-4. The impacted plaintiffs filed a class action lawsuit. *Jenkins*, at *1.

The district court in *Jenkins* held that the Illinois statute violated the Social Security Act. *Jenkins*, at *11-12, 16. The district court enjoined continued enforcement of the unlawful part of the Illinois statute, and the defendants were required to provide notice to impacted parties. *Jenkins*, at *16-17. The *Jenkins* court ordered the defendants to provide hearings to the impacted parties. *Jenkins*, at *17-19.

The *Jenkins* case has many similarities to the case at bar, and this Court should follow the *Jenkins* model by ordering the following relief.

III.   THE COURT SHOULD ENJOIN THE DEFENDANT FROM ENFORCING THE ELIGIBILITY BAN.

Enjoining unlawful conduct is a form of equitable relief. *SEC v. Lipson*, 278 F.3d 656, 662 (7th Cir. 2002), *United States SEC v. Battoo*, 158 F.Supp.3d 676, 691 (N.D. Ill. 2016). The Court should enjoin the Department from enforcing the statute in a manner that discriminates against disabled persons. That is, the Court should prohibit the Department from summarily declaring a recipient of Social Security Disability Insurance (SSDI) benefits from being ineligible for unemployment compensation benefits for the reasons set forth in sec. 108.04(12)(f)(3).

Incredibly, the Department is still informing SSDI benefits recipients that they are not eligible to receive benefits, despite the Court's July 17, 2024, partial summary judgment in plaintiffs' favor, ruling that that the statute discriminated against the disabled. Class representatives Judy Fintz, Brian Bemke and Clifford Neuman have been denied unemployment benefits after the Court's July 17, 2024, summary judgment decision because Fintz, Bemke and Neuman received SSDI benefits. Forberger decl., paras. 3, 4, 5. Likewise, putative class members Treena Rose and James Trandel have been denied benefits after July 17, 2024, because they received SSDI benefits. Forberger decl., para. 6. One form of equitable relief must be an order from this Court prohibiting the defendant from enforcing a statute this Court has held to be in violation of the Rehabilitation Act and the ADA.

IV.   THE COURT SHOULD COMPEL THE DEFENDANT TO PROVIDE HEARINGS FOR THOSE DEPRIVED OF BENEFITS BECAUSE OF THEIR DISABILITY.

Mandating that a hearing be held is a form of equitable relief. *Fenje v. Feld*, 2002 U.S. Dist. LEXIS 9492, *9 (N.D. Ill.). ("[I]n exercising equity to fashion appropriate equitable relief, it may be found that the appropriate relief is to order that a hearing be held, with plaintiff also being entitled to any damages having a causal connection to the delay in providing a hearing").

3

Every class representative – Brian Bemke, Judy Fintz, Scott Collett, John Feriozzi, Sarah Jamieson, Evan Johnson, Tracy Long and Clifford Neuman - like those similarly situated in the class, were summarily ruled ineligible for benefits because they received SSDI benefits. Collett and Fintz, at different times, simply did not apply for benefits to which they might have been entitled because of the eligibility ban. Complaint, paras. 53, 65, Dct. 1. As the Court has already held, this deprivation was actually disability discrimination. If the class representatives and the putative class members had not been disabled, they would have been entitled to a hearing to determine their eligibility for unemployment compensation benefits. Accordingly, a proper remedy – the remedy that would make these class members whole – would be to provide them with the hearing they were denied determining how much, if any, benefits to which they were entitled.

As the Court ordered in *Jenkins*, the Department should be compelled to provide notice to every applicant deprived of a chance to show that he or she was entitled to benefits. Then, the Department should be compelled to provide hearings to those deprived of benefits, again following the remedies provided in *Jenkins*.

Presumably, that would result in the award of benefits to a large portion of the class members. Payment of benefits owed would be a form of back pay, and back pay is considered an equitable remedy under the federal anti-discrimination statutes. *Watson v. Potter*, 2002 U.S. Dist. LEXIS 16743, *24 (N.D. Ill.), 42 U.S.C. sec. 12117(a). The purpose of the anti-discrimination statutes is to make injured parties whole, and to effectuate this make whole objective, Congress vested in the federal courts broad equitable discretion to order such affirmative action as may be appropriate. *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 763, 96 S.Ct. 1251, 1263-1264 (1976).

