IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN BEMKE, et al.,

    Plaintiffs,

v.                                             Case No. 21-CV-560

AMY PECHACEK,

    Defendant.

**DEFENDANT'S BRIEF REGARDING REMEDIES**

**INTRODUCTION**

Plaintiffs' requests for monetary remedies and hearings are contrary to law. The parties, however, generally agree that an injunction may be appropriate.

First, this Court should deny Plaintiffs' requests for monetary remedies because they are barred by the Eleventh Amendment. The general rule that a federal court cannot order a state official sued in her official capacity to pay money damages for past injuries applies here and bars Plaintiffs' requested remedies of monetary compensation for (1) unemployment benefits that putative class members were ordered to repay, (2) penalties, and (3) interest. Plaintiffs ceded this point in summary-judgment briefing, cite no on-point authority to the contrary, and courts reject attempts to label barred monetary

relief as equitable relief. To the extent Plaintiffs' request for retroactive administrative hearings would result in the payment of money, that relief is also barred by the Eleventh Amendment.

Second, Plaintiffs' request for hearings for putative class members who were denied unemployment benefits because they received SSDI payments cannot be granted for an additional reason: that remedy would violate state law governing when a party may request a hearing as to the Department of Workforce Development's (DWD) determination of benefits. Specifically, Wis. Stat. § 108.09(2r) provides that a party may request a hearing as to a determination of benefits if the request is "received by an appeal tribunal or postmarked within 14 days after a copy of the determination was delivered electronically, mailed, or given to the party, whichever first occurs." Some putative class members have not filed a claim and received an initial determination, so there would be no basis for a hearing. The other putative class members are well beyond the 14-day deadline to request a hearing, and this Court should not fashion a remedy that would nullify a state statute that Plaintiffs have not challenged.

Third, Defendants agree with Plaintiffs that offsets are an inappropriate remedy. The state statutes do not provide for offsets for SSDI benefits received, and this Court would be effectively rewriting state law to require them. It should instead defer to the legislative process.

Lastly, if this Court's summary-judgment ruling is correct, an injunction against Defendant enforcing the challenged laws is appropriate. To the extent an injunction is ordered, Defendant requests, for ease of administrative purposes, that it specify that it becomes effective on a Sunday because unemployment insurance benefits are paid weekly, Sunday through Saturday. Wis. Stat. § 108.02(27) (defining what a "week" is in Wis. Stat. ch. 108).

## ARGUMENT

### I. Plaintiffs' requests for money payments from a state official sued in her official capacity are barred by the Eleventh Amendment.

Plaintiffs request the following relief from the Secretary-designee of the Department of Workforce Development: (1) an order enjoining Defendant from enforcing the challenged laws; (2) an order requiring hearings for those who were denied unemployment benefits due to the challenged laws; (3) money payments to putative class members who were ordered to repay unemployment benefits; (4) money payments to putative class members who were ordered to pay penalties; and (5) money payments of interest. (Dkt. 97:1–2.) Their requests (3) through (5) are barred by the Eleventh Amendment, as is request (2), to the extent that it seeks an order for retroactive payments of benefits.

### A. Eleventh Amendment principles

"[T]he Eleventh Amendment guarantees that an 'unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Bd. of Regents of Univ. of Wis. Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 457 (7th Cir. 2011) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974)). If "properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Council 31 of the Am. Fed. of State, Cnty. & Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 881 (7th Cir. 2012) (citation omitted).

"The *Ex parte Young* doctrine 'allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law.'" *Id.* at 882 (citation omitted). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (citation omitted). However, "*Ex parte Young* cannot be used to obtain an injunction requiring the payment of funds from the State's treasury." *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 256–57 (2011) (citing *Edelman v. Jordan*, 415 U.S. at 666).

*McDonough Associates, Inc. v. Grunloh*, 722 F.3d 1043 (7th Cir. 2013), teaches that "[a] payment of state funds, however, that is not 'a necessary consequence of compliance in the future with a substantive federal-question determination,' is not permitted." *Id.* at 1050 (quoting *Edelman v. Jordan*, 415 U.S. at 668). The Seventh Circuit has made it clear that "courts may enjoin ongoing behavior by state officials that violates federal law" and may "order state officials to act in a certain manner going forward that may cost the state money to implement." *Id.* "They may not, however, direct a state to make payments to resolve a private debt or to remedy a past injury to a private party." *Id.* at 1050–51.

