IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN BEMKE, et al.,

    Plaintiffs,

v.                                                          Case No. 21-CV-560

AMY PECHACEK,

    Defendant.

---

**DEFENDANT'S BRIEF IN OPPOSITION TO CLASS CERTIFICATION**

---

## INTRODUCTION

This Court concluded that Wis. Stat. § 108.04(12)(f)—which prohibits individuals who are receiving social security disability insurance (SSDI) benefits from also receiving unemployment insurance (UI) benefits—has a disparate impact on individuals with disabilities in violation of the Americans with Disabilities Act (ADA) and Rehabilitation Act. Plaintiffs now seek to certify a class for the purposes of remedy.

Plaintiffs propose four classes. The first consists of those who applied for and were denied UI benefits. The second consists of those who were ordered to repay UI benefits due to receipt of SSDI benefits. The third consists of those

who were ordered to pay a penalty[1] because they received both SSDI and UI benefits. And the fourth consists of those who were eligible for UI benefits but never applied for them. For each proposed class, Plaintiffs seek to include class members going back to September 7, 2015, six years before the date of filing this lawsuit.

Plaintiffs fail to meet the Rule 23 prerequisites for the purported class of those who never applied. They have not provided sufficient evidence of that group's numerosity. And that group lacks commonality and is not discernable because there is no way to know who would be included or that they did not apply for UI benefits solely because of their receipt of SSDI. In addition, all the named Plaintiffs *did* apply for UI benefits, so their claims are not typical of those in the group that never applied.

The named Plaintiffs' claims are also not typical of the claims of putative class members who were ordered to pay a penalty because none of the named Plaintiffs paid a penalty. Their claims are also not typical of those whose claims arose more than three years before the filing date of this lawsuit. For similar reasons, Plaintiffs are also not adequate representatives for class members in those groups.

---

[1] Such a penalty is assessed only for the fraudulent act of not reporting SSDI payments, as required by Wis. Stat. § 108.04(2)(h).

Finally, there is no risk of inconsistent adjudications without class certification because once this Court determines the appropriate remedy, Defendant will act consistent with that remedy.

Plaintiffs have not met their burden to show that class certification is appropriate for their proposed classes, *except* for the class of individuals who, after September 7, 2018, applied for UI benefits in Wisconsin and were denied benefits or were ordered to repay benefits because they received SSDI benefits. That class, however, would not be entitled to monetary compensation, for the reasons explained in Defendant's brief on remedies. At most, they would be entitled to notice that Wis. Stat. § 108.04(12)(f) no longer prohibits class members and others receiving SSDI benefits from also receiving UI benefits, if eligible, moving forward.

## RELEVANT BACKGROUND

This lawsuit involves a challenge to Wis. Stat. § 108.04(12)(f), which prohibits individuals who are receiving SSDI benefits from also receiving UI benefits.

### I. Plaintiffs were denied or compelled to repay UI benefits because of Wis. Stat. § 108.04(12)(f).

The named Plaintiffs are individuals who were eligible for and received SSDI benefits, but after losing part-time work, were either denied UI benefits outright or were compelled to repay those benefits. (Dkt. 1 ¶¶ 1–9.)

3

- Plaintiff Brian Bemke was ordered to repay UI benefits in 2019 because he was receiving SSDI benefits, and he was denied UI benefits in 2020 and 2021 for the same reason. (Dkt. 1 ¶¶ 40–46; 51-3.)

- Plaintiff Scott Collett was denied UI benefits in 2020 and 2021 because he was receiving SSDI benefits. (Dkt. 1 ¶¶ 47–54; 51-5; 57.)

- Plaintiff John Feriozzi was denied UI benefits in 2020 because he was receiving SSDI benefits. (Dkt. 1 ¶¶ 48–62; 51-7; 53.)

- Plaintiff Judy Fintz was denied UI benefits in 2020 because she was receiving SSDI benefits. (Dkt. 1 ¶¶ 63–68; 51-8.)

