STATE OF WISCONSIN
DEPARTMENT OF WORKFORCE DEVELOPMENT
Division of Employment and Training

## WIOA Section 188 Complaint

INSTRUCTIONS: Use of this form is voluntary for individuals and entities seeking to file a discrimination complaint pursuant to 29 CFR § 38.9(a). Note, per 29 CFR § 38.69(c). This form should be completed and submitted within one hundred and eighty (180) days of the date of the alleged discriminatory act. Personal information you provide may be used for secondary purposes [Privacy Law, Wis. Stat. § 15.04(1)(m)].

**Complainant Information**

Complainant Name
    Judy Fintz

Complainant Address (Street, P.O. Box)
    4625 Mormon Coulee Road Lot #87

City, State, Zip Code
    La Crosse WI 54601-8250

Email Address
    n/a

Telephone Number
    [redacted]

**Respondent Information** (the individual or entity that the complainant alleges is responsible for the violation or discrimination if alleged)

Individual / Entity / Agency Name
    DWD-UI

Respondent Address (Street, or P.O. Box)
    201 East Washington Ave

City, State, Zip Code
    Madison WI 53703

Telephone
    414-435-7069

Contact Person (if known)

3. Check all grounds of discrimination that apply and specify the characteristic

☐ Race _____

☐ Color _____

☐ Sex _____

    ☐ Pregnancy _____

    ☐ Childbirth and related medical conditions

    ☐ Sex stereotyping _____

    ☐ Transgender status _____

    ☐ Gender Identity _____

☐ Sexual Harassment _____

☐ Citizenship _____

☒ Disability  Hostility to the disabled and UIPL No. 02-16 (alternative claim-filing access for disabled workers)

☒ Age

☐ Political affiliation or belief _____

☐ Religion _____

☐ Reprisal/Retaliation _____

☐ National Origin _____

☐ Limited English Proficiency _____

☐ WIOA Beneficiary Status _____

☐ Other _____

DETS-7627 (R. 2/2021)

4. Briefly describe, as clearly as possible, the basis for your complaint. Attach additional sheets if necessary. Also, attach any written materials pertaining to your complaint.

   a. Please explain how you were discriminated against:

      See attached.

   b. Who was involved? Include witnesses and representatives of the respondent who were involved or have first-hand information of the actions. Include email addresses and telephone numbers, if known.

      See attached.

   c. List the location and date(s) each action occurred.

      See attached.

5. The first date on which the alleged discriminatory action occurred: 05/15/2024

6. The most recent date the alleged discriminatory action occurred: 05/15/2024

7. Do you have an attorney or other representative for this complaint? [X] Yes  [ ] No
   If Yes, please provide contact information:

   | Attorney or Representative / Firm Name | |
   |---|---|
   | Victor Forberger, Esq | |
   | Email | Telephone |
   | vforberger@fastmail.fm | 608-352-0138 |
   | Address (Street, P.O. Box) | |
   | 2509 Van Hise Ave. | |
   | City, State, Zip Code | |
   | Madison WI 53705 | |

8. If you have filed a case or complaint about these allegations with any other government agency or non-federal entity, please complete the section below:

I understand that this complaint may be subject to release under the Wisconsin Public Records Law.

| Complainant Signature [signed] | Date Signed 6-15-24 |
|---|---|

Note: An electronic signature by you or your attorney is acceptable.

Send the completed form to: DETEOContact@dwd.wisconsin.gov **or** Department of Workforce Development, Division of Employment & Training-EO, PO Box 7972, Madison WI 53707.

For Office Use Only:

| Date Received | Case Number |
|---|---|
| | |

DETS-7627 (R. 2/2021)

Judy Fintz                                                                                                                Page 1

**4.a. Please explain how you were discriminated against:**

I am an older, disabled worker (I have learning disabilities). I cannot use computers and need help from my representative, Victor Forberger, when filing on the phone

On 15 May 2024 I attempted to file an initial claim after being laid off from my regular job on May 9th. My representative arranged for a three-way phone call to the Department so that I could file.

