## State of Wisconsin



### Labor and Industry Review Commission

| | |
|---|---|
| **Gerald J Jenkins**<br>Claimant | **Unemployment Insurance Decision**[1] |
| Hearing No. 24606015MW | **Dated and Mailed:**<br>FEB 2 1 2025<br>jenkige_usd.doc:104 |

The commission **affirms** the appeal tribunal decision. Accordingly, the claimant is ineligible for unemployment benefits as of week 22 of 2024.

By the Commission:

_____
Michael H. Gillick, Chairperson

_____
Georgia E. Maxwell, Commissioner

_____
Marilyn Townsend, Commissioner

---

[1] Appeal Rights: See the blue enclosure for the time limit and procedures for obtaining judicial review of this decision. If you seek judicial review, you must name the following as defendants in the summons and the complaint: the Labor and Industry Review Commission, all other parties in the caption of this decision or order (the boxed section above), and the Department of Workforce Development. Appeal rights and answers to frequently asked questions about appealing an unemployment insurance decision to circuit court are also available on the commission's website, http://lirc.wisconsin.gov.

1

Gerald J Jenkins
24606015MW

## Procedural Posture

This case is before the commission to consider the claimant's eligibility for unemployment insurance benefits. An administrative law judge (ALJ) of the Unemployment Insurance Division of the Department of Workforce Development held a hearing and issued a decision. The commission received a timely petition for review. The commission has considered the petition, and it has reviewed the evidence submitted at the hearing.

## Findings of Fact and Conclusions of Law

The commission makes the same findings of fact and conclusions of law as stated in the appeal tribunal decision and incorporates them by reference into the commission's decision.

## Memorandum Opinion

In his petition for commission review, the claimant argues that the appeal tribunal decision does not comply with the law. Although the claimant has provided no authority for this statement, the commission notes that in a recent decision, *Bemke et al. v. Pechacek*, 21-cv-560-wmc (W.D. Wis. Jul. 17, 2024), the court found that Wis. Stat. § 108.04(12)(f) had the effect of denying government services to disabled persons, in violation of the Americans with Disabilities Act (ADA) and Rehabilitation Act. However, the court has not yet issued a determination as to remedy and has ordered further proceedings on the question of whether an offset or reduction of benefits based on social security disability insurance (SSDI) payments might be appropriate. Further, the initial determination in this matter was issued prior to the *Bemke* decision, and a question remains as to whether the court's decision may be retroactively applied. Absent any direction from the court as to how or whether its ruling applies to the instant case, the commission is constrained to apply Wis. Stat. § 108.04(12)(f) as it is written. Under the statute, the claimant is ineligible for unemployment benefits in any week in which he received SSDI payments. The appeal tribunal decision is therefore affirmed.

NOTE:   In the event that a decision is issued in *Bemke* on the question of remedies within two years of the issuance of the commission's decision, the claimant may file a request for reconsideration pursuant to the authority contained in Wis. Stat. § 108.09(6)(c).

cc: Atty. Brenda Lewison

Gerald J Jenkins
24606015MW