UI HEARING OFFICE
P.O. Box 7975
Madison, WI 53707

Telephone: (608) 266-8010
Fax: (608) 327-6498

**APPEAL TRIBUNAL DECISION**

State of Wisconsin
Department of Workforce Development
Unemployment Insurance Division

**EXHIBIT D**

Hearing No. 25000906MD

Mailed to:

VICTOR FORBERGER, ESQUIRE
2509 VAN HISE AVE
MADISON WI 53705

In the matter of:
Employee: CLIFFORD T NEUMAN, APPELLAN

B.C. & S.S. No.:
vs.
Employer: NOT APPLICABLE

UI Account No.:

**APPEAL RIGHTS**

SEE THE DATE BELOW FOR THE TIME LIMIT.

IF YOU ARE APPEALING BECAUSE YOU FAILED TO APPEAR FOR THE SCHEDULED HEARING AND ARE REQUESTING A NEW HEARING, FOLLOW THE FAILURE TO APPEAR PROCEDURES ON THE REVERSE SIDE.

IF YOU ARE APPEALING FOR ANY OTHER REASON, YOU MUST FOLLOW THE PETITION PROCEDURES ON THE REVERSE SIDE.

IF YOU DO NOT UNDERSTAND THE PROCEDURES, PLEASE CALL THE UI HEARING OFFICE FOR ASSISTANCE.

**DECISION:** SEE ATTACHED DECISION WHICH REVERSES IN PART AND AFFIRMS IN PART THE INITIAL DETERMINATION.

Employee appeared by:

VICTOR FORBERGER
ATTORNEY

Employer appeared by:

NOT APPLICABLE

| Administrative Law Judge | Dated and Mailed | Petition Must Be Received or Postmarked By: |
|---|---|---|
| JOSEPH E REDDING | FEBRUARY 28, 2025 | MARCH 21, 2025 |

(SEE REVERSE FOR ADDITIONAL INFORMATION)

Decision mailed to:
CLIFFORD T NEUMAN, 1123 9TH AVE, GRAFTON, WI 53024-1819
VICTOR FORBERGER, ESQUIRE, 2509 VAN HISE AVE, MADISON, WI 53705

UCL-8035-MAD (R.07/2022) (U00803)

THE DEPARTMENT'S DETERMINATION HELD: that as of week 1 of 2025, the claimant was receiving Social Security Disability Insurance payments. As a result, benefits were denied while the claimant is receiving social security disability payments.

Based on the applicable records and evidence in this case, the appeal tribunal makes the following

## FINDINGS OF FACT and CONCLUSIONS OF LAW

The claimant receives Social Security Disability Income (hereinafter SSDI). The Social Security Administration issues a single benefit payment on the 3rd day of each month to his representative payee. This includes January 3, 2025 (week 1). He has been receiving these benefits for several years but is unsure when it started or the amount of his monthly SSDI benefit.

On January 10, 2025, the claimant initiated a claim for benefits for week 1 of 2025 (week that ends January 4). He then filed a weekly claim for week 1 of 2025, indicating that he is receiving disability benefits from social security. A department determination denied benefits on January 14, 2025.

The claimant registered for work on January 13, 2025 and has been completing his work searches to find employment consistent with his work skills and restrictions.

The issue to be determined is whether Social Security disability insurance payments were issued to the claimant which disqualifies him for benefits as of week 1 of 2025.

Wisconsin Stat. § 108.04 (12)(f) provides that "an individual is ineligible for benefits...for each week in the entire month in which a social security disability insurance payment is issued to the individual." "[A] UI claimant 'actually receives' an SSDI payment throughout the entire month, i.e., in every week of the month, even though it is only paid on one day." Wisconsin of Workforce Development v. LIRC and Karolyn A. Bullock, Case 14-CV-3249 (Wis. Cir. Ct., Dane Co., May 27, 2015).

Here the claimant receives SSDI and such benefit payment was issued to him on January 3, 2025. Wisconsin Stat. § 108.04 (12)(f) is clear that because a SSDI payment was issued to the claimant in January of 2025, under that provision, he is ineligible for benefits under the statute for any week in January of 2025, including week 1 of 2025.

However, the Federal Western District of Wisconsin recently issued a decision explaining that while Wisconsin Stat. § 108.04 (12)(f) is neutral on its face, it unlawfully discriminates against people with disabilities in violation of Americans with Disabilities Act and the Rehabilitation Act, given the disparate Impact the state statue has on people with disabilities. Bemke v. Pechacek, 21 CV 560 (W.D. Wis. Jul. 17 2024). Thus this statute cannot deny otherwise qualified individuals of unemployment benefits.

1

25000906MD

The appeal tribunal therefore finds that the claimant received SSDI benefits in week 1 of 2025, as a SSDI payment was issued to him in the month of January of 2025, as per Wisconsin Stat. § 108.04 (12)(f), but that such provision of Wisconsin State law may not be applied in this case as it is in violation of the Americans with Disabilities Act and the Rehabilitation Act, as determined in Bemke v. Pechacek.[1]

## DECISION

The appeal tribunal decision is affirmed in part and reversed in part. The decision is affirmed as the employee is receiving SSDI benefits as defined in Wisconsin Stat. § 108.04 (12)(f). The determination is reversed as to the denial of benefits under Wisconsin Stat. § 108.04 (12)(f), as that state statute cannot be applied in this case as it has been found to be in violation of the Americans with Disabilities Act and the Rehabilitation Act. The claimant is eligible for unemployment insurance benefits beginning in week 1 of 2025, *if otherwise qualified*. THIS MATTER IS REMANDED TO THE DEPARTMENT TO DETERMINE IF THE CLAIMANT IS ABLE AND AVAIALBLE TO PERFORM SUITIABLE WORK AND WHETHER AN OFFSET OF SSDI PAYMENTS RECEIVED BY THE CLAIMANT SHALL ACT AS AN OFFSET IN REGARD TO UI BENEFIT ENTITLEMENT UNDER STATE LAW.

APPEAL TRIBUNAL

By: *Joseph E. Redding*
Joseph E. Redding
Administrative Law Judge

---

[1] This tribunal is aware that the commission issued a decision in *In re Gerald J. Jenkins*, UI Dec. Hearing No. 24606015MW (LIRC Feb. 21, 2025) which found that the Bemke case holds that Wisconsin Stat. § 108.04 (12)(f) cannot be used to disqualify a claimant from receiving benefits as it is in violation of the Americans with Disabilities Act, yet then denied benefits under the exact same statute - Wisconsin Stat. § 108.04 (12)(f) - because the Federal Court has yet to rule whether offsets apply or if the decision would apply retroactively to determinations issued before the date of the Federal Court's opinion, July 14, 2024. This case is factually different from *Jenkins*, since the determination in this matter was issued after July 14, 2024, thus this tribunal is not bound by the commission's decision in *Jenkins*. Further, this tribunal is of the opinion that the determination whether SSDI should offset UI benefits under Wisconsin state law can be made by the department, and thus it has remanded this matter to the department to make that determination.

2

25000906MD