UI HEARING OFFICE
P.O. Box 7975
Madison, WI 53707

Telephone: (608) 266-8010
Fax: (608) 327-6498

**APPEAL TRIBUNAL DECISION**

State of Wisconsin
Department of Workforce Development
Unemployment Insurance Division

# EXHIBIT E

Hearing No. 24010026MD

Mailed to:

VICTOR FORBERGER, ESQ
2509 VAN HISE AVE
MADISON WI 53706

In the matter of:
Employee: TREENA A ROSE, APPELLANT

B.C. & S.S. No.:
vs.
Employer: NOT APPLICABLE

UI Account No.:

**APPEAL RIGHTS**

SEE THE DATE BELOW FOR THE TIME LIMIT.

IF YOU ARE APPEALING BECAUSE YOU FAILED TO APPEAR FOR THE SCHEDULED HEARING AND ARE REQUESTING A NEW HEARING, FOLLOW THE FAILURE TO APPEAR PROCEDURES ON THE REVERSE SIDE.

IF YOU ARE APPEALING FOR ANY OTHER REASON, YOU MUST FOLLOW THE PETITION PROCEDURES ON THE REVERSE SIDE.

IF YOU DO NOT UNDERSTAND THE PROCEDURES, PLEASE CALL THE UI HEARING OFFICE FOR ASSISTANCE.

**DECISION:** SEE ATTACHED DECISION WHICH REVERSES THE INITIAL DETERMINATION.

Employee appeared by:

VICTOR FORBERGER
ATTORNEY

Employer appeared by:

NOT APPLICABLE

| Administrative Law Judge | Dated and Mailed | Petition Must Be Received or Postmarked By: |
|---|---|---|
| MOLLY KANTER | FEBRUARY 11, 2025 | MARCH 4, 2025 |

(SEE REVERSE FOR ADDITIONAL INFORMATION)

Decision mailed to:
   TREENA A ROSE, C/O FORBERGER, ESQ 2509 VAN HISE AVE , MADISON, WI 53705
   VICTOR FORBERGER, ESQ, 2509 VAN HISE AVE, MADISON, WI 53706

UCL-8035-MAD (R.07/2022) (U00803)

THE DEPARTMENT'S DETERMINATION HELD: that, for weeks 40 of 2024 through 42 of 2024, the claimant failed to timely notify the department of an intention to continue a benefit claim by filing a weekly certification and that the reasons for that failure do not constitute exceptional circumstances so as to permit a waiver of the notification requirement. As a result, benefits were denied for those weeks.

Based on the applicable records and evidence in this case, the appeal tribunal makes the following

## FINDINGS OF FACT

The claimant has received SSDI benefits since 2004.

In October 2024, the claimant was living in a domestic abuse shelter where she did not have access to a computer and access to a cell phone was not reliable. On October 17 and 19, the claimant called the department to request assistance in filing an initial claim for unemployment assistance and corresponding weekly certifications. Department representatives told the claimant during these calls that she should stop filing for unemployment benefits because she is not eligible for them. On October 21, the claimant went to the Job Center of Wisconsin for assistance in filing her unemployment claims. She again was told that she should stop filing for benefits because she is not eligible for them.

On October 29, the claimant called the department and filed her weekly certifications for the calendar week ending October 5, 2024 (week 40) and October 12, 2024 (week 41) over the telephone with the assistance of a department representative. The claimant has not filed a weekly certification for the calendar week ending October 19, 2024 (week 42).

## DISCUSSION

The initial issue to be decided is whether, in weeks 40 through 42 of 2024, the claimant failed to timely notify the department of an intention to continue a benefit claim by filing a weekly certification.

A claimant for unemployment insurance benefits must notify the department of an intent to initiate a claim during the week or within 7 days after the close of that week. Wis. Stat. § 108.08(1) and Wis. Admin. Code § DWD 129.01(1). After initiating a claim, to be eligible for benefits a claimant must file a weekly certification with the department. Wis. Stat. § 108.08(1); Wis. Admin. Code § DWD 129.01(2). The weekly certification must be filed no later than 14 days following the end of the week for which benefits are claimed. Wis. Admin. Code § DWD 129.01(2)(b)1. A claimant may not file a weekly certification for any week unless a timely certification for the immediately preceding week was filed or a timely initial claim was filed. Wis. Admin. Code § DWD 129.01(2)(b)2.

In this case, the deadlines for filing weekly certifications were as follows:

> For week 40 of 2024: 10/19/24
> For week 41 of 2024: 10/26/24

2400002626MD

2

For week 42 of 2024:  11/02/24

The claimant filed too late for weeks 40 and 41 because she filed her weekly certifications for these weeks on October 29. Because she still has not filed a weekly certification for week 42, her weekly certification for that week is also untimely.

The next issue to be decided is whether the claimant's failure was due to any exceptional circumstance that would justify a waiver of the notification requirement.

Exceptional circumstances for failing to give timely notice include:

(a) An error made by an employee of the department when providing notice to the employee or a reasonable misunderstanding by the employee based on information given to the claimant by the department.

(b) Action by an employer, in any manner, directly or indirectly, instructing, warning, or persuading the employee not to file a benefit claim.

(c) The claimant did not comply because the employee was not aware of the duty to notify the department, and the employee's most recent employer failed to post and maintain the notice on claiming unemployment benefits that was supplied to the employer under s. DWD 120.01.

(d) The employee performed services as a school year employee in other than an instructional, research, or principal administrative capacity and had reasonable assurance of performing services for the employer in a similar capacity in the 2nd academic year or term but was subsequently not offered the opportunity to perform such services.

(f) Other exceptional circumstances over which the employee has no control.

Wis. Admin. Code § DWD 129.01(4)(a)-(d) and (f).

The claimant contends that exceptional circumstances exist that justify waiving the time deadline for filing her weeks 40 through 42 weekly certifications for benefits. This contention is sustained. The claimant was told by at least three different department representatives between October 17 and 21 that she should stop filing for unemployment benefits because she is not eligible for them. The claimant relied upon this advice which resulted in her weeks 40 and 41 weekly certifications being filed untimely and her week 42 weekly certification not being filed at all. The claimant has therefore established that exceptional circumstances exist as defined in Wis. Admin. Code § DWD 129.01(4)(a).

## CONCLUSIONS OF LAW

The appeal tribunal therefore finds that, in week 40 of 2024 through week 42 of 2024, the claimant failed to notify the department of an intention to initiate a benefit claim, within the meaning of Wis. Stat. § 108.08(1) and Wis. Admin. Code § DWD 129, but that the reasons for the failure constitute exceptional circumstances so as to permit a waiver of the notification requirement, within the meaning of that section and chapter.

## DECISION

The department's determination is reversed. Accordingly, the claimant is eligible for benefits in week 40 of 2024 through week 42 of 2024, if otherwise qualified.

## APPEAL TRIBUNAL

By: *Molly Kanter*
Molly Kanter
Administrative Law Judge