ID: 210311990   PAGE   1 OF   1                                          FF141
SEE REVERSE SIDE FOR                                State of Wisconsin          C
IMPORTANT INFORMATION                               Department of Workforce Development
                                                    Unemployment Insurance Division

EXHIBIT G

SS #                                    UI LO #:   01
                                        UI Acct. #:

**DETERMINATION**

।।ਗ।।।।।ਗ।।।ਗ।।।।।।।।।।ਗ।।।।।।।ਗ।।।।।।।।।।ਗ।।।।।।।।।
TRACY L LONG
937 MAIN ST
SAINT CLOUD   WI 53079-1474

| Issue Week: | 42/20 | Applicable | | |
|---|---|---|---|---|
| Week Ending: | 10/17/20 | Wisconsin Law: | 108.04(11) | |

FINDINGS AND DETERMINATION OF THE DEPUTY:

THE CLAIMANT CONCEALED WORK PERFORMED, WAGES EARNED, AND/OR A MATERIAL FACT
ON HER WEEKLY CLAIM(S) FOR WEEK(S) ENDING 10/17/20 THROUGH 11/14/20.

THE CLAIMANT INDICATED:

- SHE WAS/IS NOT RECEIVING ANY DISABILITY BENEFITS FROM SOCIAL SECURITY.
SHE RECEIVED/IS RECEIVING DISABILITY BENEFITS FROM SOCIAL SECURITY.

DEPARTMENT RECORDS SHOW THE CLAIMANT AGREED THE ANSWER(S) GIVEN WAS/WERE
TRUE AND ACCURATE TO THE BEST OF HER KNOWLEDGE AND HAD THE OPTION TO CHANGE
HER ANSWER(S). THE CLAIM CONFIRMATION AND INSTRUCTIONS WERE ALSO SENT.

EFFECT

THE CLAIMANT'S BENEFIT AMOUNT SHALL HAVE A REDUCTION OF $2900.00.   THIS
REDUCTION REMAINS IN EFFECT FOR BENEFITS AND WEEKS THAT BECOME PAYABLE
DURING THE SIX-YEAR PERIOD THAT ENDS 02/13/27.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* THIS
BENEFIT REDUCTION OF FUTURE PAYABLE BENEFITS IS AN ADMINISTRATIVE PENALTY
FOR INTENTIONALLY CONCEALING INFORMATION AFFECTING YOUR UNEMPLOYMENT
ELIGIBILITY AND IS IN ADDITION TO ANY OVERPAYMENT CAUSED BY SUCH
CONCEALMENT OF INFORMATION.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| Deputy | Dated | Decision final unless an appeal is received or postmarked by: | |
|---|---|---|---|
| ADJUDICATOR 5017 | 02/18/21 | | 03/04/21 |

UCB-20 (R. 04/03/2019) (U00242)

FOX VALLEY HEARING OFFICE
P.O. Box 7975
Madison, WI 53707

**APPEAL TRIBUNAL
DECISION**

State of Wisconsin
Department of Workforce Development
Unemployment Insurance Division

Telephone:        (608) 266-8010
Fax:              (608) 327-6498

**Hearing No. 21401007AP**

Mailed to:

**In the matter of:**
Employee: **TRACY L LONG, APPELLANT**

**B.C. & S.S. No.:**

TRACY L LONG
937 MAIN ST
SAINT CLOUD   WI   53079-1474

**vs.**
Employer: **NOT APPLICABLE**

UI Account No.:

APPEAL RIGHTS

SEE THE DATE BELOW FOR THE TIME LIMIT.

IF YOU ARE APPEALING BECAUSE YOU FAILED TO APPEAR FOR THE SCHEDULED HEARING
AND ARE REQUESTING A NEW HEARING, FOLLOW THE FAILURE TO APPEAR PROCEDURES ON
THE REVERSE SIDE.

IF YOU ARE APPEALING FOR ANY OTHER REASON, YOU MUST FOLLOW THE PETITION
PROCEDURES ON THE REVERSE SIDE.

IF YOU DO NOT UNDERSTAND THE PROCEDURES, PLEASE CALL THE UI HEARING OFFICE
FOR ASSISTANCE.

$464¹⁰⁰ gets Returned back to me

**DECISION:**   SEE ATTACHED DECISION WHICH REVERSES IN PART AND AFFIRMS IN PART
THE INITIAL DETERMINATION.

Employee appeared by:

Employer appeared by:

IN PERSON

NOT APPLICABLE

| Administrative Law Judge | Dated and Mailed | Petition Must Be Received or Postmarked By: |
|---|---|---|
| JEFFREY R. PAWELSKI | JULY 9, 2021 | JULY 30, 2021 |

(SEE REVERSE FOR ADDITIONAL INFORMATION)

Decision mailed to:
TRACY L LONG, 937 MAIN ST, SAINT CLOUD, WI 53079-1474

$1160⁰⁰ I already pd - 2-25-21
has to remain paid

UCL-8035-FXV (R.11/2019) (U00805)

21401007AP

THE DEPARTMENT'S DETERMINATION HELD: that beginning in week 42 of 2020, the claimant was receiving social security disability payments. As a result, unemployment benefits were denied beginning in that week. The determination further found that the claimant was overpaid unemployment insurance benefits in the amount of $1,160 that must be repaid to the department because the overpayment was not the result of any error by the department and/or was caused by the claimant. The determination further found that the claimant had concealed information from the department, so a 40% penalty on the overpayment amount totaling $464 was imposed.

