IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ,
SARAH JAMIESON, EVAN JOHNSON,
TRACY LONG and CLIFFORD
NEUMANN, on behalf of themselves and
similarly-situated individuals,

                 Plaintiffs,                 OPINION AND ORDER

    v.

                                      21-cv-560-wmc

AMY PECHACEK, in her official capacity
As Secretary-designee of the State of Wisconsin
Department of Workforce Development,

                 Defendant.

---

      Plaintiffs bring this putative class action under the Americans with Disabilities Act (ADA), the Rehabilitation Act and the Due Process Clause of the Fourteenth Amendment on behalf of themselves and others who were eligible for and received social security disability insurance ("SSDI") benefits, but after losing part-time work, were either denied unemployment benefits outright or were compelled to repay those benefits. The lawsuit names Amy Pechacek in her capacity as Secretary-designee of the Wisconsin Department of Workforce Development charged with enforcing Wisconsin's Unemployment Compensation Insurance Law, Wis. Ch. 108, including Wis. Stat. § 108.04(12)(f), which provides for a blanket denial of unemployment compensation benefits to any individual receiving SSDI benefits, even if the individual would otherwise qualify. In a previous decision on the parties' cross motions for summary judgment, this court held that plaintiffs could not succeed on a due process or intentional discrimination claim, but granted

summary judgment in plaintiffs' favor on their ADA and Rehabilitation Act claims, concluding that § 108.04(12)(f) has a disparate impact on disabled people. (Dkt. #93.)

Now before the court are plaintiffs' motions to certify four subclasses under Rule 23 (dkt. #73) and appoint Paul Kinne of Gingras, Thomsen & Wachs, Heath Straka of Axley Brynelson, LLP and Victor Forberger as co-class counsel (dkt. #75). Also before the court are the parties' briefs on possible remedies. For the reasons below, the court will certify two of the four classes proposed by plaintiffs and will appoint plaintiffs' current counsel as class counsel. Because several questions remain regarding the appropriate and available remedies for violations of the ADA and Rehabilitation act, however, the court will set further briefing on the issue.

OPINION

I. Motions for Class Certification and Appointment of Class Counsel

Plaintiffs seek to certify the following four subclasses:

1) Individuals who applied for unemployment benefits in Wisconsin after September 7, 2015, but were denied benefits because they received SSDI benefits;

2) Individuals who were ordered to repay unemployment benefits that they received in Wisconsin after September 7, 2015, because they also received SSDI benefits;

3) Individuals who were ordered to pay a penalty by the State of Wisconsin after September 7, 2015, because they received both SSDI benefits and unemployment benefits; and

4) Individuals who were eligible for unemployment benefits in Wisconsin after September 7, 2015, but would have been deprived of those benefits had they applied.

2

A proposed class or subclass may be certified under Rule 23: (1) the scope of the class and the class claims are clearly defined, using objective criteria under Fed. R. Civ. P. 23(c)(1)(B); (2) the class is sufficiently numerous, includes common questions of law or fact, and is adequately represented by named plaintiffs who have claims typical of the class, Fed. R. Civ. P. 23(a); (3) class counsel is adequate, Fed. R. Civ. P. 23(g)(1); and (4) the class meets the requirements of at least one of the types of class actions listed in Rule 23(b). Accordingly, the court will consider whether the proposed subclasses meet the requirements of Rule 23.

### A. Scope and Definitions of the Proposed Subclasses

There is "an implicit requirement under Rule 23 that a class must be defined clearly and that membership be defined by objective criteria rather than by, for example, a class member's state of mind." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015). This requirement is generally referred to as "ascertainability." *Id.* Class definitions fail this requirement when they are "too vague or subjective, or when class membership was defined in terms of success on the merits (so-called, "fail-safe" classes)," *id.*, or when the class is "indefinite," such as when "[a] significant segment of the class (of unknown and unknowable size) comprises [individuals who] remain unidentified." *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 495 (7th Cir. 2012).

Plaintiff's first and second proposed subclasses are readily ascertainable. Each is clearly defined, as any individual who applied for unemployment benefits and were, respectively, (1) denied because they also received SSDI benefits; or (2) received the

3

unemployment benefits but were later ordered to repay them because they also received SSDI benefits. Defendant should be able to easily identify the individuals who fall into either of these subclasses, and class definitions do not depend on the merits or the class member's subjective actions.

Defendant's only objection to the scope of subclasses one and two is their use of the September 7, 2015, date. Defendant contends that because the named plaintiffs' claims arose in 2019 or later, their claims are subject to a three-year statute of limitations, meaning that the scope of the class should be narrowed to September 7, 2018. However, defendant concedes that a six-year statute of limitations would apply to claims that arose before April 5, 2018, meaning that any individual who applied for unemployment benefits after September 7, 2015, but ultimately did not receive them, have timely claims. (Dft.'s Br. (dkt. #101) 16): Wis. Stat. § 893.53 (2015–16), amended by 2017 Wis. Act 235 (eff. Apr. 5, 2018). Nor is there any material difference between the named plaintiffs' claims and those of individuals who applied before they did. So the scope of the subclasses should reach back to September 7, 2015.

