IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN BEMKE, SCOTT COLLETT, JOHN FERIOZZI, JUDY FINTZ, SARAH JAMIESON,
EVAN JOHNSON, TRACY LONG, and CLIFFORD NEUMANN,
on behalf of themselves and similarly-situated individuals,
     *Plaintiffs,*

          Case No. 21-cv-560

v.

AMY PECHACEK, in her official capacity as Secretary-designee of the State of Wisconsin
Department of Workforce Development,
     *Defendant.*

---

**Motion for Immediate Relief as to Current Unemployment Claims**

---

Now come the plaintiffs . . .

1.    On dueling motions for summary judgment, this court found on July 17, 2024, that the SSDI eligibility ban in Wis. Stat. § 108.04(12)(f) illegally discriminates against disabled workers because it has a disparate impact on the disabled workers who receive SSDI benefits.

2.    Since that decision, SSDI recipients are applying for unemployment benefits but still being denied eligibility for those unemployment benefits because of the SSDI eligibility ban. A current example of this problem is presented here.

3.    Treena Rose, who is not a named plaintiff in this case, has sought review in Dane County Circuit Court Case No. 2025CV1090 of a Commission decision denying her unemployment benefits because of the SSDI eligibility ban in Wis. Stat. § 108.04(12)(f). *See* the attached summons and complaint for that case.

4.      Of note: Ms. Rose has filed initial claims and weekly certifications[1] after the 17 July
        2024 decision by this court, Dkt.#93, but is still being denied eligibility for
        unemployment benefits pursuant to the SSDI eligibility ban by the Department of
        Workforce Development and the Labor and Industry Review Commission.

5.      Neither the plaintiffs nor the Secretary sought an interlocutory appeal of this court's July
        17, 2024, decision, Dkt.#93, that held that the SSDI eligibility ban illegally discriminates
        against disabled workers.

6.      Per a new scheduling order, Dkt.#94, discovery and briefing as to certification of classes
        and possible remedies for those classes commenced.[2]

7.      Based on that briefing, there was no dispute that disabled workers who now apply for
        unemployment benefits should no longer be denied eligibility because of the SSDI
        eligibility ban and are now entitled to receive unemployment benefits.[3] That is, there is no
        legal dispute that current SSDI recipients should be allowed to receive unemployment
        benefits as long as they are otherwise qualified. The remaining disputes were over the
        remedies for those harmed by the ban *in the past*.

---

[1]  Initial claims are for reporting a claimant's separation history in order to determine whether
there has been a qualifying or disqualifying job loss. Wis. Admin. Code § DWD 129.01(1).
Weekly certifications are for claimants establishing their eligibility for unemployment
benefits that particular week (and thereby getting paid unemployment benefits) by showing
they are able and available for work, have completed their required work searches (when
required), have not refused any work that week, and have reported their hours of work and
wages from part-time work. Wis. Admin. Code §§ DWD 129.01(2), 128.01, 127.01, 127.02,
126.02, and 126.03.

[2]  The relevant entries are Dkt.#73-83 and 96-98 (plaintiffs' briefing), Dkt.#99 (stipulation as to
numerosity), Dkt.#100-101 (Secretary's responses), and Dkt.#102-104 (plaintiffs' replies).

[3]  While this court entertained the possibility of fashioning a new SSDI benefit offset,
Dkt.#93:11-12, both the named plaintiffs and Sec. Pechacek rejected that possibility.

> The parties agree that ordering offsets or deductions of unemployment insurance
> due to the receipt of SSDI benefits is inappropriate. As Plaintiffs correctly argue,
> "[w]hen a law is declared invalid, courts should leave it to the legislature to
> remedy the defective statute as it sees fit." (Doc. 97:6.) Here, implementing
> offsets or deductions would require state law to be rewritten, which this Court has
> no power to do.

Dkt.#100:12.

8.     On June 11, 2025, Dkt.#106, this court approved of two classes,[4] determined that court notice to class members will be assessed at a later date, and ordered further briefing and oral argument on whether the requested injunctive relief includes monetary relief, whether a sovereign immunity defense is not available under the Rehabilitation Act, whether sovereign immunity claims exist for unemployment benefits (as those benefits are funded by unemployment taxes kept in a federally-controlled trust account), and whether the necessary relief will require re-processing of previously filed claims or new hearings on those claims.

