IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN BEMKE, et al.,

    Plaintiffs,

v.                                     Case No. 21-CV-0560

AMY PECHACEK,

    Defendant.

**DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING REMEDIES**

This Court issued an opinion and order dated June 11, 2025, directing Defendant Amy Pechacek, in her official capacity as Secretary-designee of the Wisconsin Department of Workforce Development (the "Department"), to provide further briefing on two new arguments made by Plaintiffs in their reply brief on remedies, (Dkt. 103): "(1) The state's sovereign immunity defense does not apply to claims under the Rehabilitation Act; and (2) The Eleventh Amendment does not apply because state government funds would not be the source of any payments to the class." (Dkt. 106:10). The Court also asked both parties to answer the following question: (3) "whether appropriate relief would include requiring the state to reprocess the class members' unemployment applications, rather than holding hearing for each subclass member." (Dkt. 106:11.) Defendant responds as follows.

1

I. **The state's sovereign immunity defense does not apply to claims under the Rehabilitation Act.**

This Court held that Plaintiffs could not succeed on a due process or intentional discrimination claim but granted summary judgment to Plaintiffs on their Title II ADA and Rehabilitation Act claims, concluding that Wis. Stat. § 108.04(12)(f) has a disparate impact on disabled persons. (Dkt. 106:1–2.) The Seventh Circuit, in a case in which a private plaintiff brought monetary claims against the state of Illinois under these two federal statutes, dispensed with the ADA and the "thorny question of sovereign immunity" for the purposes of remedy since the plaintiff "can have but one recovery." *Jaros v. Illinois Dep't of Corrs.*, 684 F.3d 667, 672 (7th Cir. 2012). It did so because Illinois waived "its immunity from suits for damages under the Rehabilitation Act as a condition of its receipt of federal funds." *Id.* at 672 n.5 (citing *Stanley v. Litscher*, 213 F.3d 340, 344 (7th Cir. 2000)); *see also Arbogast v. Kansas, Dep't of Labor*, 789 F.3d 1174 (10th Cir. 2015) (holding that a state department waived the state's sovereign immunity under the Rehabilitation Act by accepting federal funds). As Plaintiffs point out, it is not disputed that the Department receives federal funds to administer its unemployment insurance program. (Dkt. 103:3.) Consequently, Wisconsin's sovereign immunity defense does not apply to Plaintiffs' claims brought under the Rehabilitation Act.

## II. The question of whether the Eleventh Amendment applies regardless of state funds not being the source of any payments to the class is not relevant.

Plaintiffs contend that the Eleventh Amendment does not bar their Title II ADA claims for relief—that could result in the retroactive payment of unemployment insurance benefits to them and members of the class—because state funds would not be the source of any payments to the class. (Dkt. 106:10.) Their assertion is wrong as a matter of law, but it is irrelevant.

In *Paschal v. Jackson*, 936 F.2d 940 (7th Cir. 1991), the Seventh Circuit held that the Eleventh Amendment bars a federal court from ordering a state to pay unemployment insurance benefits to private plaintiffs who brought due process claims. The court preferred "an approach that disregards the source of state funds" for Eleventh Amendment purposes. *Id.* at 944. What mattered to the court is not where a state gets the money to satisfy a judgment but rather is "that the judgment runs against the state." *Id.* The court explained that the plaintiffs' "trust fund argument" in that case, the same one Plaintiffs make here, "flies in the face of two United States Supreme Court decisions that have held that the segregation of funds does not abrogate the eleventh amendment." *Id.* (citing *Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573 (1946), and *Great N. Life Ins. Co. v. Read*, 322 U.S. 47 (1944)). Here, the Eleventh Amendment does indeed bar Plaintiffs' monetary-based claims for relief under

Title II of the ADA even assuming Wisconsin state government funds would not be the source of any payments to the class.

But as explained above, Defendant has conceded that Plaintiffs' claims under the Rehabilitation Act are not barred by the Eleventh Amendment and, thus, assuming its merits decision was correct, this Court may issue an order directing Defendant to reprocess the class members' applications for benefits. And case law holds that this Court need not address remedies under Plaintiffs' Title II ADA claims when the relief is "coextensive" to relief under the Rehabilitation Act. *Jaros*, 684 F.3d at 671. Consequently, even though the Eleventh Amendment bars Plaintiffs' ADA claims for monetary-based relief, this Court need not address the issue.

### III. Assuming the Court's summary judgment decision is correct, appropriate relief is an order enjoining enforcement of Wis. Stat. § 108.04(12)(f) and directing the reprocessing of the class members' applications for unemployment insurance.

Lastly, the appropriate relief in this case may be twofold. First, assuming this Court's summary judgment decision on the merits is correct, an order directing Defendant to stop enforcing Wis. Stat. § 108.04(12)(f) would be appropriate because, even if the state of Wisconsin did not waive its sovereign immunity under the Rehabilitation Act, such prospective relief does not violate the Eleventh Amendment under the *Ex parte Young* doctrine. Defendant would not oppose such an order being issued before final resolution of any retroactive-

based relief.[1] Second, to the extent this Court orders retroactive-based relief, an order directing Defendant to reprocess the class members' applications that were denied based on receipt of SSDI benefits, if they still wanted them processed, would be proper.

