IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN BEMKE, et al.,

    Plaintiffs,

v.                                Case No. 21-CV-0560

AMY PECHACEK,

    Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR IMMEDIATE RELIEF AS TO CURRENT UNEMPLOYMENT CLAIMS

Defendant Amy Pechacek, in her official capacity as Secretary-designee of the Wisconsin Department of Workforce Development (the "Department"), by her attorneys, responds to Plaintiffs' Motion for Immediate Relief as to Current Unemployment Claims, (Dkt. 108), as follows.

On July 17, 2024, this Court granted summary judgment to Plaintiffs on their Title II ADA and Rehabilitation Act claims, concluding that Wis. Stat. § 108.04(12)(f) has a disparate impact on disabled workers seeking unemployment insurance benefits. (Dkt. 106:1–2.) Since that time, as Plaintiffs point out, the parties have briefed the issue of the proper remedies to be entered by this Court, (Dkt. 108 ¶ 6 n.2), and oral argument is scheduled for August 20, 2025, to address the issue. (Dkt. 110 (text-only order).)

1

Nonetheless, Plaintiffs now "move this court to enter injunctive relief in the form of an order directing the defendant, as of July 17, 2024, to no longer deny unemployment benefits for claimants on the grounds that they receive SSDI benefits." (Dkt. 108 ¶ 18.)

While preserving Defendant's right to appeal this Court's summary judgment decision, Defendant does not oppose an injunction barring *prospective* enforcement of Wis. Stat. § 108.04(12)(f). Defendant has taken similar positions in two previous filings. (*See* Dkt. 109:4–5; 100:13.)

"Injunctive relief is prospective relief." *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 521 (7th Cir. 2021). "An injunction is an exercise of a court's equitable authority, to be ordered only after taking into account all of the circumstances that bear *on the need for prospective relief*." *Salazar v. Buono*, 559 U.S. 700, 714 (2010) (emphasis added). Here, because Defendant, as a state officer, must enforce Wis. Stat. § 108.04(12)(f) as to *current* claims for unemployment insurance absent a clear order from this Court directing her to cease, an immediate injunction from this Court would not exceed its equitable authority and would be proper.

However, Defendant opposes Plaintiffs' motion for immediate relief to the extent it demands *retroactively* barring enforcement of Wis. Stat. § 108.04(12)(f) as to any unemployment insurance claims that were filed on or after July 17, 2024. Specifically, Plaintiffs request that this Court "enter

injunctive relief in the form of an order directing the defendant, *as of July 17, 2024*, to no longer deny unemployment benefits for claimants on the grounds that they receive SSDI benefits." (Dkt. 108 ¶ 18 (emphasis added).) Under *Valcq*, *Ex parte Young* "applies only when a plaintiff seeks prospective relief against an ongoing violation of federal law." 16 F.4th at 521. As a result, Plaintiffs are not entitled to any retroactive injunction as to their Title II ADA claims. Moreover, case law simply does not entitle Plaintiffs to an order for retroactive injunctive relief at all, even as to their Rehabilitation Act claims. *Id.*; *Salazar*, 559 U.S. at 714.

Defendant reiterates that, to the extent retroactive relief is granted for Plaintiffs' Rehabilitation Act claims, any order directed at her relating to class members' past applications and weekly certifications for unemployment insurance should be issued after oral argument on the issue of remedies set for August 20, and should direct her to issue new determinations, rather than direct her to hold administrative hearings. (*See* Dkt. 109:4–8.)

In conclusion, Defendant does not oppose Plaintiffs' motion for immediate relief to the extent it seeks a prospective injunction barring her from enforcing Wis. Stat. § 108.04(12)(f). But this Court should deny any request for *retroactive* injunctive relief.

Dated this 3rd day of July 2025.

      Respectfully submitted,

      JOSHUA L. KAUL
      Attorney General of Wisconsin

      Electronically signed by:

      <u>s/ Steven C. Kilpatrick</u>
      STEVEN C. KILPATRICK
      Assistant Attorney General
      State Bar #1025452

      CLAYTON P. KAWSKI
      Assistant Attorney General
      State Bar #1066228

      KARLA Z. KECKHAVER
      Assistant Attorney General
      State Bar # 1028242

      Attorneys for Defendant Amy Pechacek

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1792 (Kilpatrick)
(608) 266-8549 (Kawski)
(608) 264-6365 (Keckhaver)
(608) 294-2907 (Fax)
Steven.Kilpatrick@wisdoj.gov
Clayton.Kawski@wisdoj.gov
Karla.Keckhaver@wisdoj.gov