```
ID: 140709510   PAGE   1 OF   1        State of Wisconsin                        DI200      GXN
SEE REVERSE SIDE FOR                   Department of Workforce Development
IMPORTANT INFORMATION                  Division of Unemployment Insurance
```

SS # ████████   UI LO #: 05
   UI Acct. #:

EAU CLAIRE HEARING OFFICE COPY 

DUPLICATE
DETERMINATION

JUDY R FINTZ
4625 MORMON COULEE RD TRLR 87
LA CROSSE  WI 54601-8250

| Issue Week: | 52/14 | Applicable Wisconsin Law: | 108.04(2)(H) AND 108.04(12)(F) |
|---|---|---|---|
| Week Ending: | 12/27/14 | | |

FINDINGS AND DETERMINATION OF THE DEPUTY:

THE CLAIMANT REPORTED RECEIVING SOCIAL SECURITY DISABILITY PAYMENTS. THE CLAIMANT CANNOT RECEIVE SOCIAL SECURITY DISABILITY PAYMENTS AND UNEMPLOYMENT INSURANCE BENEFITS CONCURRENTLY.

EFFECT

BENEFITS ARE DENIED WHILE THE CLAIMANT IS RECEIVING SOCIAL SECURITY DISABILITY PAYMENTS. IF YOU ANSWERED IN ERROR OR YOUR CIRCUMSTANCES HAVE CHANGED CALL 1 800 494-4944.

| DEPUTY | DATE MAILED | THIS APPEAL FILED 01/05/15 DECISION FINAL UNLESS A WRITTEN APPEAL IS RECEIVED OR POSTMARKED BY: |
|---|---|---|
| ADJUDICATOR 5198 | 12/29/14 | 01/12/15 |

UCB-20 (R. 7/24/97)  (U00242)

DWD 000217

# Claimant Appeal

RECEIVED
JAN -5 REC'D
EAU CLAIRE HEARING OFFICE

Claimant's name   Judy Fintz

SS#   ▮▮▮▮▮▮▮▮▮

determination #   140709510

name of employer   Sodexo (Whitney Center U.W.L.)
address   515 North 15th St,
La Crosse, WI. 54601

I am appealing the recent situation involving U.I. and SSDI. I need My UI! I only receive $815 (after pensions) from SSDI. Taking the whole check is wrong! (U.I.)

X- Judy Fintz
1-2-15

DWD 000218

EAU CLAIRE HEARING OFFICE
715 S. Barstow Street, Suite #1
Eau Claire, WI 54701

Telephone:   (715) 836-6567
Fax:         (715) 836-1360

**APPEAL TRIBUNAL DECISION**

State of Wisconsin
Department of Workforce Development
Unemployment Insurance

Mailed to:

** FILE COPY **

Hearing No. 15200022EC

In the matter of:

Employee: JUDY R FINTZ, APPELLANT

B.C. & S.S. No.: ▮▮▮▮▮

vs.

Employer: NOT APPLICABLE

UI Account No.:

APPEAL RIGHTS

    THIS DECISION WILL BECOME FINAL UNLESS A WRITTEN PETITION FOR REVIEW BY THE LABOR AND INDUSTRY REVIEW COMMISSION IS FILED WITHIN 21 DAYS FROM THE DATE OF THIS DECISION. (SEE DATE BELOW.) THE REQUIRED PROCEDURES TO FILE A PETITION FOR COMMISSION REVIEW ARE DESCRIBED ON THE BACK OF THIS PAGE. THE COMMISSION WILL REVIEW THE EVIDENCE ALREADY PRESENTED AT THE HEARING TO MAKE A DECISION. NO FURTHER HEARING WILL BE HELD UNLESS THE COMMISSION SO ORDERS.
    A CLAIMANT WHO IS STILL UNEMPLOYED SHOULD CONTINUE TO FILE CLAIMS WHILE THE REVIEW IS PENDING. IF THIS DECISION ALLOWS BENEFIT PAYMENT, PAYMENTS WILL BE MADE AND WILL CONTINUE UNLESS A LATER DECISION DENIES BENEFIT PAYMENT. IF THIS DECISION OR ANY HIGHER LEVEL DECISION REVERSES AND RESULTS IN A DENIAL OF BENEFIT PAYMENT, THE CLAIMANT WILL BE REQUIRED TO REPAY PREVIOUSLY PAID BENEFITS.
    ANOTHER HEARING WILL NOT BE SCHEDULED UNLESS A PARTY WHO FAILED TO APPEAR SHOWS GOOD CAUSE FOR NOT APPEARING AT THE HEARING ORIGINALLY SCHEDULED. THE REQUEST FOR RESCHEDULING MUST BE IN WRITING, MUST EXPLAIN THE REASON FOR FAILING TO APPEAR, AND SHOULD BE MAILED IMMEDIATELY TO THE UI HEARING OFFICE ABOVE. IF YOU DO NOT UNDERSTAND THE PROCEDURE, CALL THE UI HEARING OFFICE FOR ASSISTANCE.

