IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ,
SARAH JAMIESON, EVAN JOHNSON,
TRACY LONG, and CLIFFORD NEUMANN,
on behalf of themselves and similarly-situated individuals,

    *Plaintiffs*,

                                                    Case No. 21-cv-560

v.

AMY PECHACEK, in her official capacity as
Secretary-designee of the State of Wisconsin
Department of Workforce Development,

    *Defendant*.

---

### DECLARATION OF VICTOR FORBERGER

---

I, Victor Forberger, pursuant to 28 U.S.C. § 1746, declares as follows:

1. My name is Victor Forberger, and I am an attorney representing the plaintiffs in the above-captioned action.

2. Since 2008, Ms. Fintz has worked at a cafeteria connected to the UW-LaCrosse college campus.

3. Prior to the SSDI eligibility ban, Ms. Fintz (like her co-workers) typically applied for and received unemployment benefits during winter, spring, and summer breaks when the cafeteria was closed and she was laid off from her job.

4. Ms. Fintz applied for unemployment benefits for week 52 of 2014 and was denied eligibility based on the then SSDI eligibility ban. After an appeal, an appeal tribunal applied the Commission's decision in <u>Gary Kluczynski</u>, UI Hearing No. 14400214AP (30 May 2014) (https://lirc.wisconsin.gov/ucdecsns/4016.htm), to find that the then SSDI

eligibility ban only applied to the week in which the monthly SSDI benefit was received by unemployment claimants. Accordingly, Ms. Fintz was eligible for unemployment benefits in all weeks other than the week she received SSDI benefits for weeks being claimed during her winter break, her spring break in 2015, and her summer break in 2015.[1]

5. The Department subsequently amended the SSDI eligibility ban via Department proposal D15-01, Dkt.51-19, to apply to all weeks in a month, not just the week that SSDI benefits were received.

6. The TICR for Ms. Fintz dated 04/05/2022 is a true and accurate copy of the TICR screen showing her initial claim filed over the phone (File type of "IVR") on 06/17/2016 for week 22 of 2016 (IC week 22/16), the week ending 05/28/2016, showing a last day of work (LDW) of 5/13/2016 because of a layoff.

7. In light of the current SSDI eligibility ban, the initial claim Ms. Fintz filed for week 22 of 2016 was denied, and that denial was affirmed by an appeal tribunal, Dkt.51-08:8-10, and the Commission, Dkt.51-08:16-18.

8. Ms. Fintz then stopped filing initial claims for unemployment benefits when out of work during winter, spring, and summer layoffs.

---

[1]Unlike Ms. Fintz and a few others, not all SSDI recipients who applied for unemployment benefits during these first years of the SSDI eligibility ban received unemployment benefits. The impact of the SSDI eligibility ban on disabled workers was initially unknown, as the Department originally estimated that less than 50 disabled workers would be subject to this eligibility ban. *See* "SSDI and unemployment: recent developments" (5 June 2015) (https://wisconsinui.wordpress.com/2015/06/05/ssdi-and-unemployment-recent-developments/) (the impact of the SSDI eligibility ban went from no more than 50 individuals when the ban was first proposed, to 687 claimants when enforcement began, to 3,500 individuals by May 2015).

9. Beginning in March and April of 2020, Ms. Fintz, like many other residents of Wisconsin, lost work when she was laid off after businesses shut down because of the Covid-19 pandemic.

10. Attached as **Exhibit A** is a true and correct copy of ID 200727850 initial determination dated 05/05/2020 that Ms. Fintz received from the Department finding that she was not eligible for regular unemployment benefits because of the SSDI eligibility ban. The Department did not determine at the time whether Ms. Fintz was monetarily eligible for unemployment benefits before issuing this determination.

11. Attached as **Exhibit B** is a true and correct copy of ID 212298070 initial determination dated 09/14/2021 that Ms. Fintz received from the Department finding that she was eligible for PUA benefits because of a pandemic-related job loss with a minimum weekly benefit rate of $163 based on four quarters of her earnings in 2019.

12. Ms. Fintz received PUA benefits (along with supplemental PUC benefits) before she returned to work sometime around 09/10/201.

13. Attached are true and accurate copies of benefit year calculations dated 01/28/2022 **(Exhibit C)** and 01/29/2022 **(Exhibit D)** showing that Ms. Fintz lacked sufficient earnings to establish a benefit year using either the standard or alternate benefit year calculation.

14. As shown in the true and accurate copy of the benefit year calculations for Ms. Fintz dated 05/19/2022 (standard) **(Exhibit E)** and 05/21/2022 (alternate) **(Exhibit F)**, Ms. Fintz finally established a new benefit year using the alternate base period method with a weekly benefit rate of $81 per week from 5/15/2022 to 5/15/2023.

15. As shown in **Exhibit G**, a true and accurate copy of the benefit year calculation for Ms. Fintz dated 05/18/2023, Ms. Fintz established a benefit year with a weekly benefit rate of $80 per week from 05/14/2023 to 05/11/2024.

16. As shown in **Exhibit H,** a true and accurate copy of the benefit year calculation for Ms. Fintz dated 05/16/2024, Ms. Fintz established a benefit year with a weekly benefit rate of $81 per week from 05/12/2024 to 05/10/2025.

17. As shown in **Exhibit I,** a true and accurate copy of the benefit year calculation for Ms. Fintz dated 05/30/2025, Ms. Fintz established a benefit year with a weekly benefit rate of $72 per week from 05/18/2025 to 05/16/2026.

18. Attached as **Exhibit J** is an appeal tribunal decision dated 04/11/2022 in Hearing No. 22004090MD concerning a claimant with late weekly certifications because he lacked functional hands.

Dated this 11th day of July 2025

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Victor Forberger*
　　　　　　　　　　　　　　　　　　　　　　　Victor Forberger