**MADISON HEARING OFFICE**
P.O. Box 7975
Madison, WI 53707

Telephone: (608) 266-8010
Fax: (608) 327-6498

**APPEAL TRIBUNAL DECISION**

State of Wisconsin
Department of Workforce Development
Unemployment Insurance Division

Hearing No. 22004090MD

Mailed to:

VICTOR FORBERGER ESQUIRE
2509 VAN HISE AVE
MADISON WI 53705

In the matter of:
Employee: **APPELLANT**

B.C. & S.S. No.:

vs.
Employer: NOT APPLICABLE

UI Account No.:

**APPEAL RIGHTS**

SEE THE DATE BELOW FOR THE TIME LIMIT.

IF YOU ARE APPEALING BECAUSE YOU FAILED TO APPEAR FOR THE SCHEDULED HEARING AND ARE REQUESTING A NEW HEARING, FOLLOW THE FAILURE TO APPEAR PROCEDURES ON THE REVERSE SIDE.

IF YOU ARE APPEALING FOR ANY OTHER REASON, YOU MUST FOLLOW THE PETITION PROCEDURES ON THE REVERSE SIDE.

IF YOU DO NOT UNDERSTAND THE PROCEDURES, PLEASE CALL THE UI HEARING OFFICE FOR ASSISTANCE.

**DECISION:** SEE ATTACHED DECISION WHICH REVERSES THE INITIAL DETERMINATION.

Employee appeared by:

VICTOR FORGERBER
ATTY

Employer appeared by:

NOT APPLICABLE

| Administrative Law Judge | Dated and Mailed | Petition Must Be Received or Postmarked By: |
|---|---|---|
| BARBARA GERBER | APRIL 11, 2022 | MAY 2, 2022 |

(SEE REVERSE FOR ADDITIONAL INFORMATION)

Decision mailed to:

VICTOR FORBERGER ESQUIRE, 2509 VAN HISE AVE, MADISON, WI 53705

UCL-8035-MAD (R.11/2019) (U00683)

THE DEPARTMENT'S DETERMINATION HELD: that in week 31 of 2020 through week 7 of 2021, the claimant failed to timely notify the department of an intention to initiate or resume a benefit claim and that this failure was not due to exceptional circumstances permitting a waiver of the notification requirement. As a result, benefits were denied for those weeks.

Based on the applicable records and evidence in this case, the appeal tribunal makes the following:

## FINDINGS OF FACT

Department records indicate the claimant filed an initial claim for benefits on July 23, 2020 for week 30 of 2020 (the week ending July 25, 2020) with the assistance of department staff. When the claimant attempted to file a weekly certification for week 31 of 2020 (the week ending August 1, 2020) during the first week in August, he again called the department for assistance. He was informed he had to utilize the online system for filing weekly certifications and that department staff could not file them for him over the phone.

The claimant has significant impairment in both hands including severe burns, missing digits and limited dexterity which prohibits him from being able to type and utilize a computer. He informed the department about these limitations but was instructed he needed to utilize the online system for filing for weekly claims regardless. He repeatedly tried to contact the department for filing assistance in the months that followed, without success. In the process, he encountered numerous issues including being transferred from one person to next without ever getting an answer, extremely long wait times and unanswered calls due to significant call volume during the pandemic, and misinformation from department staff. Due to the pandemic and resultant office closures, the claimant was unable to go into the unemployment office and receive help in person. When he attempted to contact agencies not affiliated with the unemployment department for assistance, he was referred back to the unemployment department. He does not have anyone he can rely on to help him with computer-related matters.

On February 23, 2021, the claimant was finally able to get reach someone in the department who helped him file his claim and backdate it to week 31 of 2020.

## DISCUSSION

The initial issue to be decided is whether, in week 31 of 2020 (the week ending August 1, 2020), the claimant failed to timely notify the department of an intention to initiate a benefit claim.

To be eligible for benefits in a week of total or partial unemployment, a claimant must notify the department, during that week or within 7 days after the close of that week, of the claimant's intent to initiate the claim, and the claimant must also comply with the department's initial claim and weekly claim filing requirements. Wis. Stat. § 108.08(1) and Wis. Admin. Code § DWD 129.01(1).

