IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ
SARAH JAMIESON, EVAN JOHNSON,
TRACY LONG and CLIFFORD NEUMANN,
on behalf of themselves and similary-situated individuals,

      Case No. 21-cv-560

   *Plaintiffs,*

 v.

AMY PECHACEK, in her official capacity as
Secretary-designee of the State of Wisconsin
Department of Workforce Development

   *Defendant.*

---

PLAINTIFFS' PROPOSED ORDER ON INJUNCTIVE RELIEF

---

  Pursuant to this Court's July 14, 2025 Order (dkt. 116), the Plaintiffs hereby submit their Proposed Order on Injunctive Relief.

  IT IS HEREBY ORDERED,

  1. After confirming that current contact information and bank account or debit card information is correct, the Department will return prior over-payments charged against SSDI recipients as of Sept. 7, 2015 (the second class).

  2. Notwithstanding confidentiality provisions in state and federal law concerning claimant information, the Department will provide a list of these recipients, their addresses, their phone numbers, and the amounts received to plaintiffs' counsel.

3. To be entitled to past relief, claimant members of the first class who were denied eligibility for regular unemployment benefits after Sept. 7, 2015, after filing an initial claim will need to file weekly certifications for the weeks they were unemployed and for which they seek benefits where weekly certifications are not already on file with the Department. These remaining weekly certifications must be filed within four weeks of receiving the formal notice referred to below concerning their eligibility, unless exceptional circumstances apply, but no later than February 28, 2026.

4. Notwithstanding confidentiality provisions in state and federal law concerning claimant information, the Department will provide a list of these recipients, their addresses, their phone numbers, and the amounts received to plaintiffs' counsel on a monthly basis. Precise language for this notice to be provided by the parties. If the parties reach an impasse on such language, they will promptly request the Court's assistance.

5. Per Wisconsin law, claimant class members for any back-dated weekly certifications will be excused from the requirement that they conduct four weekly work search actions or the required registration with the job center of Wisconsin for the periods for which they seek benefits.

6. Claimant class members will not be eligible for additional, past unemployment benefits for weeks during which they received Pandemic Unemployment Assistance ("PUA"). Accordingly, they will not be eligible for regular unemployment benefits or Pandemic Extended Unemployment Compensation ("PEUC") extensions for weeks they received PUA benefits.

7. For the weeks they were not paid PUA benefits or had to repay those PUA benefits because the Department later determined they were not eligible for PUA benefits, these SSDI recipients are now eligible for regular unemployment benefits as members of the first class.

8. Claimants in the first class will only be eligible for regular unemployment to the extent that they can establish monetary eligibility and are not disqualified for other reasons outside of the SSDI eligibility ban. During the Covid-19 pandemic, these individuals (for the weeks they did not receive PUA benefits) will be eligible for supplemental Pandemic Unemployment Compensation ("PUC") benefits and extensions of regular unemployment benefits through PEUC benefits in the same manner as non-disabled workers were eligible. Because Lost Wages Assistance is no longer available, LWA will not be available to these individuals.

9. Claimants charged with unemployment fraud for not reporting their SSDI status correctly are, under the criteria for the second class, now eligible for the unemployment benefits they previously had to repay (they are not eligible for the return of 40 percent administrative concealment penalties with which the Department charged them or the return of any forfeiture of future unemployment benefits charged against them; but they will not be subject to that forfeiture on the benefits they receive now if the six year statute of limitations for these forfeitures has been reached).

10. The Department will provide notice to all class members by mailing notice to their last known addresses of their possible entitlement to unemployment compensation benefits as members of the first or second class or both classes. Precise language to be provided by the parties. If the parties reach an impasse on such language, they will promptly request the Court's assistance.

11. Because addresses have likely changed over time, the Department will provide notice to class members by running at least one 15 second advertisement on the radio and on television for seven consecutive days between 7:00 a.m. and 9:00 a.m., and another advertisement on those same days between 4:00 p.m. and 6:00 p.m., in the Milwaukee, Madison, Green Bay, Appleton-Oshkosh and Eau Claire radio markets. These advertisements must air before October

31, 2025. Precise language to be provided by the parties. If the parties reach an impasse on such language, they will promptly request the Court's assistance.

12. The Department will also post about class member eligibility on its social media. Those posts must be made by October 31, 2025, and must remain posted until December 31, 2025. Precise language to be provided by the parties. If the parties reach an impasse on such language, they will promptly request the Court's assistance.

13. The Department will accept the efforts of these individuals as indicated in the notices to update their contact information with the Department in order to receive unemployment benefits as members of the first or second class and will cooperate with plaintiffs' counsel in resolving issues that arise.

14. The Department must accept initial claims and weekly certifications from disabled workers online and by telephone. For class members who apply by phone, the precise language for this script is to be agreed upon by the parties. If the parties reach an impasse on such language, they will promptly request the Court's assistance.

15. Except as outlined above, the relief available here applies to all decisions of the Department made after Sept. 7, 2015, relating to the SSDI eligibility ban as set forth in Wis. Stat. § 108.04(12)(f) and Wis. Stat. § 108.04(2)(h) to deny eligibility for regular unemployment benefits (the first class) or to order repayment of unemployment benefits (the second class).

Dated: _____

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge