IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN BEMKE, et al.,

    Plaintiffs,

v.                        Case No. 21-CV-0560

AMY PECHACEK,

    Defendant.

## DEFENDANT'S PROPOSED ORDER ON RETROACTIVE INJUNCTIVE RELIEF

1. Per the Court's order dated July 11, 2025, (Dkt. 106), the only two classes certified in this case are:

    a. Individuals who applied for unemployment benefits in Wisconsin after September 7, 2015, but were denied benefits because they received SSDI benefits (the "first class"); and

    b. Individuals who were ordered to repay unemployment benefits that they received in Wisconsin after September 7, 2015, because they also received SSDI benefits (the "second class").

2. After confirming that current contact information and bank account or debit card information is correct, the Department will return prior over-payments charged against SSDI recipients who are members of the

second class as of September 7, 2015, where the Department has determined the overpayments were not due to fraud.

3.  To be entitled to past relief, claimant members of the first class who were denied eligibility for regular unemployment benefits after September 7, 2015, after filing an initial claim must file weekly certifications for the weeks they were unemployed and for which they seek benefits where weekly certifications are not already on file with the Department. These remaining weekly certifications must be filed within 90 days of receiving the formal notice referred to below concerning their eligibility.

4.  Per Wisconsin law, claimant class members for any weekly certifications back-dated to September 7, 2015, will be excused from the requirement that they conduct four weekly work-search actions or the required registration with the job center of Wisconsin for the periods for which they seek benefits.

5.  Claimants in the first class will only be eligible for regular unemployment to the extent that they can establish monetary eligibility and are not disqualified for other reasons outside of the SSDI eligibility ban.

6.  The Department will draft and provide notice to class members of their possible entitlement to unemployment benefits by mailing notice to their last known addresses on record with the Department. Class members who received federal Pandemic Unemployment Assistance (PUA) will be advised in

the notice that (1) they are not eligible for both PUA and regular unemployment benefits due to federal law; (2) PUA claims were paid at a higher rate than regular unemployment benefits; (3) if they file a claim for regular unemployment benefits, they could be subject to overpayment findings for PUA payments received; and (4) they may retain their paid PUA benefits by opting not to file a new claim for regular unemployment benefits. Further, class members who received federal Pandemic Unemployment Compensation (FPUC) in addition to PUA benefits will be notified of an overpayment of FPUC benefits, and that when they file their retroactive regular unemployment benefits claim, federal funds for FPUC benefits may not be available for payment or offset of overpaid benefits.

7. Because addresses may have changed over time, the Department will provide notice to class members by posting a notice on the Department's website and claimant portal.

8. The Department will file a certification with the Court indicating when notice has been mailed to the class members, the number of notices that were mailed, and will include copies of the notices posted on the Department's website and claimant portal.