IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN BEMKE, et al.,

    Plaintiffs,

v.   Case No. 21-CV-0560

AMY PECHACEK,

    Defendant.

**DEFENDANT'S SUPPLEMENT TO HER PROPOSED ORDER FOR RETROACTIVE INJUNCTIVE RELIEF IDENTIFYING DISAGREEMENTS WITH PLAINTIFFS' PROPOSED ORDER**

Defendant Amy Pechacek, in her official capacity as Secretary-designee of the Wisconsin Department of Workforce Development (the "Department"), by her attorneys, supplements her proposed order for retroactive injunctive relief, filed separately on this date, by identifying disagreements with Plaintiffs' proposed order, per this Court's order dated July 14, 2025. (Dkt. 116.)

First, unlike Plaintiffs' proposed order, Defendant's proposed order recognizes that there are both overpayments based on fraud and non-fraud. For those class members who were assessed overpayments due to fraud, Defendant does not interpret the Court's decision to require the Department

1

to return unemployment insurance overpayments charged to these SSDI recipients.

Second, because of state law requiring the Department to keep confidential the records of unemployment insurance claimants (including names and contact information), Defendant strongly disagrees with Plaintiffs that a list of the class members' names, last known addresses and phone numbers, and amounts of the benefits or overpayments should be provided to Plaintiffs' counsel. Wis. Stat. § 108.14(7).[1]

If class notice is required by this Court, the Department can provide notice to the class member claimants and can certify to the Court when such notice has occurred. Plaintiffs do not explain the purpose in providing confidential claimant information to class counsel, and Defendant sees no need. Class counsel represents the class members for the purpose of their federal disability discrimination claims before this Court. (Dkt. 106:11.) Plaintiffs' counsel has *not* been appointed as attorneys for class members as claimants in their direct dealings with the Department—whether it be reprocessing of claims (as Defendant urges) or holding hearings (as Plaintiffs

---

[1] Wisconsin Stat. § 108.14(7)(a) reads: "The records made or maintained by the department or commission in connection with the administration of this chapter are confidential and shall be open to public inspection or disclosure only to the extent that the department or commission permits in the interest of the unemployment insurance program. No person may permit inspection or disclosure of any record provided to it by the department or commission unless the department or commission authorizes the inspection or disclosure."

2

request). Indeed, in addition to the confidentiality law that protects all claimants, these class members may not want to disclose to attorneys, unknown to them, the fact that they are unemployment insurance claimants, that they are disabled, that they are receiving SSDI, or want any legal representation from class counsel with their claims before the Department.

Furthermore, the parties disagree as to any class notice that this Court may order. Rather that provide notice through numerous costly radio and television advertisements in several Wisconsin media markets for an unknown period, as Plaintiffs propose, Defendant believes that class notice can be posted on the Department's website and claimant portal, a far more efficient and less costly means of notice. And when class member claimants apply via telephone, Defendant disagrees with Plaintiff that a script is required to be read; the Department can process claims as usual.

Third, the parties disagree as to the timeframe of the filing of weekly certifications after any class notice is disseminated. Plaintiffs propose four weeks and propose an extension of any missed deadline, if there are "exceptional circumstances," to February 28, 2026. Defendant proposes 90 days and application of a "good cause" exception for one's failure to timely file a weekly certification, as state law requires. *See* Wis. Admin. Code DWD § 129.01(2).

Fourth, Defendant disagrees with Plaintiffs' proposal to provide confidential claimant information to Plaintiffs' class counsel on a monthly basis. The Department can create monthly reports indicating the number of claimants paid and the amounts paid, without disclosing identities, for a reasonable period and can provide such reports to the Court (and Plaintiffs' counsel) if required. As stated above, confidentiality laws prohibit the Department from disclosing claimant information, and the Department is required by the federal government to substantially comply by all confidentiality laws. *See, e.g.*, 20 C.F.R. § 603.12.

Fifth, Plaintiffs reference "back-dated weekly certifications," but do not provide any date. Defendant submits that any weekly certification cannot fall outside the confines of the beginning date of the class.