4

If there is a benefit award, then interest should also be paid on the award from the time of the wrongful denial or ineligibility through the time of the award. The Seventh Circuit has long applied a presumption favor of awarding prejudgment interest to victims of federal law violations. *FDIC v. Chi. Title Ins. Co.*, 12 F.4th 676 (7th Cir. 2021). Interest should be awarded unless there is a sound reason not to do so. *Id*. Compensation deferred is compensation reduced by the time value of money, so prejudgment interest is usually an ingredient of full compensation. *Id*. The interest rate to any award received by class members, whether in the form of benefits paid after a hearing, in the form of repaid benefits or in the form of reimbursed penalties, should be at an annual rate equal to one percent plus the prime rate in effect on January 1 of the year in which judgment is entered in this case. Wis. Stats., secs. 814.04(4), 815.05(8).

V. THE COURT SHOULD ORDER THE DEFENDANT TO REPAY ANY AWARDED BENEFITS THAT THE DEFENDANT REQUIRED THE CLASS MEMBERS TO REPAY.

At least some of the class was initially paid benefits but then the Department compelled those class members to repay benefits to the defendant. Bemke, Collett, Jamieson and Long were all compelled to repay unemployment benefits they received because they were also receiving SSDI benefits. Complaint, paras. 2, 3, 6, 8, Dct. 1. Other, putative class members were similarly impacted. These forfeited benefits should be repaid ("disgorged"), irrespective of any hearing provided, because these class members already received a hearing and established their entitlement to the benefits but for their receipt of SSDI benefits. Disgorgement, a form of restitution, is an equitable remedy. *Mondry v. A. Family Mut. Ins. Co.*, 557 F.3d 781, 806 (7th Cir. 2009), *FTC v. Febre*, 128 F.3d 530, 537 (7th Cir. 1997), *Lipson*, 278 F.3d at 662, *Battoo*, 158 F.Supp.3d at 691.

For the reasons stated above, and based on the same authority, the Court should order interest paid on any disgorged benefits. Specifically, the defendant should identify all impacted class members, calculate the interest, and disgorge the amount of the benefits with appropriate interest to the impacted class member.

VI. THE COURT SHOULD ORDER THE DEFENDANT TO REPAY ANY PENALTIES ASSOCIATED WITH THE RECEIPT OF BENEFITS THAT THE DEFENDANT REQUIRED THE CLASS MEMBERS TO REPAY.

Some class members were required to pay a penalty because they received benefits when the Department concluded that they were actually ineligible. Long was required to pay a penalty because she received unemployment benefits at the same time she received SSDI benefits. Complaint para. 91, Dct. 1. Just as the Court should order the repayment of the benefits that class members were compelled to be repaid, it should order the repayment of penalties associated with the receipt of unemployment compensation benefits. Any penalty that was imposed was intrinsically linked to an unlawful statute. Penalties formed a layer of discrimination on top of the discrimination of being ineligible to receive benefits because of the class member's disability.

For the reasons stated above, and based on the same authority, the Court should order interest paid on any disgorged penalty repayments.

VII. THE COURT SHOULD NOT ORDER EITHER OFFSETS OR DEDUCTIONS: THAT IS FOR THE STATE OF WISCONSIN LEGISLATURE TO DECIDE.

In its order on summary judgment, the Court invited briefing on whether offsets or deductions should be imposed. When a law is declared invalid, courts should leave it to the legislature to remedy the defective statute as it sees fit. *Bell v. Keating*, 697 F.3d 445, 464 (7th Cir. 2012). Federal courts are loath to rewrite state statutes to save them. *Tallman v. United States*, 465 F.2d 282, 285 (7th Cir. 1972). *See also Wynn v. Carey*, 599 F.2d 193, 194-195 (7th Cir. 1979).

While it is true that the statute's ostensible purpose was to prevent the receipt of duplicative benefits, the Court should simply order the payment of benefits without offsets or deductions until and unless the State of Wisconsin legislature orders offsets, deductions or decides that it is the best policy to order neither. Only this approach would match the actual language in the statute.

No state currently has a 100 percent permanent offset for SSDI benefits against unemployment benefits. In its July 17, 2024 decision, the cases to which the Court cited were antiquated and were decided in a context in which states were applying general offsets to Social Security retirement benefits as well as SSDI benefits. In *Virginia Employment Comm'n v. Nunery*, 24 Va. App. 617, 484 S.E.2d 609 (1997), the court held that an offset of SSDI benefits was allowed pursuant to the general offset of Social Security benefits then in place in Virginia state law. *Nunery*, 24 Va. App. at 626-627, 484 S.E.2d at 613-614. In 2003, the Virginia legislature amended the offset provision in Vir. Stats. § 60.2-604 for Social Security benefits to 50 percent, (2003 Va.L. ch. 534) and eliminated the offset completely via 2005 Va.L. ch.1 ("the weekly benefit amount payable to an individual for any week shall not be reduced by any amount of Social Security Act or Railroad Retirement Act retirement benefits received by such individual and attributable to such week"). In *Florence v. Dep't of Workforce Servs.*, 35 P.3d 1148 (Utah Ct. App. 2001), the court held that a general pension offset that included 100 percent of Social Security benefits also applied to SSDI benefits. *Florence*, 35 P.3d at para. 9. Utah has since amended this offset requirement to a 50 percent offset for Social Security benefits in 2003, Utah Code § 35A-4-401(2)(c)(ii), and to zero after 2003 (as Social Security benefits are re-classified as a retirement benefit) for unemployment benefits, Utah Code § 35A-4-401(2)(c)(iii) In *Cericalo v. Indus. Claim Appeals Office of State of Colo.*, 114 P.3d 100, 102 (Colo. App. 2005), the court held that a 50 percent offset against SSDI benefits was valid per the general, FUTA (Federal Unemployment Tax Act) provisions that allow for offsets of Social Security benefits. Colorado has since repealed any offset of Social Security benefits when receiving unemployment