**B.  Plaintiffs conceded that the Eleventh Amendment bars monetary relief and have not briefed the issue here.**

This Court explained in its summary-judgment decision that "plaintiffs agree that the Eleventh Amendment would bar any monetary judgment." (Dkt. 93:11 (citing Dkt. 63:19).) They conceded the point, yet they now argue for forms of monetary relief in their remedies brief. (Dkt. 97:5 ("the court should order the defendant to repay any awarded benefits that the defendant required the class members to repay"), 6 ("the court should order the defendant to repay any penalties associated with the receipt of benefits that the defendant required the class members to repay"), 5 ("[i]f there is a benefit award, then interest should also be paid on the award").)

5

Specifically, Plaintiffs conceded in summary-judgment briefing that "relief in this case cannot come in the form of an order for the defendant to repay benefits" and that the relief they sought was "an order allowing [them] to apply for benefits to which they would have otherwise been entitled." (Dkt. 63:19.) Plaintiffs "do not contest that they are not directly entitled to repayment of past benefits as relief." (Dkt. 63:19.) This Court should hold Plaintiffs to their concession that monetary relief is unavailable. *Cf. Levinson v. United States*, 969 F.2d 260, 264 (7th Cir. 1992) ("Judicial estoppel prevents a party that has taken one position in litigating a particular set of facts" and prevail under that position "from later reversing its position when it is to its advantage to do so.").

Lastly, Plaintiffs did not address the Eleventh Amendment, *Ex parte Young*, or authority for this Court to find an exception to sovereign immunity in their remedies brief. (Dkt. 97:1–10); *United States v. Olano*, 507 U.S. 725, 733 (1993) ("forfeiture is the failure to make the timely assertion of a right"). They should not be allowed to raise those issues for the first time in their reply when "the district court is entitled to find that an argument raised for the first time in a reply is forfeited." *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009).

### C. Under binding precedent, Plaintiffs cannot obtain an order from this Court directing Defendant to make payments, even if they characterize the payments as disgorgement of funds or a form of equitable relief.

Plaintiffs cannot obtain money payments from the State even if they characterize the payments as disgorgement of funds or a form of equitable relief. (Dkt. 97:1 ("disgorge any benefits," "disgorge any penalty amounts"), 5 ("Disgorgement, a form of restitution, is an equitable remedy.").) The Eleventh Amendment bars their requests for retrospective monetary relief, regardless of the labels they apply to them. As one district judge aptly put it, plaintiffs "cannot avoid Eleventh Amendment immunity by dressing up their claim for relief as an equitable remedy." *Am. Shooting Center, Inc. v. Secfor Int'l*, No. 13cv1847 BTM(JMA), 2016 WL 3952130, *2 (S.D. Cal. July 22, 2016).

In *Edelman*, the Supreme Court held that the Eleventh Amendment barred the recovery of "equitable restitution" in the form of the retroactive release and payment of aid benefits wrongfully withheld by the State of Illinois. 415 U.S. at 663–65. The Court explained that the funds to satisfy such an award would inevitably be paid from the general revenues of the State of Illinois, not the pocket of the petitioner Edelman, and that such relief would run afoul of the Eleventh Amendment. *Id.* at 665. Responding to the argument that the award was in the form of "equitable restitution," the Supreme Court refused to "read *Ex parte Young* or subsequent holdings of this Court to

7

indicate that any form of relief may be awarded against a state officer, no matter how closely it may in practice resemble a money judgment payable out of the state treasury, so long as the relief may be labeled 'equitable' in nature." *Id.* at 666. "The Court's opinion in *Ex parte Young* hewed to no such line." *Id.*

The Court went on to explain that, despite characterizing a "retroactive award of monetary relief as a form of 'equitable restitution,' it is in practical effect indistinguishable in many aspects from an award of damages against the State." *Id.* at 668. "It will to a virtual certainty be paid from state funds, and not from the pockets of the individual state officials who were the defendants in the action." *Id.* "It is measured in terms of a monetary loss resulting from a past breach of a legal duty on the party of the defendant state officials." *Id.*