- Plaintiff Sarah Jamieson was ordered to repay UI benefits in August 2018 because she was receiving SSDI benefits, and she was denied UI benefits in 2020 for the same reason. (Dkt. 1 ¶¶ 69–79; 51-10; 52.)

- Plaintiff Evan Johnson was denied UI benefits in 2020 because she was receiving SSDI benefits. (Dkt. 1 ¶¶ 80–86; 51-12; 54.)

- Plaintiff Tracey Long was ordered to repay UI benefits in 2021 because she was receiving SSDI benefits. (Dkt. 1 ¶¶ 87–92; 51-14; 55.)

- Plaintiff Clifford Neuman was denied UI benefits in 2020 because he was receiving SSDI benefits. (Dkt. 1 ¶¶ 93–98; 51-16; 56.)

## II. Plaintiffs filed this lawsuit, and the Court concluded that Wis. Stat. § 108.04(12)(f) violates the ADA and Rehabilitation Act.

Plaintiffs filed this proposed class action against Amy Pechacek in her official capacity as Secretary-designee of the Wisconsin Department of Workforce Development, under ADA and the Rehabilitation Act, as well as the Due Process Clause of the Fourteenth Amendment. (Dkt. 1 ¶¶ 1, 10.)

4

On March 3, 2022, the Court granted Defendant's motion to determine liability before determining class certification, (Dkt. 32), and later stayed briefing on Plaintiffs' motion for class certification while it decided the parties' cross-motions for summary judgment, (Dkt. 84–85).

On July 17, 2024, this Court granted Plaintiffs' motion for summary judgment, in part, concluding that Wis. Stat. § 108.04(12)(f) has a disparate impact on those with disabilities in violation of the ADA and Rehabilitation Act. (Dkt. 93:5–9, 12.) The Court then scheduled briefing on the appropriate remedy and class certification. (Dkt. 93:13; 94.)

### III. The parties submit briefs addressing remedy.

Plaintiffs filed a brief on remedies, asking the Court to (1) enjoin Defendant from enforcing the eligibility ban in Wis. Stat. § 108.04(12)(f); (2) order Defendant to provide administrative hearings for those who would have been entitled to a hearing but for Wis. Stat. § 108.04(12)(f); (3) order Defendant to pay UI benefits to class members who were ordered to repay benefits; (4) order Defendant to pay any penalty amounts class members were ordered to pay; and (5) order Defendant to pay interest on any reimbursement amounts. (Dkt. 97:1–2.)

Defendant—in a brief filed concurrently with this brief—argues that Plaintiffs' requests for monetary compensation are barred by the Eleventh Amendment, Plaintiffs previously conceded that their monetary claims were

so barred, and their request for hearings would violate state law. Defendant agrees with Plaintiffs that offsets are an inappropriate remedy and that if this Court's summary judgment ruling is correct, an injunction against enforcing the challenged law is appropriate.

**IV.    The parties submit briefs addressing class certification.**

Plaintiffs' initial motion for class certification sought to certify two classes:

> The first class consists of all Wisconsin workers who received Social Security Disability Insurance (SSDI) benefits from September 7, 2015, through the present who were also eligible for State of Wisconsin unemployment compensation insurance [UI] benefits but for their receipt of SSDI benefits. The second class consists of all Wisconsin workers who, from September 7, 2015, through the present, were compelled to repay UC benefits with interest or other penalty because they received SSDI benefits.

(Dkt. 76:1.)

Plaintiffs' supplemental brief now seeks to "organize the classes into better categories without changing the overall number of individuals in the class." (Dkt. 96:2.) Specifically, Plaintiffs "seek to certify a class (or subclasses)" as follows:

(1) Individuals who, after September 7, 2015, applied for UI benefits in Wisconsin but were denied benefits because they received SSDI benefits.