I spoke with Ken. After identifying myself, Ken asked me why was I filing since I am getting SSDI benefits. Since I had already been denied, Ken said, I needed to appeal that denial and stop filing and that my representative was misleading me about continuing to file for benefits I would never receive.

I assisted on filing because I did not think the SSDI eligibility ban was right and that I am challenging it in court. Ken said I lost that case and so why bother filing. Ken did not understand that I am a plaintiff in a federal case (Bemke et al. v. Pehacek).

Ken then asked me why I did not file by computer and that my disability is not on file. My representative explained that I have a disability, that there should be a note about my disability allowing me to file by phone, and that I need help with filing.

Ken asked if I had filed outside Wisconsin. I said no.

Ken next asked if I was ambulatory and had access to the job center in La Crosse (my representative explained that Ken was asking if I could travel to the job center). I said no that I lived in my home. My representative then explained again that I had a learning disability and needed help with filing and that phone calls were how I could get that help.

Ken then said I was apparently lying about being able and available for work if I was not able to leave my home. My representative explained that I was just working until laid off last week and asked Ken what exactly was he doing here by making things up.

Ken accused me of lying about being home bound, and my representative explained that I could not go to the job center because I did not have a car and walked to work.

Ken said he was not making things up and accused me of lying about my able and available status. My representative then hung up on Ken.

My representative then gave me a few minutes to calm down and explained to me that I was not doing anything wrong and that Ken was mistreating me by refusing to let me file my initial claim.

My representative then called DWD-UI again. This time I spoke with Jim, and he took my initial claim over the phone.

But for my representative being with me on the phone and convincing me that Ken was acting illegally, Ken would have prevented from filing my initial claim.

UIPL No. 01-24 (8 Nov. 2023) offers specific guidance for alternatives to on-line claim-filing.

Judy Fintz                                                                                                    Page 2

> ***Required Alternatives to Web-Based Services***. UIPL No. 02-16 explains that state UI agencies must ensure that the use of technologies and systems for administering UI programs and providing services do not create barriers (e.g., administrative, procedural, technological, or informational) that may prevent individuals from accessing UI benefits, such as by denying them a reasonable opportunity to establish and maintain their eligibility.
>
> UIPL No. 02-16 and UIPL No. 02-16, Change 1 also describe states' obligation to provide accessible alternatives to web-based technology. States may offer individuals the option of receiving certain information and services via electronic methods <u>but may not require that individuals communicate only through electronic means</u>. Such policies unduly restrict program access, as not all individuals have the ability or capacity to communicate electronically. <u>For persons unable to access or use a web-based system, the state must offer alternative options for accessing information and benefits, such as by telephone or in person, in a manner that ensures effective and meaningful access to the UI system</u>. Further, states must broadly and conspicuously disseminate information about alternative access options in ways that ensure that individuals who may need to use such options are aware of how to utilize them. *See* 29 C.F.R. 38.15(c). In addition to benefitting individuals who are unable to access or use a web-based system, these alternative non-web-based access points may also provide a convenient option for those who do not have access to technology, do not have technology proficiency, and those who have a disability, or are limited English proficient (LEP).
>
> In addition to hindering equitable access to the UI system, <u>the use of a website and web-based technology as the sole or primary way for individuals to obtain information about UI benefits or to file UI claims may have the effect of denying or limiting access to members of protected groups in violation of Federal nondiscrimination law</u>, as described in UIPL No. 02-16 and UIPL No. 02-16, Change 1.

UIPL No. 01-24 at 10-11 (underlining supplied).

**4.b. Who was involved? Include witnesses and representatives of the respondent who were involved or have first-hand information of the actions. Include email addresses and telephone numbers, if known.**

On 15 May 2024, I was on the phone with Ken along with my representative, Victor Forberger (see below).

**4.c. List the location and date(s) each action occurred.**

The events on May 15th occurred over the phone.