Based on the applicable records and evidence in this case, the appeal tribunal makes the following

## FINDINGS OF FACT and CONCLUSIONS OF LAW

The claimant initiated a claim for unemployment benefits in September of 2019. The claimant applied to receive social security disability insurance (SSDI) payments sometime after that. She waited several months, until October of 2020, before she was informed that she was eligible for SSDI payments. She received her first SSDI payment on October 13, 2020 (week 42). That payment was for $11,497.50 and represented payments for December of 2019 through September of 2020, as SSDI payments for a given month are paid the following month. When the claimant completed her unemployment weekly claim certification for week 42 of 2020, she was asked, "Are you receiving any disability benefits from Social Security?" and she responded, "No." The claimant was confused by the question, and answered "No" because the payment she had received was for prior months. She continued to answer "No" to that question for each week through week 46 of 2020, the week ending November 14. The claimant also tried to contact a department representative for help in clearing up her confusion and had difficulty reaching anyone. On November 18, 2020 (week 47), the claimant received a monthly payment for SSDI. When she filed her weekly claim certification for that week, she answered "Yes" when asked if she was receiving disability payments from Social Security.

The first issue to be determined is whether the claimant is ineligible for unemployment benefits because of the receipt of social security disability payments.

Wisconsin Stat. § 108.04(12)(f) provides, in part, that a claimant who receives social security disability insurance benefits under 42 USC ch. 7 subch. II is ineligible for unemployment benefits for each week in the entire month in which such a social security disability insurance payment is issued to the claimant. For the first month a SSDI payment is issued, a claimant is ineligible for unemployment benefits for each week beginning with the week the SSDI payment is issued, and all subsequent weeks in that month.

The claimant agreed that she was receiving social security disability insurance payments and received her first payment on October 13, 2020 (week 42). She asserted that was back pay for all the prior months. While that is true, it was a SSDI payment issued to her and so she is ineligible for unemployment benefits beginning in week 42 of 2020, the first week she was issued a payment.

1

21401007AP

Having determined that the claimant is ineligible for benefits because she was receiving SSDI payments, it must also be determined whether she has received any benefits in error, the amount of those overpaid benefits, and whether those benefits must be repaid to the department.

Generally, a claimant who receives unemployment insurance benefits in error is required to repay those benefits to the department. However, current law provides that recovery of the overpaid benefits shall be waived if the overpayment occurred as the result of departmental error and if the overpayment was not caused by the claimant's fault or by a false statement or misrepresentation by the claimant.

Departmental records indicate that the employee received weekly unemployment insurance benefits in weeks 42 through 46 of 2020 totaling $1,160. The claimant was not entitled to those benefits given the findings and conclusions above. Those benefits were paid because the claimant did not report receiving SSDI payments when she was receiving them. The overpayment was not caused by any departmental error and repayment of the benefits cannot be waived.

Wisconsin Stat. § 108.04 (11) (bh) provides: "In addition to the penalty for benefits resulting from concealment as provided in par. (be), the department shall assess a penalty against the claimant in an amount equal to 40 percent of the benefit payments erroneously paid to the claimant as a result of one or more acts of concealment described in pars. (a) and (b)." The claimant argued that she did not conceal information from the department. The claimant's testimony on that point was credible. The claimant was confused by the question and tried to get assistance but could not reach anyone. If she had been trying to hide information from the department, she would not have started reporting that she was receiving SSDI payments in week 47 of 2020. Therefore, no 40% penalty should apply to the overpayment amount.

The appeal tribunal therefore finds that beginning in week 42 of 2020, the claimant was receiving social security disability payments under 42 USC ch. 7 subch. II, within the meaning of section 108.04(12)(f) of the statutes.

The appeal tribunal further finds that the claimant was paid benefits in the amount of $1,160, for which the claimant was not eligible and to which the claimant was not entitled, within the meaning of section 108.03(1) of the statutes and that the entire amount must be repaid to the department because the overpayment was not because of any error by the department and/or was caused by the claimant, within the meaning of section 108.22(8)(a) and (c) of the statutes.

The appeal tribunal further finds in weeks 42 through 46 of 2020, the claimant did not conceal information from the department, within the meaning of section 108.04(11)(a) and/or (b) of the statutes and that the department shall not assess a penalty against the claimant equal to 40 percent of the benefit payments erroneously paid to the claimant for those weeks, within the meaning of section 108.04(11)(bh) of the statutes.

21401007AP

## DECISION

The department's determination is affirmed in part and reversed in part. Accordingly, the claimant is ineligible for benefits beginning in week 42 of 2020, and while she is receiving social security disability benefits. The claimant is required to repay the sum of $1,160 to the Unemployment Reserve Fund. No 40% penalty shall be applied to the overpayment amount.

$ 464.00
Back to me

APPEAL TRIBUNAL

By: _____

Jeffrey R. Pawelski
Administrative Law Judge

JRP:jrp

NOTE:    Repayment instructions will be mailed after this decision becomes final. The department will withhold benefits due for future weeks of unemployment in order to offset overpayment of U.C. and other special benefit programs that are due to this state, another state or to the federal government.

Contact the Unemployment Compensation Division, Collections Unit, P.O. Box 7888, Madison, WI    53707, to establish an agreement to repay the overpayment.

Probably not returned to me until End. of August

608 - 266 - 9701

3