The scope and definition of plaintiffs' third, proposed subclass is problematic because any penalties imposed for false or inaccurate unemployment compensation applications fall outside the scope of this case. Specifically, plaintiffs allege that *some* individuals who received unemployment compensation benefits were later penalized, as authorized by Wis. Stat. § 108.04(11), because they had failed to report their SSDI benefits on their unemployment compensation applications. However, this case is not about penalties. This case is *only* about the legality of § 108.04(12)(f), which prohibits

4

SSDI recipients from receiving unemployment compensation. Plaintiffs have not challenged the provisions of the unemployment compensation statute that authorizes penalties for false or inaccurate reporting. Because the third proposed subclass falls outside the scope of the claims in this case, the court will deny certification of it.

The court will also deny certification of the fourth proposed subclass, which consists of individuals who were eligible unemployment compensation benefits "but were unlawfully deprived of the right to do so even if those class members did not apply." (Plts.' Br. (dkt. #96) 2.) This subclass fails the ascertainability requirement for three reasons. First, the subclass is defined in terms of success on the merits, as the subclass definition states that the members were "unlawfully deprived of the right" to apply for unemployment compensation benefits. As discussed, the Seventh Circuit has instructed that such "fail-safe" classes should not be certified. *Mullins*, 795 F.3d at 657. The second problem is that the subclass appears to be "unknown and unknowable," as plaintiffs have not explained how they would identify individuals who received SSDI benefits and would also have qualified for unemployemnt compensation but did not apply. *See Jamie S.*, 668 F.3d at 495 (when large segments of class are unidentifiable, the class is too indefinite to be certified). The indefiniteness of the subclass is related to the third problem: the subclass arguably depends on the subjective class members' states of mind. In particular, there could be many reasons why someone who received SSDI benefits may have chosen not to apply for unemployment compensation benefits, including that: they were unaware that they could; they did not want to deal with the paperwork; they considered the recoverable amount too little to brother; or they did not feel they needed it. Such individuals could

5

now say that they did not apply because of the statute prohibiting them from doing so, Wis. Stat. § 108.04(12)(f), but their response would be entirely subjective and, thus, unsuitable to support class certification.[1]  Thus, the court will not certify the fourth proposed subclass.

### B.  Numerosity

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  There is no specific numerical requirement, but "a forty–member class is often regarded as sufficient to meet the numerosity requirement." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017).  With respect to numerosity, plaintiffs have submitted expert opinion that approximately 470 people in Wisconsin receive SSDI benefits each year and would have qualified for unemployment compensation benefits but for the restriction in Wis. Stat. § 108.04(12)(f).  (Dkt. #74-1.)

Neither side has presented evidence regarding how many of those 470 individuals fall into subclasses one and two, but defendant has stipulated that subclasses one and two are sufficiently numerous to support class certification.  (Stip. (dkt. #99).)  Specifically, defendant concedes that it would be impacticable to identfy and join as plaintiffs all individuals who applied for but were deemed ineligible to received unemployment

---

[1] Plaintiffs' proposed fourth subclass also raises the question whether individuals who never applied for unemployment compensation benefits would have standing to challenge Wis. Stat. § 108.04(12)(f). *See Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815, 821 (7th Cir. 2014) (plaintiffs did not have standing to challenge a law that provided a benefit they never asked for, even if the law was clear that they did not qualify for the benefit).  Because the court is denying certification of the fourth subclass, the court need not resolve this issue.

compensation benefits in Wisconsin solely because they were receiving SSDI benefits, or who applied for and receivied unemployment compensation benefits but were ordered to repay those benefits because of their receipt of SSDI.  (*Id.*)  Given the parties' stipulation as to numerosity, the court finds the numerosity requirement is satisfied as to subclasses one and two.

### C. Commonality, Typicality and Adequacy of Class Representative

There is significant overlap in the requirements for commonality and typicality under Rule 23(a).  *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982) ("The commonality and typicality requirements of Rule 23(a) tend to merge.").  Both requirements focus on the question whether the court or the factfinder can resolve issues across the class rather than through individualized determinations.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) ("Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'") (citing *General Telephone*, 457 U.S. at 157); *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (typicality is satisfied if class representative's claims have "same essential characteristics" as class members' claims).  In many cases, including this one, the requirement of typicality also merges with the further requirement that the class representative "will fairly and adequately protect the interests of the class."  *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 724 (7th Cir. 2011) (citing Fed. R. Civ. P. 23(a)(4)).  Similar to the typicality inquiry, the adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent.  *Falcon*, 457 U.S. at

7

157–158, n. 13.

Here, defendant does not dispute that the requirements of commonality, typicality and adequacy are satisfied with respect to subclasses one and two, and the court agrees. All subclass members, including the named plaintiffs, suffered the same injury, in that they each applied for unemployment compensation benefits, were otherwise eligible, and were denied or ordered to repay benefits. Nor are there any apparent conflicts of interest within those subclasses.