9.     As noted by the court in its order dated 11 June 2025, the "continuing risk of inconsistent results or confusion at the state level supports class certification, as does the need for consistent remedies for all class members." Dkt.#106:8.

10.    In the case of Ms. Rose, the Department has moved to dismiss her case in Dane County circuit court in light of this case but without following this court's determination that the SSDI eligibility ban discriminates against disabled workers and finding her eligible for unemployment benefits. *See* the attached DWD motion and brief to dismiss and the response to that motion and brief.

11.    As already noted by the court, Dkt.#106:9, other SSDI/unemployment cases are already underway. More are expected.

12.    This court's decision to decide the merits of the SSDI eligibility ban prior to certification of classes, Dkt.#32, has led to the current problem of SSDI recipients still being denied unemployment benefits despite a finding by this court, Dkt.#93, that such a denial discriminates against disabled workers.

13.    There is no dispute that, under the doctrine of Ex parte Young, 209 U.S. 123 (1908), prospective relief against a state official in her official capacity to prevent future federal statutory violations is not barred by the Eleventh Amendment.

---

[4]    The approved classes are:

A.   Individuals who, after September 7, 2015, applied for unemployment compensation benefits (UI) in Wisconsin but were denied benefits because they received Social Security Disability Insurance (SSDI) benefits.

B.   Individuals who, after September 7, 2015, were ordered to repay UI benefits they received because they also received SSDI benefits.

14.     As the Secretary has not disputed the court's holding that the SSDI eligibility ban discriminates against disabled workers, there is no reason why the SSDI eligibility ban should continue to be applied to current and new claims for unemployment benefits from SSDI recipients. Continued denial of unemployment eligibility is leading to conflicts with this court and which allow Department staff to continue to discourage SSDI recipients from filing initial claims and weekly certifications. *See* ¶¶ 8, 9, and 11 of the attached complaint involving Ms. Rose.

15.     As noted in ¶8, above, the remaining issues for briefing concern application and administration of the court's holding to prior unemployment claims and over-payments.

16.     By continuing to deny eligibility for unemployment benefits, the Secretary is ignoring this court's findings in Dkt.#93 and this court's certification of classes in Dkt.#106 under the guise that a "final order" from this court has yet to issue. These ongoing denials of unemployment eligibility are only complicating and magnifying the problem of awarding unemployment benefits to those affected by the SSDI eligibility ban and ignores the requirement in California Human Resources Dept. v. Java, 402 U.S. 121, 131-2, 91 S.Ct. 1347, 28 L.Ed.2d 666 (1971), that the "when due" provision of the Social Security Act, 42 USC § 503(a)(1), requires payments of unemployment benefits as quickly as reasonably possible because: "The purpose of the Act was to give prompt if only partial replacement of wages to the unemployed, to enable workers 'to tide themselves over, until they get back to their old work or find other employment, without having to resort to' . . . welfare or private charity."

17.     An order from this court prohibiting the defendant from denying unemployment benefits solely on the grounds that the claimant receives SSDI benefits would in no way interfere with the issues remaining for this court to decide.

18.     For these reasons, plaintiffs move this court to enter injunctive relief in the form of an order directing the defendant, as of July 17, 2024, to no longer deny unemployment benefits for claimants on the grounds that they receive SSDI benefits.

Dated this <u>26th</u> day of June 2025.

Electronically signed by:

Victor Forberger, Esq.
<u>/s/ Victor Forberger</u>
Victor Forberger
WI State Bar No. 1070634
2509 Van Hise Ave., Madison WI 53705
Telephone: 608-352-0138
vforberger@fastmail.fm

Gingras, Thomsen & Wachs, LLP
<u>/s/ Paul A. Kinne</u>
Paul A. Kinne (SBN: 1021493)
Riley C. Leonard (SBN: 1101452)
8150 Excelsior Drive, Madison WI 53717
Tel: (608) 833-2632
Kinne@gtwlawyers.com

Axley Brynelson, LLP
<u>/s/ Heath Straka</u>
Heath Straka (SBN: 1031351)
2 E. Mifflin Street, Ste. 200, Madison WI 53701
Tel: (608) 283-6755
HStraka@axley.com

*Attorneys for plaintiffs*

## Certificate of Service

I certify that on the date indicated below I electronically filed the foregoing notice and enclosure with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

Dated this <u>26th</u> day of June 2025.

Electronically signed by:

<u>/s/ Victor Forberger</u>
Victor Forberger