Under Wis. Stat. § 108.09, the first step in an employee's attempt to obtain unemployment insurance benefits is the filing of an application under the Department's rules. Wis. Stat. § 108.09(1). This prompts notification to the employer of the claim and allows the employer to inform the Department of any objections and reasons. *Id.* The Department may also obtain more information from the employee. *Id.*

After the necessary information is obtained from the parties, the Department issues a computation of the employee's potential benefits and sends it to the employee. Wis. Stat. § 108.09(2)(a). The Department is required to "issue determinations whenever necessary to resolve any matters that may bar, suspend, terminate or otherwise affect the employee's eligibility for benefits or to resolve any liability for penalties." Wis. Stat. § 108.09(2)(b).

---

[1] As Defendant noted previously, to the extent an injunction is ordered, Defendant requests, for ease of administration, that it specify that it becomes effective on a Sunday because unemployment insurance benefits are paid weekly, Sunday through Saturday. Wis. Stat. § 108.02(27) (defining what a "week" is in Wis. Stat. ch. 108).

Each determination is emailed or mailed (to the last known address) of each party. Wis. Stat. § 108.09(2)(d). Upon receipt of the determination, "[a]ny party to a determination may request a hearing as to any matter in that determination" if timely made according to the Department's procedures. Wis. Stat. § 108.09(2r). Hearings are then held, where each party is given the opportunity to be heard. Wis. Stat. § 108.09(3)–(4). The Department issues a decision, which can be appealed to the Wisconsin Labor and Industry Review Commission, Wis. Stat. § 108.09(4)(a), (5)–(6), and then to the Wisconsin courts.

Here, Plaintiffs' request for an order directing Defendant to hold administrative hearings for class members denied unemployment insurance benefits because of receipt of SSDI benefits skips over much of the statutorily mandated pre-hearing procedure for claims. Plaintiffs cannot ask this Court to bar enforcement of state law not at issue in this action. *See Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 521 (7th Cir. 2021) ("[A] federal injunction prevents state officials from enforcing *the challenged statute*, . . . based on its incompatibility with federal law."). Plaintiffs' request would also prevent the Department from making new "determinations" on the class members' applications, as required by Wis. Stat. § 108.09(2)(b), in consideration of any injunction against enforcement of Wis. Stat. § 108.04(12)(f) issued by this Court. Indeed, state law already contemplates the Department's setting aside

6

or amending determinations based on an error of law and issuing new ones, so any order from this Court that Defendant process the class members' applications anew would not stray far from what is already permitted by state law. *See* Wis. Stat. § 108.09(2)(c) (The Department may set aside or amend a determination within two years on basis of correcting a mistake, "including an error of law.").

Moreover, the Department's determinations may cite reasons for denial of unemployment insurance separate and apart from the receipt of SSDI benefits. Plaintiffs' request to jump ahead to the hearing phase of the eligibility process further infringes upon the employee's right to choose for himself whether to file a hearing request. Some class members may reasonably not want a hearing if they do not believe they can overcome any other grounds for denial issued by the Department. And because such class members may not even want their applications reprocessed, it would be inappropriate to grant them all hearings.[2]

---

[2] Also, some class members may have received cash benefits from the Department under a program different from the unemployment insurance program during the COVID-19 pandemic, for example, but now find themselves retroactively eligible for unemployment insurance during that period. If unemployment insurance benefits are paid out to these class members, the Department will make determinations to recover the other benefits paid out (which could be more than the unemployment insurance benefits). Class members may oppose such an overpayment recovery through the administrative process but not this Court.

7

Further, there are logistical reasons against ordering hearings rather than following statutory procedure and reprocessing class members' initial claims. Applications may be years old and, as a result, the employees may no longer be at the last known address, may no longer reside in Wisconsin, or may no longer have any documents or memory necessary for a hearing; and their former employers may no longer be in business. The Department should determine how these issues affect each determination before any hearing occurs, if one needs to occur at all.

An order that requires Defendant to schedule hearings runs contrary to the statutory eligibility process and disregards the choice of an employee to request one in the first instance. The order sought by Plaintiffs would be an improper remedy. To the extent this Court decides to issue retroactive relief, Defendant asks the Court to direct her to reprocess the class members' applications.

Dated this 27th day of June 2025.

        Respectfully submitted,

        JOSHUA L. KAUL
        Attorney General of Wisconsin

        Electronically signed by:

        <u>s/ Steven C. Kilpatrick</u>
        STEVEN C. KILPATRICK
        Assistant Attorney General
        State Bar #1025452

        CLAYTON P. KAWSKI
        Assistant Attorney General
        State Bar #1066228

        KARLA Z. KECKHAVER
        Assistant Attorney General
        State Bar # 1028242

        Attorneys for Defendant Amy Pechacek

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1792 (Kilpatrick)
(608) 266-8549 (Kawski)
(608) 264-6365 (Keckhaver)
(608) 294-2907 (Fax)
kilpatricksc@doj.state.wi.us
kawskicp@doj.state.wi.us
keckhaverkz@doj.state.wi.us