DECISION: SEE ATTACHED DECISION WHICH REVERSES IN PART AND AFFIRMS IN PART THE INITIAL DETERMINATION.

Employee appeared by:

IN PERSON

Employer appeared by:

NOT APPLICABLE

| Administrative Law Judge | Dated and Mailed | Petition Must Be Received or Postmarked By: |
|---|---|---|
| LEANN R. PROCK | JANUARY 22, 2015 | FEBRUARY 12, 2015 |

(SEE REVERSE FOR ADDITIONAL INFORMATION)

Decision mailed to:
   JUDY R FINTZ, 4625 MORMON COULEE RD TRLR 87, LA CROSSE, WI 54601-8250
   MRS JOYCE FINTZ, 154 LAKE MERYL DRIVE, #252, WEST PALM BEACH, FL 33411

UCL-8035-ECL (R.09/2011) (U00804)

DWD 000219

15200022EC

**THE DEPARTMENT'S DETERMINATION HELD:** that beginning in week 52 of 2014, the claimant was receiving social security disability payments. As a result, unemployment benefits were denied beginning in that week.

Based on the applicable records and evidence in this case, the appeal tribunal makes the following

### FINDINGS OF FACT and CONCLUSIONS OF LAW

Since 2007, the claimant has been receiving social security disability insurance (SSDI) payments. She also worked as a utility worker for a food service business at a university. She filed a claim for unemployment benefits during the calendar week ending December 27, 2014 (week 52).

The issue to be determined is whether the claimant is ineligible for unemployment benefits because of the receipt of social security disability payments.

Due to a disability, the claimant receives social security disability payments. The payments are received during the first week of the month. The monthly amount is about $815.

The claimant contended that she should be eligible for unemployment benefits and social security disability benefits. That contention cannot be sustained for the weeks in which she actually receives her payments, but is sustained for all other weeks.

Wis. Stat. § 108.04(12)(f)(1), provides:

> (f) 1. Any individual who actually receives social security disability insurance benefits under 42 USC ch. 7 subch. II in a given week is ineligible for benefits paid or payable in that same week under this chapter.

The Labor and Industry Review Commission has held that "the plain meaning of the statute requires ineligibility for unemployment benefits only in those weeks that the claimant actually receives SSDI benefits." *In re Gary D. Kluczynski*, UI Dec. Hearing No. 14400214AP (LIRC May 30, 2014). In this case, that was in week 1 of 2015 and will be the first week of the month for subsequent months.

The appeal tribunal therefore finds that the claimant is ineligible for benefits in week 1 of 2015 and any week thereafter in which she actually receives social security disability payments under 42 USC ch. 7 subch. II, and is eligible for benefits in other weeks in which she does not actually receive social security disability payments, within the meaning of section 108.04(12)(f) of the statutes.

## DECISION

The department's determination is affirmed in part and reversed in part. Accordingly, the claimant is eligible for the payment of benefits for week 52 of 2014. She is ineligible for benefits in week 1 of 2015. She is eligible for benefits in any week thereafter in which she does not actually receive social security disability payments, if otherwise qualified.

APPEAL TRIBUNAL

By: _/s/ LeAnn Prock_
LeAnn Prock
Administrative Law Judge

REMAND NOTE: Because the claimant is receiving social security disability insurance payments, this matter is remanded to the department to investigate whether the claimant was able to work and available for suitable work in her labor market. After the investigation has been completed, the department may issue a determination on that issue.

ID: 150509931   PAGE   1 OF   1

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

State of Wisconsin   DI200   J2K
Department of Workforce Development
Division of Unemployment Insurance

SS # [redacted]

UI LO #:  05
UI Acct. #:

**DUPLICATE DETERMINATION**

EAU CLAIRE HEARING OFFICE COPY

JUDY R FINTZ
4625 MORMON COULEE RD TRLR 87
LA CROSSE  WI  54601-8250

| Issue Week: | 51/15 | Applicable Wisconsin Law: | 108.04(2)(H); 108.04(12)(F) |
|---|---|---|---|
| Week Ending: | 12/19/15 | | |

FINDINGS AND DETERMINATION OF THE DEPUTY:

THE CLAIMANT REPORTED RECEIVING SOCIAL SECURITY DISABILITY PAYMENTS. THE CLAIMANT CANNOT RECEIVE SOCIAL SECURITY DISABILITY PAYMENTS AND UNEMPLOYMENT INSURANCE BENEFITS CONCURRENTLY.

EFFECT

BENEFITS ARE DENIED WHILE THE CLAIMANT IS RECEIVING SOCIAL SECURITY DISABILITY PAYMENTS.

IF YOU ANSWERED IN ERROR, OR YOUR CIRCUMSTANCES HAVE CHANGED, CALL 1-800-494-4944.

| DEPUTY | DATE MAILED | THIS APPEAL FILED 01/04/16 DECISION FINAL UNLESS A WRITTEN APPEAL IS RECEIVED OR POSTMARKED BY: |
|---|---|---|
| ADJUDICATOR 5022 | 12/17/15 | 01/04/16 |

UCB-20 (R. 7/24/97) (U00242)

This is a Claimant Appeal versus the new determination

Claimant's name: Judy Fintz
SS# ████████████

ID# 150509931

Chartwells - UWLaCrosse - name of employer - Compass Group

Reason for Appeal:

I have way too many bills, credit card payments, medicare, chiropractic adjustments, to lose any more unemployment insurance, I don't make much from SSDI, and have been at my job for almost 9 years. I get $920 before the deduction of $104.90 which turns into $815 a month

Judy Fintz  12-28-15

| | | |
|---|---|---|
| EAU CLAIRE HEARING OFFICE<br>715 S. Barstow Street, Suite #1<br>Eau Claire, WI 54701 | **APPEAL TRIBUNAL<br>DECISION** | State of Wisconsin<br>Department of Workforce Development<br>Unemployment Insurance |
| Telephone: (715) 836-6567<br>Fax: (715) 836-1360 | | |

Hearing No. 16200021EC

Mailed to:

In the matter of:

Employee: JUDY R FINTZ, APPELLANT

B.C. & S.S. No.: ███████████

** FILE COPY **

vs.

Employer: NOT APPLICABLE

UI Account No.:

APPEAL RIGHTS

THIS DECISION WILL BECOME FINAL UNLESS A WRITTEN PETITION FOR REVIEW BY THE LABOR AND INDUSTRY REVIEW COMMISSION IS FILED WITHIN 21 DAYS FROM THE DATE OF THIS DECISION. (SEE DATE BELOW.) THE REQUIRED PROCEDURES TO FILE A PETITION FOR COMMISSION REVIEW ARE DESCRIBED ON THE BACK OF THIS PAGE. THE COMMISSION WILL REVIEW THE EVIDENCE ALREADY PRESENTED AT THE HEARING TO MAKE A DECISION. NO FURTHER HEARING WILL BE HELD UNLESS THE COMMISSION SO ORDERS.

A CLAIMANT WHO IS STILL UNEMPLOYED SHOULD CONTINUE TO FILE CLAIMS WHILE THE REVIEW IS PENDING. IF THIS DECISION ALLOWS BENEFIT PAYMENT, PAYMENTS WILL BE MADE AND WILL CONTINUE UNLESS A LATER DECISION DENIES BENEFIT PAYMENT. IF THIS DECISION OR ANY HIGHER LEVEL DECISION REVERSES AND RESULTS IN A DENIAL OF BENEFIT PAYMENT, THE CLAIMANT WILL BE REQUIRED TO REPAY PREVIOUSLY PAID BENEFITS.

ANOTHER HEARING WILL NOT BE SCHEDULED UNLESS A PARTY WHO FAILED TO APPEAR SHOWS GOOD CAUSE FOR NOT APPEARING AT THE HEARING ORIGINALLY SCHEDULED. THE REQUEST FOR RESCHEDULING MUST BE IN WRITING, MUST EXPLAIN THE REASON FOR FAILING TO APPEAR, AND SHOULD BE MAILED IMMEDIATELY TO THE UI HEARING OFFICE ABOVE. IF YOU DO NOT UNDERSTAND THE PROCEDURE, CALL THE UI HEARING OFFICE FOR ASSISTANCE.

DECISION:    SEE ATTACHED DECISION WHICH AFFIRMS THE INITIAL DETERMINATION.

Employee appeared by:

JOYCE FINTZ
AGENT

Employer appeared by:

NOT APPLICABLE

| Administrative Law Judge | Dated and Mailed | Petition Must Be Received or Postmarked By: |
|---|---|---|
| JEFFREY R. PAWELSKI | JANUARY 20, 2016 | FEBRUARY 10, 2016 |

(SEE REVERSE FOR ADDITIONAL INFORMATION)

Decision mailed to:
JUDY R FINTZ, 4625 MORMON COULEE RD TRLR 87, LA CROSSE, WI 54601-8250
JOYCE FINTZ, 106 LAKE TERRY DRIVE, WEST PALM BEACH, FL 33411

UCL-8035-ECL (R.09/2011) (U00B04)

DWD 000224

16200021EC

THE DEPARTMENT'S DETERMINATION HELD: that beginning in week 51 of 2015, the claimant was receiving social security disability payments. As a result, unemployment benefits were denied beginning in that week.

Based on the applicable records and evidence in this case, the appeal tribunal makes the following

## FINDINGS OF FACT and CONCLUSIONS OF LAW

The claimant has been claiming unemployment benefits for a long time. She also has been receiving social security disability payments for several years. She was still claiming unemployment benefits and receiving social security disability payments in week 51 of 2015. The claimant works part-time for an employer. She is allowed to work up to twenty-two hours per week and still receive her social security disability payments. She is paid her social security disability payments for the entire month on the third day of each month.

The issue to be determined is whether the claimant is ineligible for unemployment benefits because of the receipt of social security disability payments.

The claimant contended that she should be eligible for unemployment benefits despite her receipt of social security disability benefits. That contention cannot be sustained.

Wisconsin Stat. § 108.04(12)(f)1, provides:

> Any individual who actually receives social security disability insurance benefits under 42 USC ch. 7 subch. II in a given week is ineligible for benefits paid or payable in that same week under this chapter.

The claimant asserted that she is a hard worker and the denial of benefits creates a hardship for her. Although the appeal tribunal is sympathetic to the claimant's position, Wis. Stat. § 108.09(3)(b) provides that the appeal tribunal must issue a decision consistent with state and federal law. Here, the claimant receives social security disability insurance benefits each month and those payments provide coverage to her for the entire month. It is therefore considered that for purposes of Wisconsin Stat. § 108.04(12)(f)1 she "receives" such benefits in each week of the month that those benefits are paid, and not just in the week that she receives a physical check or payment. *See Wisconsin Dep't of Workforce Dev. v. Wisconsin Labor & Indus. Comm'n & Morse*, Case No. 14CV752 (Wis. Cir. Ct. Washington Cnty. July 7, 2015); *Wisconsin Dep't of Workforce Dev. v. Wisconsin Labor & Indus. Comm'n & Bullock*, Case No. 14CV3249 (Wis. Cir. Ct. Dane Cnty. May 27, 2015); and *Wisconsin Dep't of Workforce Dev. v. Wisconsin Labor & Indus. Comm'n & Plotz*, Case No. 14CV308 (Wis. Cir. Ct. Marinette Cnty. July 23, 2015, bench decision). Therefore, because the claimant is receiving social security disability payments for each month, she is not entitled to any unemployment insurance benefit payments.

DWD 000225

16200021EC

The appeal tribunal therefore finds that as of week 51 of 2015, the claimant was receiving social security disability payments under 42 USC ch. 7 subch. II, within the meaning of section 108.04(12)(F) of the statutes.

## DECISION

The department's determination is affirmed. Accordingly, the claimant is ineligible for benefits beginning in week 51 of 2015, and while she continues to collect social security disability payments.

APPEAL TRIBUNAL

By: _____
Jeffrey R. Pawelski
Administrative Law Judge

JRP:jrp

2

Petition for Commission Review

Hearing Number 162 00021 EC

Judy R. Fintz

RECEIVED
JAN 27 2016
EAU CLAIRE HEARING OFFICE

Dear Commission, I feel the new decision and law is unfair. It removes incentive for me at my job, because I am off for the summer. I have been there a long time (9) years, and shouldn't have to find another job.

I have many bills and I don't make that much. I owe premiums of $104.90. I have credit card payments and chiropractor adjustments to make because of my arthritis. I get $815 a month after the deduction. Food prices are higher then ever and my boyfriend is unemployed as well. I also own a beautiful cat that deserves care. I also have Alopecia Areata, which is a hair loss disease, that requires me to purchase hair pieces, that are not cheap.

I should at least be able to get 50% of my unemployment insurance. I have a disability and deserve my SSDI and unemployment insurance. It's not a lot of money to live on these days with inflation. I have blood pressure, cholesterol, and asthma pills to purchase. So please reconsider the decision, and how it would feel if one of your relatives were in this situation. I feel as though that I am being discriminated by the State. Please overturn and correct the decision. Sincerely Yours,

Judy R Fintz
Judy R Fintz                    1-22-16

106 LAKE TERRY DR.
W.P.B., FL 33411
JAN 25, 2016

EAU CLAIRE HEARING OFC.
215 S. BARSTOW ST. STE #1
EAU CLAIRE, WI 54701

RECEIVED
FEB 8 2016
EAU CLAIRE HEARING OFFICE

RE: JUDY R. FINTZ,
    APPELLANT
BC+SS NO ▇▇▇▇▇▇▇▇

DEAR SIRS:
    I RECEIVED IN TODAY'S MAIL A DECISION DATED JAN. 20 2016 WHICH STATES JUDY IS INELIGIBLE TO RECEIVE UNEMPLOYMENT INSURANCE BECAUSE SHE IS A DISABLED PERSON RECEIVING SSD PAYMENTS.
    I SAY WE ARE COMPLETELY MISSING THE ISSUE. FEDERAL LAW CLEARLY SAYS THAT SHE CAN EARN OR WORK 22 HOURS A WEEK, OR 100 HOURS A MONTH. SHE HAS BEEN DOING THIS TO SUPPLEMENT THE SSD PAYMENTS. THE EMPLOYER IS A FOOD SERVICE TO A COLLEGE AND PLACES HIS EMPLOYEES ON TEMPORARY UNEMPLOYMENT ON SCHOOL HOLIDAYS, i.e. CHRISTMAS, EASTER, SUMMER AND HE PAYS INTO UNEMPLOYMENT INS FOR ALL HIS EMPLOYEE, SSD OR NOT.

RECEIVED
FEB 8 2016
EAU CLAIRE HEARING OFFICE

Joyce B Fintz
Jan 25, 2016

This is not new. It has been customary for years. The able-bodied employees are not questioned about this, and get a larger unemployment benefit. However, the poor disabled person, trying to live, pay for food, clothing, shelter and carfare to get to work, is being denied the measley $99 which would go towards food or medications. The federal law of SSD is not being considered at all in your decision.

If State of Wisconsin is looking for more homeless, hungry people to be sleeping in the streets, this is one way to do it. Pick on the poor, helpless, who are trying hard to keep body and soul together, and working, not seeking public welfare. This is a part-time situation caused by the nature of college life schedules. I hereby state this a petition to review and is being filed timely. Very truly yours

Joyce Fintz
*Joyce Fintz*

DWD 000229

RECEIVED
FEB 8 2016
EAU CLAIRE HEARING OFFICE

2/3/2016

P.S.

I WROTE THIS LETTER JANUARY 25th UPON RECEIPT OF THE DENIAL.

I DID NOT MAIL IT SOONER BECAUSE JUDY SAID SHE WAS SENDING HER OWN PETITION.

NOW SHE FOUND OUT THAT I CAN SUBMIT SOMETHING ALSO.

VERY TRULY YOURS

Joyce Fintz

DWD 000230

| | | |
|---|---|---|
| EAU CLAIRE HEARING OFFICE<br>715 S. Barstow Street, Suite #1<br>Eau Claire, WI 54701 | **APPEAL TRIBUNAL<br>DECISION** | State of Wisconsin<br>Department of Workforce Development<br>Unemployment Insurance |
| Telephone: (715) 836-6567<br>Fax: (715) 836-1360 | | |

Hearing No. 16200021EC

Mailed to:

JOYCE FINTZ
106 LAKE TERRY DRIVE
WEST PALM BEACH  FL  33411

In the matter of:

Employee: JUDY R FINTZ, APPELLANT

B.C. & S.S. No.: ▮

vs.

Employer: NOT APPLICABLE

UI Account No.:

**APPEAL RIGHTS**

THIS DECISION WILL BECOME FINAL UNLESS A WRITTEN PETITION FOR REVIEW BY THE LABOR AND INDUSTRY REVIEW COMMISSION IS FILED WITHIN 21 DAYS FROM THE DATE OF THIS DECISION. (SEE DATE BELOW.) THE REQUIRED PROCEDURES TO FILE A PETITION FOR COMMISSION REVIEW ARE DESCRIBED ON THE BACK OF THIS PAGE. THE COMMISSION WILL REVIEW THE EVIDENCE ALREADY PRESENTED AT THE HEARING TO MAKE A DECISION. NO FURTHER HEARING WILL BE HELD UNLESS THE COMMISSION SO ORDERS.

A CLAIMANT WHO IS STILL UNEMPLOYED SHOULD CONTINUE TO FILE CLAIMS WHILE THE REVIEW IS PENDING. IF THIS DECISION ALLOWS BENEFIT PAYMENT, PAYMENTS WILL BE MADE AND WILL CONTINUE UNLESS A LATER DECISION DENIES BENEFIT PAYMENT. IF THIS DECISION OR ANY HIGHER LEVEL DECISION REVERSES AND RESULTS IN A DENIAL OF BENEFIT PAYMENT, THE CLAIMANT WILL BE REQUIRED TO REPAY PREVIOUSLY PAID BENEFITS.

ANOTHER HEARING WILL NOT BE SCHEDULED UNLESS A PARTY WHO FAILED TO APPEAR SHOWS GOOD CAUSE FOR NOT APPEARING AT THE HEARING ORIGINALLY SCHEDULED. THE REQUEST FOR RESCHEDULING MUST BE IN WRITING, MUST EXPLAIN THE REASON FOR FAILING TO APPEAR, AND SHOULD BE MAILED IMMEDIATELY TO THE UI HEARING OFFICE ABOVE. IF YOU DO NOT UNDERSTAND THE PROCEDURE, CALL THE UI HEARING OFFICE FOR ASSISTANCE.

**DECISION:** SEE ATTACHED DECISION WHICH AFFIRMS THE INITIAL DETERMINATION.

Employee appeared by:

JOYCE FINTZ
AGENT

Employer appeared by:

NOT APPLICABLE

| Administrative Law Judge | Dated and Mailed | Petition Must Be Received or Postmarked By: |
|---|---|---|
| JEFFREY R. PAWELSKI | JANUARY 20, 2016 | FEBRUARY 10, 2016 |

(SEE REVERSE FOR ADDITIONAL INFORMATION)

Decision mailed to:
JUDY R FINTZ, 4625 MORMON COULEE RD TRLR 87, LA CROSSE, WI 54601-8250
JOYCE FINTZ, 106 LAKE TERRY DRIVE, WEST PALM BEACH, FL 33411

UCL-8035-ECL (R.09/2011) (U00904)

DWD 000231

STATE OF WISCONSIN
LABOR AND INDUSTRY REVIEW COMMISSION
P O BOX 8126, MADISON, WI 53708-8126
http://lirc.wisconsin.gov/

JUDY R FINTZ, Employee
4625 MORMON COULEE RD TRLR 87
LA CROSSE WI 54601-8250

UNEMPLOYMENT INSURANCE
DECISION

Soc. Sec. No. ▮
Hearing No. 16200021EC

Dated and mailed:
**MAR 1 8 2016**

fintzju_usd.doc:135:

**SEE ENCLOSURE AS TO TIME LIMIT AND PROCEDURES ON FURTHER APPEAL**

An administrative law judge (ALJ) for the Division of Unemployment Insurance of the Department of Workforce Development issued an appeal tribunal decision in this matter. A timely petition for review was filed.

The commission has considered the petition and the positions of the parties, and it has reviewed the evidence submitted to the ALJ. Based on its review, the commission agrees with the decision of the ALJ, and it adopts the findings and conclusion in that decision as its own.

### DECISION

The appeal tribunal decision is affirmed. Accordingly, the claimant is ineligible for benefits beginning in week 51 of 2015, and while she continues to collect social security disability payments.

BY THE COMMISSION:

*[signature]*
Laurie R. McCallum, Chairperson

*[signature]*
C. William Jordahl, Commissioner

*[signature]*
David B. Falstad, Commissioner

DWD 000232

MEMORANDUM OPINION

The claimant has worked nine years for a college's food service program, performing part-time work. The claimant is laid off when students are not in school. The claimant has collected unemployment in the past during the college's summer and winter breaks. The claimant had an open claim for unemployment benefits in week 51 of 2015, when she was laid off. Since 2006, the claimant has been receiving social security disability income (SSDI).

As of week 2 of 2014 (the week beginning January 5, 2014), a claimant is required to inform the department whether he or she is receiving social security disability benefits under 42 U.S.C Chapter 7, Subchapter II. The newly enacted Wisconsin statute, at Wis. Stat. § 108.04(2)(h), requires a claimant to provide this information when the claimant first files a claim for unemployment insurance (UI) benefits and during each subsequent week the claimant files for UI benefits. The weekly certification form now asks the claimant the following question: "Are you receiving any Disability Benefits from Social Security this week?"

Wis. Stat. § 108.04(12)(f)[1], provides the following:

> (f) 1. Any individual who actually receives social security disability insurance benefits under 42 USC ch. 7 subch. II in a given week is ineligible for benefits paid or payable in that same week under this chapter.
>
> 2. Information that the department receives or acquires from the federal social security administration that an individual is receiving social security disability insurance benefits under 42 USC ch. 7 subch. II in a given week is considered conclusive, absent clear and convincing evidence that the information was erroneous.

The ALJ held that under Wis. Stat. § 108.04(12)(f)1., the single monthly SSDI payment the claimant received disqualified her from unemployment benefits in each and every week of the month in which the payment is received.

In her petition for commission review, the claimant explains that SSDI allows her to work and still receive SSDI and that conversely she should be allowed to receive UI when she is unemployed, even though she collects SSDI. The claimant also argues that she is being discriminated against because her co-workers who are not receiving SSDI are allowed UI and that her UI denial in her case is based on her disability.

---

[1] Wis. Stat. § 108.04(12)(f), along with Wis. Stat. § 108.04(2)(h), was enacted July 5, 2013, and first applied with respect to determinations issued or appealed on January 5, 2014. 2013 Wis. Act 36 § 238(9).

JUDY R FINTZ

DWD 000233

Four separate circuit courts[2] have held that Wis. Stat. § 108.04(12)(f)1. constitutes a categorical denial to unemployment benefits in any week of any month a claimant receives SSDI. Consistent with these rulings, the commission interprets this statute to disqualify the claimant from unemployment benefits in any week of any month the claimant receives her monthly SSDI payment. Therefore, the claimant is ineligible for unemployment benefits, pursuant to Wis. Stat. § 108.04(12)(f)1., as of week 51 of 2015.

As regrettable as these circumstances are to the claimant, the language of the statute, as it has been created by the legislature, requires the result reached. The commission is required to apply the statute as it is written and has no authority to deviate from its plain language. While such language results in a decision adverse to the employee, this reflects the legislature's intent in cases such as these. Accordingly, the commission may not overturn the appeal tribunal decision.

cc: JOYCE FINTZ
106 LAKE TERRY DRIVE
WEST PALM BEACH FL 33411

---

[2] (*DWD v. LIRC, Karolyn Bullock, Harris Webber Management*, Case No. 14CV3249 (Wis. Cir. Ct. Dane Cnty. May 27, 2015); *DWD v. LIRC, Kenton Morse, Riteway Bus Service*, Case No. 14CV752 (Wis. Cir. Ct. Washington Cnty. July 7, 2015); *DWD v. LIRC, Michael Plotz, A.N.S. Machine , LLC*, Case No. 14CV308 (Wis. Cir. Ct. Marinette Cnty. August 11, 2015); *DWD v. LIRC, Benny Nelms, Boys & Girls Club of Greater Milwaukee, Inc., and Milwaukee Public School*, Case No. 14CV10615 (Wis. Cir. Ct. Milwaukee Cnty. September 28, 2015).

JUDY R FINTZ

DWD 000234