22004090MD

In this case, the deadlines for filing were as follows:

| | |
|---|---|
| For week 31 of 20: | August 8, 2020 |
| For week 32 of 20: | August 15, 2020 |
| For week 33 of 20: | August 22, 2020 |
| For week 34 of 20: | August 29, 2020 |
| For week 35 of 20: | September 5, 2020 |
| For week 36 of 20: | September 12, 2020 |
| For week 37 of 20: | September 19, 2020 |
| For week 38 of 20: | September 26, 2020 |
| For week 39 of 20: | October 3, 2020 |
| For week 40 of 20: | October 10, 2020 |
| For week 41 of 20: | October 17, 2020 |
| For week 42 of 20: | October 24, 2020 |
| For week 43 of 20: | October 31, 2020 |
| For week 44 of 20: | November 7, 2020 |
| For week 45 of 20: | November 14, 2020 |
| For week 46 of 20: | November 21, 2020 |
| For week 47 of 20: | November 28, 2020 |
| For week 48 of 20: | December 5, 2020 |
| For week 49 of 20: | December 12, 2020 |
| For week 50 of 20: | December 19, 2020 |
| For week 51 of 20: | December 26, 2020 |
| For week 1 of 21: | January 2, 2021 |
| For week 2 of 21: | January 9, 2021 |
| For week 3 of 21: | January 16, 2021 |
| For week 4 of 21: | January 23, 2021 |
| For week 5 of 21: | January 30, 2021 |
| For week 6 of 21: | February 6, 2021 |
| For week 7 of 21: | February 13, 2021 |
| For week 7 of 21: | February 20, 2021 |

Because the claimant initiated the claim on February 23, 2021, he filed too late.

The next issue to be decided is whether the claimant's failure was due to any exceptional circumstances that would justify a waiver of the notification requirement.

Exceptional circumstances for failing to give timely notice include:

> (a) An error made by a claimant of the department when providing notice to the claimant or a reasonable misunderstanding by the claimant based on information given to the claimant by the department.

(b) Action by an employer, in any manner, directly or indirectly, instructing, warning, or persuading the claimant not to file a benefit claim.

(c) The claimant did not comply because the claimant was not aware of the duty to notify the department, and the claimant's most recent employer failed to post and maintain the notice on claiming unemployment benefits that was supplied to the employer under s. DWD 120.01.

(d) The claimant performed services as a school year claimant in other than an instructional, research, or principal administrative capacity and had reasonable assurance of performing services for the employer in a similar capacity in the 2nd academic year or term but was subsequently not offered the opportunity to perform such services.

(f) Other exceptional circumstances over which the claimant has no control

Wis. Admin. Code § DWD 129.01(4)(a)-(d) and (f).

In addition, Wisconsin Admin. Code § DWD 129.01(2) provides, in part:

(2) CONTINUING A CLAIM BY FILING A WEEKLY CERTIFICATION. (a) A claimant is not eligible for benefits for any week of total or partial unemployment unless the claimant files a timely weekly certification with the department. If the department provides for a single method for a claimant to continue a claim by filing a weekly certification and a claimant has good cause for claimant's inability to use that method, the department shall provide a reasonable accommodation for the claimant to be able to complete the claim. Good cause for failure to file a weekly certification as prescribed by the department shall include, if it prevents the claimant from using the method prescribed by the department, any of the following:

1. The claimant possesses physical, mental, educational, or linguistic limitations.

The claimant contends he had good cause for failing to timely file an initial claim for week 31 of 2020 through week 7 of 2021. That contention is sustained. In support of his argument the claimant states that his physical limitations with his hands and fingers prevented him from filing the claim online as instructed to by the department. The claimant contacted the department numerous times asking for an accommodation due to these limitations in the way of their assistance filing his weekly claims over the phone but was repeatedly told he had to file his

22004090MD

claims online. Thus, the department did not provide a necessary accommodation and the claimant was prevented by his physical limitations from using the single method prescribed by the department to continue to file his weekly claims.

## CONCLUSIONS OF LAW

The appeal tribunal therefore finds that in weeks 31 of 2020 through 7 of 2021 the claimant failed to notify the department of an intention to initiate or resume a benefit claim, within the meaning of Wis. Stat. § 108.08(1) and Wis. Admin. Code § DWD 129, but that the reasons for the failure constitute exceptional circumstances so as to permit a waiver of the notification requirement, within the meaning of that section and chapter.

## DECISION

The department's determination is reversed. Accordingly, the employee is eligible for benefits as of week 31 of 2020 through 7 of 2021, if otherwise qualified.

APPEAL TRIBUNAL

By: *B.L. Gerber*

Barbara L. Gerber
Administrative Law Judge