Sixth, the parties disagree as to the effect of federal Pandemic Unemployment Assistance ("PUA") benefits and federal Pandemic Unemployment Compensation ("FPUC") benefits on the unemployment insurance benefits received by many of the class members. Per this Court's class certification order, Defendant understands that the individuals who received these benefits may be class members. Plaintiffs' proposed order improperly attempts to drag this Court "outside the scope of this case" into making legal determinations about Plaintiffs' and class members' eligibility for these various benefits. (Dkt. 106:4.) As this Court has already stated, this

4

action concerns only the lawfulness of Wis. Stat. § 108.04(12)(f) under federal law. (Dkt. 106:4–5.) This action does not concern Plaintiffs' and class members' eligibility for unemployment insurance because of the simultaneous receipt of benefits other than SSDI.

Nonetheless, Defendant believes it would be fair and proper to include in any class notice information that class members who received other unemployment-related benefits, such as PUA and FPUC benefits, may ultimately receive an overpayment notice from the Department if they choose to have their claims reprocessed and unemployment insurance benefits are less than the other unemployment-related benefits already received.

Lastly, Defendant raises a statute of limitations issue that could negatively impact a certain group of class members' federal claims.

To review, Plaintiffs' suit was filed on September 7, 2021. (Dkt. 1.) This Court later granted in part and denied in part Plaintiffs' motion for class certification. (Dkt. 106.) The class included individuals who applied for unemployment insurance benefits after September 7, 2015, or were ordered to repay benefits but were denied benefits that they received after September 7, 2015, because they received SSDI benefits. (Dkt. 106:11.) The Court determined this September 7, 2015, date because a class member plaintiff could have a Rehabilitation Act discrimination claim subject to the applicable six-year statute of limitations at that time. (Dkt. 106:4 (citing Wis. Stat.

5

§ 893.53 (2015–16).) However, Wis. Stat. § 893.53 was amended by 2017 Wis. Act 235, § 26, to reduce the statute of limitations for such claims from six to three years, effective April 5, 2018. (Dkt. 106:4.) This change in the law means that some class members may have Rehabilitation Act claims that are subject to a statutes of limitations defense, unlike the rest of the class.

As an example, if an individual applied for unemployment insurance benefits on April 1, 2018, then his Rehabilitation Act claim would be subject to a six-year statute of limitations effective at that time. (*See* Wis. Stat. § 893.53 (2015–16).) This individual's claim would be timely because Plaintiffs filed suit on September 7, 2021. (Dkt. 1.)

However, if an individual applied for benefits just a few days later, on April 5, 2018, then the new three-year statute of limitations would apply to his Rehabilitation Act claim, so he would have to file suit by April 5, 2021, to have a timely claim. But, again, Plaintiffs did not file suit until September 7, 2021. Thus, anyone who applied for unemployment insurance benefits from April 5, 2018, through September 7, 2018, would be subject to a statute of limitations defense not applicable to other class members. In other words, although this Court held that individuals who applied for benefits after September 7, 2015, are part of the class, not every member of the class would have a valid Rehabilitation Act claim. Some class members' claims would be barred by the three-year statute of limitations that was in effect. As of this date, Defendant

does not know whether any class members applied for benefits or were ordered to repay benefits during this six-month period in 2018.

Thus, in the event this Court does not issue an order on retroactive remedies recognizing this limited statute of limitations defense (and amend the class certification order), Defendant believes that it would be proper for the class notice to apprise class members who applied for unemployment benefits or were ordered to repay unemployment benefits between April 5 and September 7, 2018, that their claims could be negatively impacted by a statute of limitations defense that is not applicable to the rest of the class members.

Dated this 18th day of August 2025.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/ Steven C. Kilpatrick
STEVEN C. KILPATRICK
Assistant Attorney General
State Bar #1025452

CLAYTON P. KAWSKI
Assistant Attorney General
State Bar #1066228

KARLA Z. KECKHAVER
Assistant Attorney General
State Bar # 1028242

Attorneys for Defendant Amy Pechacek

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1792 (Kilpatrick)
(608) 266-8549 (Kawski)
(608) 264-6365 (Keckhaver)
(608) 294-2907 (Fax)
Steven.Kilpatrick@wisdoj.gov
Clayton.Kawski@wisdoj.gov
Karla.Keckhaver@wisdoj.gov