benefits. *See* Col.L. 2009, (HB 09-1076), ch. 408, p. 2248, § 1, effective June 2, 2009 (repealing 8-73-110(3)(a)). Hence, all the offset provisions originally enacted were tied to Social Security offsets in general and have since been repealed a decade or more ago through legislative action.

Minnesota is an excellent model for this Court to follow. In *Huston v. Comm'r of Empl. & Econ. Dev.*, 672 N.W.2d 606 (Ct. App. Minn. 2003), the Minnesota Court of Appeals held that the plaintiff's award, if any, was subject to offsets because the statute at the time explicitly called for them. *Huston*, 672 N.W.2d at 611. At the same time, the Huston court noted the deficiencies in the discriminatory statute required attention from the state legislature, not the court. *Id.* Taking its cue from the *Huston* court, the Minnesota legislature rewrote the offending section of its unemployment compensation statutes, modifying offset requirements, and finally doing away with offsets altogether. Minn. Stats. Sec. 268.085(4)(4a).

At the time of the *Huston* decision, Minnesota also had a 50 percent offset provision for all Social Security benefits. Minn. Stat. § 268.085, subd. 4(b) ("There shall be deducted from an applicant's weekly unemployment benefit amount 50 percent of the weekly equivalent of the primary social security old age or disability benefit the applicant has received, has filed for, or intends to file for, with respect to that week."). In 2021, Minnesota repealed completely the offset provision for Social Security benefits in Minn. Stat. § 268.085, subd. 4, *see* 2021 Minn. 1st Special Sess. c.10 art 4 § 9, and removed any deduction for SSDI benefits in Minn. Stat. § 268.085, subd. 4a, when unemployment claimants have been found eligible for SSDI benefits when they were working, or a medical provider certified the claimant as able and available for work, *see* 2021 Minn. 1st Special Sess. c.10, art 4 § 3. As such, no state apparently has, at present, any offset provision for SSDI benefits that applies to unemployment benefits.

This Court should follow the *Huston* court. It should allow the legislature to determine if offsets or deduction or neither should be allowed. And if deductions or offsets are allowed, the Court should permit Wisconsin's legislature to make that determination.

VIII. CONCLUSION.

For the reasons stated above, the Court should grant the following relief: 1) The Court should enjoin the defendant from enforcing the eligibility ban found in Wis. Stats. sec. 108.04(12)(f). 2) The Court should order the defendant to provide hearings for all those who would have been entitled to a hearing but for the unlawful ban to determine whether the class member was entitled to benefits, and if so, the amount of the benefits. 3) The Court should compel the defendant to disgorge any benefits it ordered class members to repay. 4) The Court should compel the defendant to disgorge any penalty amounts it ordered the class members to pay. 5) Any back benefit awards or reimbursement amounts should include an award of interest at the statutory rates.

Additionally, the Court should not impose offsets, instead leaving that issue to the state legislature to develop on its own initiative and in consideration of the many forms and processes by which offsets can be applied.

Submitted this 22 day of January, 2025.

**GINGRAS, THOMSEN & WACHS, LLP**

*/s/ Paul A. Kinne*
Paul A. Kinne
SBN: 1021493
Riley C. Leonard
SBN: 1101452
8150 Excelsior Drive
Madison, WI 53717
kinne@gtwlawyers.com
rleonard@gtwlawyers.com

**AXLEY BRYNELSON, LLP**

*/s/ Heath P. Straka*
Heath P. Straka
SBN: 1031351
2 E Mifflin Street, Ste. 200
Madison, WI 53701
hstraka@axley.com



**VICTOR FORBERGER, ESQ.**

*/s/ Victor J. Forberger*
Victor J. Forberger
SBN: 1070634
2509 Van Hise Ave
Madison, WI 53705
vforberger@fastmail.fm