The same is true of Plaintiffs' requests for monetary relief here. The relief sought would be cash payments for what Plaintiffs assert are past losses to them personally that would be money paid directly by the state. This form of backward-looking, monetary relief is barred by the Eleventh Amendment. *See id.* at 663–68; *McDonough Assocs.*, 722 F.3d at 1050–51. And to the extent that Plaintiffs' request number (2) for administrative hearings to obtain an order for the payment of retroactive benefits, it is also barred by the Eleventh Amendment.

Further, Plaintiffs' claim for penalties paid by putative class members is undermined by Wis. Stat. § 108.04(2)(h), which provides that a claimant "shall" "inform the department whether he or she is receiving social security disability insurance payments." If a claimant intentionally failed to do so and was penalized, that penalty would have to do with the fraudulent act of not reporting, not with the mere receipt of SSDI. There would be no basis to recover those lawful penalties, even if doing so were not barred by the Eleventh Amendment.

Additionally, state law prohibits DWD from paying interest on benefits payments. Wisconsin Stat. § 108.16(10m) provides that "[e]xcept as provided in s. 108.17(3m), the department shall not pay any interest on any benefit payment or any refund, or collect any interest on any benefit overpayment." Plaintiffs did not challenge this statute in this case.

Lastly, the cases on which Plaintiffs rely, (Doc. 97:5), are inapt because they did not involve a claim of Eleventh Amendment immunity. *See Mondry v. Am. Fam. Mut. Ins. Co.*, 557 F.3d 781 (7th Cir. 2009); *SEC v. Lipson*, 278 F.3d 656 (7th Cir. 2002); *FTC v. Febre*, 128 F.3d 530 (7th Cir. 1997); *U.S. SEC v. Battoo*, 158 F.Supp.3d 676 (N.D. Ill. 2016). Plaintiffs cite no authority to depart from the general rule that the Eleventh Amendment bars requests for retrospective monetary relief that would be paid from the State's treasury, regardless of whether they are claimed to be "equitable."

Plaintiffs' requests (3) through (5) are barred by the Eleventh Amendment, as is their request (2), to the extent that they seek hearings to determine a right to retroactive payment of benefits.

**II. Plaintiffs' request for hearings before the Department of Workforce Development seeks retrospective relief and is inconsistent with state law.**

Plaintiffs' second request for relief is that "[t]he Court should order the defendant to provide hearings for all those who would have been entitled to a hearing but for the unlawful ban to determine whether the class member was entitled to benefits, and if so, the amount of the benefits." (Doc. 97:1.) This request is barred by the Eleventh Amendment to the extent that the hearing is just a back-door way to require payments from the state. That appears to be Plaintiffs' intent: the hearing would "determine[e] how much, if any, benefits to which they were entitled." (Dkt. 97:4.)

A court can order a hearing as a remedy on a due process claim where the lack of a hearing violated due process, as in the case Plaintiffs cite, *Fenje v. Feld*, No. 01 C 9684, 2002 WL 1160158, at *1 (N.D. Ill. May 29, 2002). Here, the court granted summary judgment to Defendant on Plaintiffs' due process claim. (Dkt. 93:10.) Hearings would only serve as a step to an award of money; they are not remedying a lack of due process.

In addition, this request is for retrospective relief. Plaintiffs contend that the hearings would focus on the amount of benefits they were entitled to in the

10

past. (Dkt. 97:4.) Wisconsin has a procedure for hearings. Wisconsin Stat. § 108.09 governs the filing and settlement of unemployment-benefits claims. DWD determines benefits under Wis. Stat. § 108.09(2) and provides a determination to the claimant and the employer. Had those hearings occurred in the past, Plaintiffs' claims would have been denied under state law. They are now asking for new hearings in which DWD will apply this Court's ruling to their claims and pay them money. That is retrospective relief, all with the aim of securing a payment from the state in violation of *Ex parte Young*.

Further, the time for such hearings has long since passed, showing the retrospective nature of this request. Under Wis. Stat. § 108.09(2r), "[a]ny party to a determination"—including both the claimant and employer—"may request a hearing as to any matter in that determination if the request is made in accordance with the procedure prescribed by the department *and is received by an appeal tribunal or postmarked within 14 days after a copy of the determination was delivered electronically, mailed, or given to the party, whichever first occurs*." Plaintiffs are not challenging the 14-day deadline in Wis. Stat. § 108.09(2r). Their request for this Court to order hearings for putative class members would directly run afoul of the statutory deadline—this Court would be making up a retroactive procedure for hearings that is inconsistent with state law.

11

Lastly, Plaintiff seek hearings for all putative class members, but some of them have not filed a claim and received an initial determination, so there would be no basis for a hearing. The other putative class members are seeking hearings several years after DWD unemployment insurance determinations were made, which makes little practical sense. The evidence related to such claims may be forgotten, lost, or nonexistent at this point. Ordering hearings would be impracticable, in addition to being barred by *Ex parte Young* and state law's timing requirements.

III. **The parties agree that this Court cannot order offsets or reductions of unemployment benefits due to the receipt of SSDI benefits.**

The parties agree that ordering offsets or deductions of unemployment insurance due to the receipt of SSDI benefits is inappropriate. As Plaintiffs correctly argue, "[w]hen a law is declared invalid, courts should leave it to the legislature to remedy the defective statute as it sees fit." (Doc. 97:6.) Here, implementing offsets or deductions would require state law to be rewritten, which this Court has no power to do.

"A federal injunction does not erase an unconstitutional state law from existence; federal courts cannot repeal state laws." *Driftless Area Land Conservancy v. Valcq,* 16 F.4th 508, 521 (7th Cir. 2021). "Rather, a federal injunction prevents state officials from enforcing the challenged statute, regulation, or agency action in the future based on its incompatibility with

federal law." *Id* at 522. "An injunction operates on the enjoined officials; the law, regulation, or agency action remains on the books, and if the injunction is lifted by the issuing court, overturned by a higher court, or superseded by federal law, it resumes effect." *Id.*

Wisconsin Stat. § 108.04(12)(f)3. does not provide for offsets or deductions. Instead, the statute provides that "an individual *is ineligible for benefits* under this chapter for each week in the entire month in which a social security disability insurance payment is issued to the individual." Wis. Stat. § 108.04(12)(f)3.a. The statute does not include any severability clause indicating what should happen if the provision is struck down by a court.

In sum, this Court should not order offsets or deductions of unemployment insurance against SSDI benefits received.

## IV. If this Court's summary-judgment ruling is correct, an injunction against Defendant is an appropriate remedy.

Finally, if this Court's summary-judgment ruling is correct, an injunction against Defendant from enforcing the challenged laws is an appropriate remedy. To the extent an injunction is ordered, Defendant requests, for ease of administration, that it specify that it becomes effective on a Sunday because unemployment insurance benefits are paid weekly, Sunday through Saturday. Wis. Stat. § 108.02(27) (defining what a "week" is in Wis. Stat. ch. 108).

13

## CONCLUSION

Plaintiffs' requests for money damages are barred by the Eleventh Amendment, including their request for administrative hearings that ultimately seek money payments. The Court should deny Plaintiffs' request for hearings on another ground—it is inconsistent with timing rules in state law and altogether impractical. Offsets are an inappropriate and unavailable remedy. Defendant does not object to an injunction against enforcing the challenged laws if this Court's summary-judgment ruling is correct.

Dated this 21st day of February 2025.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/ Clayton P. Kawski
CLAYTON P. KAWSKI
Assistant Attorney General
State Bar #1066228

STEVEN C. KILPATRICK
Assistant Attorney General
State Bar #1025452

KARLA Z. KECKHAVER
Assistant Attorney General
State Bar # 1028242

Attorneys for Defendant Amy Pechacek

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8549 (Kawski)
(608) 266-1792 (Kilpatrick)
(608) 264-6365 (Keckhaver)
(608) 294-2907 (Fax)
kawskicp@doj.state.wi.us
kilpatricksc@doj.state.wi.us
keckhaverkz@doj.state.wi.us