(2) Individuals who, after September 7, 2015, were ordered to repay UI benefits they received because they also received SSDI benefits.

(3) Individuals who, after September 7, 2015, were ordered to pay a penalty because they received both SSDI benefits and UI benefits.

6

(4) Individuals who, after September 7, 2015, were eligible for UI benefits but were deprived of the right to apply because they were receiving SSDI benefits, even though those class members did not apply for UI benefits.

**GENERAL PRINCIPLES GOVERNING CLASS CERTIFICATION**

Litigation is presumed to address individual rights and claims; the class action is therefore "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). Plaintiffs who seek to depart from that rule bear a significant burden and must show that the putative class representative possesses "the same interest and suffer[s] the same injury" as all of the class members. *Id.* (quoting *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)).

Class certification is a two-step process. *See* Fed. R. Civ. P. 23(a)–(b); *Lacy v. Cook County*, 897 F.3d 847, 864 (7th Cir. 2018). First, the proposed class must satisfy the four threshold prerequisites under Rule 23(a): numerosity, commonality, typicality, and adequacy. If the Rule 23(a) prerequisites are satisfied, then the plaintiff must demonstrate that one of the conditions of Rule 23(b) is met. *Lacy*, 897 F.3d at 864. Plaintiffs in this case focus only on Rule 23(b)(1)(A), which requires showing that separate individual lawsuits would create a risk of "inconsistent or varying adjudications with respect to individual class members that would establish incompatible

7

standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A).

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores*, 564 U.S. at 350. "'A class may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites' for class certification have been met." *Lacy*, 897 F.3d at 863 (citations omitted). The burden rests on the party seeking certification to show by a preponderance of the evidence that certification is proper. *Id.*

## ARGUMENT

Plaintiffs have not met, and cannot meet, their burden to show that class certification is appropriate for their proposed classes of individuals who did not apply for UI benefits, who were ordered to pay a penalty for receiving both SSDI and UI benefits, or whose claims arose more than three years before the filing date of this lawsuit. For those classes, Plaintiffs fail to establish the threshold prerequisites under Rule 23(a), and likewise fail to establish that their proposed classes are certifiable under Rule 23(b)(1)(A).

I. **Plaintiffs have not introduced sufficient evidence that two of their four proposed classes meet the prerequisites under Rule 23(a).**

   A. **Plaintiffs have failed to meet their burden to demonstrate numerosity as to their proposed class of persons who did not apply for UI benefits.**

To support their certification request, Plaintiffs must present evidence showing that their proposed "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). As Plaintiffs point out, courts have regularly recognized that "a forty-member class is often regarded as sufficient to meet the numerosity requirement." *Anderson v. Weinert Enters., Inc.*, 986 F.3d 773, 777 (7th Cir. 2021) (quoting *Orr v. Shicker*, 953 F.3d 490, 498 (7th Cir. 2020)). But even "a class of 40 or more does not guarantee numerosity." *Id.* And more to the point here, because Plaintiffs bear the burden of proving that the proposed class is sufficiently numerous, they must "do more than speculate" about its size. *Id.* at 778.

Here, the parties stipulated to numerosity as to *some* of Plaintiffs' proposed classes, but not all. Specifically, the parties agreed that the following putative class is so numerous that joinder of all members would be impracticable:

> All individuals who applied for and were ineligible to receive unemployment insurance (UI) benefits in Wisconsin because they were receiving Social Security Disability Insurance (SSDI) benefits or who applied for and received UI benefits in Wisconsin but were ordered to repay those benefits, with or without penalties, because they were ineligible to receive UI benefits because of their receipt of SSDI benefits.

9

(Dkt. 99:1.) What is missing from this stipulation is any agreement as to Plaintiffs' fourth proposed class: Individuals who were eligible for UI benefits but were deprived of the right to apply because they were receiving SSDI benefits, even though they did not apply for UI benefits.

As to their fourth proposed class, Plaintiffs' numerosity argument is nothing more than speculation. They contend that the "expert report of Fermstad and Brown (Dct. 74-1) establishes numerosity for this class" because it demonstrates that this class "would consist of an average of 470 persons per year between 2016 and 2021." (Dkt. 96:3 (citing Dkt. 74-1).) The expert report shows no such thing. An "average of 470 persons per year" is supposedly an estimate of those who "would have received [UI benefits] but for the state's exclusion of SSDI beneficiaries from UI." (Dkt. 74-1:2.) But, as Plaintiffs point out, "some of that number would be included with those who applied for benefits." (Dkt.96:3.) Plaintiffs provide no evidence of the breakdown between people who applied for benefits and those who did not. Without evidence as to those numbers, Plaintiffs have not met their burden of proving numerosity as to their proposed class of individuals who did *not* apply for UI benefits.

### B. Plaintiffs have failed to meet their burden to demonstrate commonality as to their proposed class of persons who did not apply for UI benefits.

Plaintiffs must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The crux of the commonality inquiry "is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Wal-Mart Stores*, 564 U.S. at 350 (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)). This means that all putative class members' claims must involve a "common contention" that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims *in one stroke*." *Id*.

Determining whether the case involves common questions that will "generate common answers . . . 'requires a precise understanding of the nature of the plaintiffs' claims.'" *McFields v. Dart*, 982 F.3d 511, 515–16 (7th Cir. 2020) (quoting *Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 552 (7th Cir. 2016)). The commonality inquiry thus often "entail[s] some overlap with the merits of the plaintiff's underlying claim," as the considerations relevant to commonality

11

"are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart Stores*, 564 U.S. at 351 (citations omitted).

Here, Plaintiffs argue that they meet the commonality requirement for class certification because "[e]very Wisconsin citizen who received SSDI benefits who would have also been eligible for [UI] benefits suffered the same harm: they were deprived of their right to apply for those benefits." (Dkt. 96:3.) Plaintiffs contend that "the statute's very existence stands as a fixed harm" to all putative class members. (Dkt. 96:3–4.) While that may be true for those who applied for UI benefits, were otherwise eligible, and were denied or ordered to repay benefits, it is not true for those who did not apply. There is no way of knowing who those individuals are or why they did not apply for UI benefits.

This is part of what courts refer to as the threshold "definite[ness]" inquiry, in which they ask whether the proposed class is "indeed identifiable as a class?" *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). The problem here is analogous to the problem the Seventh Circuit identified in *Oshana*. *See id.* at 513–14. That case involved a proposed class of individuals who were allegedly deceived by Coca-Cola's advertising, based on their purchase of a Diet Coke fountain drink anytime from March 12, 1999, onward. *See id.* Noting that a claimant under the relevant law must show that he or she "was deceived in some manner and damaged by the deception," *see id.*, the court affirmed the denial of class certification because the proposed class "could

include millions who were not deceived and thus have no grievance under the [consumer protection law]." *Id.* at 514.

Just as in *Oshana*, Plaintiffs' class here includes "[c]ountless members . . . [who] could not show any damage" due to the state statute, *id.*, because they never sought UI benefits. This inquiry shows that Plaintiffs' proposed fourth class is not sufficiently definite to warrant class certification.

Commonality is lacking as to Plaintiffs' proposed class of individuals who did not apply for UI benefits, and certification should be denied under Rule 23(a)(2).

### C. Plaintiffs have failed to meet their burden to demonstrate typicality as to two of their four proposed classes, as well as those with older claims.

Plaintiffs must also show that their claims "are typical of the claims" of the class. Fed. R. Civ. P. 23(a)(3). A class representative's claims are typical of the proposed class if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and [are] based on the same legal theory." *Lacy*, 897 F.3d at 866 (citation omitted). This ensures that the named plaintiffs' claims share "the same essential characteristics as the claims of the class at large." *Id* (citation omitted). Although typicality is a different prerequisite from commonality, these two "tend to merge." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

13

The named Plaintiffs' claims are not typical of the claims of the members of the putative classes for multiple reasons.

*First*, Plaintiffs have submitted no evidence that any named Plaintiff's claim is typical of the claims of the proposed fourth class—those who *did not* seek UI benefits because of the prohibition in Wis. Stat. § 108.04(12)(f). All the named Plaintiffs *did* apply for UI benefits and, therefore, are not proper class representatives for the proposed fourth class. Plaintiffs note that "Scott Collett and Judy Fintz at different times, simply did not apply for benefits to which they might have been entitled because of the eligibility ban." (Dkt. 96:4.) They cite paragraphs 53 and 65 of the complaint. (Dkt. 96:4 (citing Dkt. 1 ¶¶ 53, 65.) Neither paragraph supports the assertion that these Plaintiffs did not seek benefits because of the statute, (Dkt. 1 ¶¶ 53, 65), and, in any event, allegations are not enough. Plaintiffs must provide *proof* that they did not apply for UI benefits because of the ban. *See Wal-Mart Stores*, 564 U.S. at 350. They have not done so. Collett's declaration details his efforts to apply for UI benefits; it says nothing about *not* applying. (Dkt. 51-5; 57.) And Fintz submitted no declaration; she submitted only documents related to her denial of UI benefits. (Dkt. 51-8.) Plaintiffs have not met their burden of proving typicality as to the proposed fourth class.

*Second*, Plaintiffs have submitted no evidence that any named Plaintiff's claim is typical of the claims of the proposed third class—those who were ordered to pay a penalty because they received both SSDI benefits and UI benefits. Plaintiffs provide no evidence—nor do they even allege—that they were required to pay a penalty. (Dkt. 1 ¶¶ 40–98.) Without proof that a named Plaintiff paid a penalty for receiving both SSDI benefits and UI benefits, Plaintiffs cannot meet their burden of proving typicality as to the proposed third class.

*Third*, Plaintiffs have submitted no evidence that any named Plaintiff's claim is typical of the claims of proposed class members whose claims arose before September 7, 2018. All the named Plaintiffs' claims arose—i.e., they were denied or ordered to repay UI benefits—in 2019 or later. (Dkt. 1 ¶¶ 40–98.) They then filed this lawsuit on September 7, 2021, (Dkt. 1.)—within the applicable three-year statute of limitations. *See* Wis. Stat. § 893.53 (establishing a three-year statute of limitations for personal injury claims); *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 550 (7th Cir. 1996) (for ADA claims, federal courts apply the statute of limitations for personal injury suits); *Cheeney v. Highland Cmty. Coll.*, 15 F.3d 79, 81 (7th Cir. 1994) (same for Rehabilitation Act claims).

While the three-year statute of limitations applies to the named Plaintiffs claims, they seek to certify a class going back to September 7, 2015—six years from the date they filed this lawsuit. Presumably, they arrive at this date based on the six-year statute of limitations applicable to claims that arose before April 5, 2018. Wis. Stat. § 893.53 (2015–16), amended by 2017 Wis. Act 235 (eff. Apr. 5, 2018). The problem is that none of the named Plaintiffs' claims arose when the six-year statute of limitations was effective and, therefore, are not typical of proposed class members whose claims arose that long ago. Plaintiffs cannot meet their burden of proving typicality as to the proposed class members whose claims arose more than three years before the filing date of this lawsuit.

Typicality is lacking and provides another reason to deny certification as to Plaintiffs' proposed classes of individuals who did not apply for UI benefits, who were ordered to pay a penalty for receiving both SSDI and UI benefits, and whose claims arose more than three years before the filing date of this lawsuit.

### D. Plaintiffs have failed to meet their burden to demonstrate that they are adequate class representatives for those same groups.

To support certification, Plaintiffs also must show that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To satisfy the adequacy requirement, Plaintiffs must demonstrate both that

16

they are satisfactory representatives for the class and that their counsel are up tothe task of prosecuting a class action. *See Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011).

Defendant does not dispute the adequacy of Plaintiffs' counsel but does dispute the adequacy of Plaintiffs themselves. For reasons similar to the lack of commonality and typicality, Plaintiffs cannot demonstrate that they are adequate class representatives at least as to their third and fourth proposed classes—i.e., those who were ordered to pay a penalty and those who did not apply for UI benefits. Nor can they show that they are adequate class representatives for proposed class members whose claims arose before September 7, 2018. Plaintiffs have not met their burden of demonstrating adequacy under Rule 23(a)(4).

***

In sum, Plaintiffs have not met their burden in establishing the Rule 23 prerequisites as to their proposed classes of individuals who did not apply for UI benefits, who were ordered to pay a penalty for receiving both SSDI and UI benefits, or whose claims arose before September 7, 2018.

## II. Plaintiffs have not introduced any evidence that their proposed classes satisfy the requirements of Rule 23(b)(1)(A).

Plaintiffs seek certification exclusively under Rule 23(b)(1)(A) and so must satisfy that provision's requirements in addition to the Rule 23(a) prerequisites discussed above. Rule 23(b)(1)(A) allows for certification of a class when separate lawsuits would create a risk of "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A).

Plaintiffs argue that "there are already inconsistent adjudications" because "the Department is still refusing benefits to applicants because of a ban this Court has said violates the [ADA] and Rehabilitation Act." (Dkt. 96:5.) But there is nothing *inconsistent* about what the Department is doing. According to Plaintiffs, the Department is *consistent*—it is still refusing benefits to applicants because of Wis. Stat. § 108.04(12)(f). That's because the Court has not yet issued a final judgment declaring the state law unlawful and enjoining its enforcement. Once the Court determines the appropriate remedy, Defendant will act consistent with that remedy.

### III. If this Court certifies a class, it should be limited to providing notice of prospective relief to those who were denied or ordered to repay benefits.

As explained, Plaintiffs have not met their burden of demonstrating the requirements for class certification as to their proposed classes of those who did not apply for UI benefits, who were ordered to pay a penalty, or whose claims arose before September 7, 2018. And as explained in Defendant's brief on remedies, Plaintiffs are, at most, entitled to forward-looking relief, not monetary damages. Taken together, if this Court certifies a class, it should be limited to individuals who, after September 7, 2018, applied for UI benefits in Wisconsin and were denied benefits or were ordered to repay benefits because they received SSDI benefits. Because of the limited available remedies, class members would not be entitled to monetary compensation. At most, they would be entitled to notice that Wis. Stat. § 108.04(12)(f) was declared unlawful and enjoined and thus no longer prohibits class members and others receiving SSDI benefits from also receiving UI benefits, if eligible, moving forward.

## CONCLUSION

Plaintiffs' motion for class certification should be denied, except as to the limited class described herein.

Dated this 21st day of February 2025.

                                        Respectfully submitted,

                                        JOSHUA L. KAUL
                                        Attorney General of Wisconsin

                                        Electronically signed by:

                                        <u>s/ Karla Z. Keckhaver</u>
                                        KARLA Z. KECKHAVER
                                        Assistant Attorney General
                                        State Bar # 1028242

                                        STEVEN C. KILPATRICK
                                        Assistant Attorney General
                                        State Bar #1025452

                                        CLAYTON P. KAWSKI
                                        Assistant Attorney General
                                        State Bar #1066228

                                        Attorneys for Defendant Amy Pechacek

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-6365 (Keckhaver)
(608) 266-1792 (Kilpatrick)
(608) 266-8549 (Kawski)
(608) 294-2907 (Fax)
keckhaverkz@doj.state.wi.us
kilpatricksc@doj.state.wi.us
kawskicp@doj.state.wi.us