### D. Adequacy of Class Counsel

Rule 23(g)(1)(A) sets forth four factors that a court must consider before appointing class counsel: the quality of counsel's work in the case; counsel's experience in handling similar cases; counsel's knowledge of the law; and the resources that counsel can devote to the case. The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Rule 23(g)(1)(B). The court is satisfied that class counsel is adequate here, since both class counsel and their law firms have significant experience litigating class actions and represent that they have adequate resources to litigate this case to completion. (Dkt. #81 and Dkt. #83.)

### E. Rule 23(b)(1) and Rule 23(b)(2) Requirements

Plaintiffs seek to certify subclasses under Rule 23(b)(1)(A), which applies when there is a risk that litigating claims individually could lead to inconsistent results and impose "incompatible standards of conduct" on the defendant. Alternatively, plaintiffs

seek certification under Rule 23(b)(2), which applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The court concludes that certification is appropriate under both subsection (b)(1)(A) and (b)(2).

With respect to Rule 23(b)(1)(A), plaintiffs have shown that Wisconsin administrative law judges are already issuing inconsistent decisions and ordering different types of relief based on this court's summary judgment decision. One ALJ ordered that an applicant be awarded unemployment compensation benefits based on the decision, despite the applicant also receiving SSDI benefits. Another ALJ continues to deny unemployment compensation to those who received SSDI benefits. (Dkt. #104-3 and Dkt. #104-4.) As for Rule 23(b)(2), defendant does not dispute that the state has historically applied the challenged statute to all members of the subclasses, meaning it has "acted or refused to act on grounds that apply generally to the class." The continuing risk of inconsistent results or confusion at the state level supports class certification, as does the need for consistent remedies for all class members.

### F. Class Notice

Rules 23(b)(1) and (b)(2) do not require notice, because no one can opt out of subclasses under either subsection. *Ticor Title Ins. Co. v. Brown*, 511 U.S. 117, 121 (1994); *Lewis v. City of Chicago, Illinois*, 702 F.3d 958, 962 (7th Cir. 2012). A court has discretion to issue notice, Fed. R. Civ. P. 23(c)(2), but neither side asks and the court sees no need

9

for it at this stage. Once the court resolves the issue of remedies, however, the court may require notice to all class members.

## II.     Remedies

Both parties have filed briefs on appropriate remedies. Plaintiffs request that the court: (1) enjoin defendant from enforcing the eligibility ban in Wis. Stat. § 108.04(12)(f); (2) order defendant to provide administrative hearings for those who would have been entitled to a hearing but for Wis. Stat. § 108.04(12)(f); (3) order defendant to pay unemployment compensation benefits to class members who were ordered to repay benefits; (4) order defendant to pay any penalty amounts class members were ordered to pay; and (5) order defendant to pay interest on any reimbursement amounts. (Dkt. #97.)

In response, defendant argues that plaintiffs' requests for monetary compensation are all barred by the Eleventh Amendment and plaintiffs' request for follow-up hearings are essentially requests for monetary damages and would otherwise violate state law. (Dkt. #100.) Instead, defendant proposes that an injunction against enforcing the challenged law would be appropriate.

Finally, in their reply brief (dkt. #103), plaintiffs responded to defendant's arguments by raising two, new arguments on which the court would like further briefing:

> (1) The state's sovereign immunity defense does not apply to claims under the Rehabilitation Act; and
>
> (2) The Eleventh Amendment does not apply because state government funds would not be the source of any payments to the class.

10

Before deciding the question of the remedies, therefore, the court will direct defendant to respond to these two arguments. In addition, the court will direct *both* sides to address whether appropriate relief would include requiring the state to reprocess the class members' unemployment applications, rather than holding hearings for each subclass member. After the court considers the parties' arguments, the court will likely then hold oral argument on remedies.

## ORDER

IT IS ORDERED that

1. The parties' stipulation as to numerosity (dkt. #99) is ADOPTED.

2. Plaintiffs' motion to certify class under Rule 23 (dkt. #73) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to subclasses 1 and 2, and the court certifies the following subclasses:

    a) Individuals who applied for unemployment benefits in Wisconsin after September 7, 2015, but were denied benefits because they received SSDI benefits; and

    b) Individuals who were ordered to repay unemployment benefits that they received in Wisconsin after September 7, 2015, because they also received SSDI benefits.

   The motion is DENIED in all other respects.

3. Plaintiffs' motion for the appointment of Paul Kinne of Gingras, Thomsen & Wachs; Heath Straka of Axley Brynelson, LLP; and Victor Forberger as class counsel (dkt. #75) is GRANTED.

4. Defendant may have until June 27, 2025 to file a response to the two issues identified in plaintiffs' reply brief on remedies and to address whether reprocessing of class members' claims would constitute appropriate relief. Plaintiffs may have until July 11, 2025, to file a reply.

5. The final pretrial conference set for August 5, 2025, is CANCELLED, and the second final pretrial conference set for August 12, 2025 is converted to an oral argument on remedies.

6. The remaining deadlines are also STRUCK.

Entered this 11th day of June, 2025.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge