IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ,
SARAH JAMIESON, EVAN JOHNSON,
TRACY LONG, and CLIFFORD NEUMANN,
on behalf of themselves and similarly-situated individuals,

    *Plaintiffs*,

                                            Case No. 21-cv-560

v.

AMY PECHACEK, in her official capacity as
Secretary-designee of the State of Wisconsin
Department of Workforce Development,

    *Defendant*.

---

## DECLARATION OF VICTOR FORBERGER

---

    I, Victor Forberger, pursuant to 28 U.S.C. § 1746, declares as follows:

1. My name is Victor Forberger, and I am an attorney representing the plaintiffs in the above-captioned action.

### PUA benefits issues

2. During the Covid-19 pandemic, Judy Fintz filed an initial claim for regular unemployment benefits that was denied because of the SSDI eligibility ban. *See* Dkt.114-1.

3. Ms. Fintz was eventually found eligible for PUA benefits. *See* "PUA benefits now available to SSDI recipients" (07/28/2020) (https://wisconsinui.wordpress.com/2020/07/28/pua-benefits-now-available-to-ssdi-recipients/) generally and Dkt.114-2 for Ms. Fintz. But, in order to receive those PUA benefits, Ms. Fintz had to withdraw her appeal of ID 200727580. Ms. Fintz subsequently did so in order to receive PUA benefits.

4. There are no weeks at issue for which Ms. Fintz was paid PUA benefits for which she still might be eligible for regular unemployment benefits. Except as noted below, the same applies to the other named plaintiffs in this action. *See also* Dkt.115:9-15 (explaining why PUA paid benefits should not be rescinded and that such a rescission would lead to SSDI recipients being paid both PUA and regular unemployment benefits).

5. In 2022, after Ms. Fintz had returned to work and subsequently been laid off, she filed an initial claim for unemployment benefits. In a decision dated 08/17/2022, the Commission held that the prior withdrawal in 2020 of the appeal of ID 200727850 concerning her eligibility for regular unemployment benefits continued to apply to Ms. Fintz two years later. Attached as **Exhibit A** is a true and accurate copy of that Commission decision.

6. I am personally aware of around a hundred other SSDI recipients who also withdrew their appeals in 2020 and 2021 concerning their eligibility for regular unemployment benefits in order to receive PUA benefits.

7. Before she began receiving PUA benefits for a pandemic-related job loss, Sarah Jamieson was denied eligibility for regular unemployment for four weeks in February 2020. *See* ID 200150335 dated 04/01/2020. Dkt.51-9:13 and ¶¶5-6 of Dkt.52.

8. Before the pandemic started and before her application for SSDI benefits was approved, Ms. Long was already receiving regular unemployment benefits. *See* ¶¶1-6 of Dkt.51-14. Ms. Long subsequently had to repay $1,160 in regular unemployment benefits once she began receiving SSDI benefits. *See* Dkt.104-7:2-5.

9. Attached as **Exhibit B** is a true and correct copy of the Commission decision dated 11/05/2021 in Hearing No. 21400971MD finding that Ms. Long was not eligible for PUA

benefits. Because Ms. Long did not have a pandemic-related job loss, she has never received PUA benefits.

10. Ms. Long's claim for regular unemployment benefits as of week 3 of 2021 was denied pursuant to the SSDI eligibility ban. *See* Dkt.104-7.

**Implementation of the court's preliminary injunction**

11. On July 14th of this year, the court issued a preliminary injunction that held: "Beginning July 20, 2025, defendant Amy Pechacek, in her official capacity as Secretary-designee of the State of Wisconsin, Department of Workforce Development, is enjoined from enforcing Wis. Stat. § 108.04(12)(f)." Dkt.117.

12. Because of his learning disabilities, Cliff Neuman needs assistance when filing initial claims and weekly certifications. Accordingly, I assisted him with filing an initial claim for the week ending 01/04/2025 over the telephone and with filing weekly certifications over the telephone for the weeks ending 01/04/2025, 01/11/2025, 01/18/2025, 01/25/2025, and 02/01/2025 before he secured a new job.

13. An appeal regarding application of the SSDI eligibility ban to Mr. Neuman has been ongoing for some time. Attached as **Exhibit C**, **Exhibit D**, and **Exhibit E** are true and accurate copies of the Commission decision dated 07/11/2025, a reconsideration request dated 07/21/2025 to the Labor and Industry Review Commission, and a Commission remand order dated 07/25/2025 to the Department for a new determination regarding the SSDI eligibility ban in light of this court's preliminary injunction.

14. As of 08/14/2025, Mr. Neuman has not received any unemployment benefits for the weeks he claimed earlier in 2025 or any determination regarding his eligibility for those prior weeks.

15. In ongoing court cases regarding the legality of the SSDI eligibility ban involving <u>Brian Bemke v. LIRC and DWD</u>, Milwaukee County Circuit Court Case No. 2025CV5263, <u>Treena Rose v. LIRC and DWD</u>, Dane County Circuit Court Case No. 2025CV1090, and <u>Jenkins v. LIRC and DWD</u>, Milwaukee County Circuit Court Case No. 2025CV2358, both the Department and the Commission continue to argue for dismissal of these cases after this court's July 14th order rather than acknowledging that Wis. Stat. § 108.04(12)(f) can no longer be enforced after July 20th. An example of these arguments is available from the <u>Rose</u> case. Attached as **Exhibits F** and **G** are true and accurate copies of the 07/18/2025 submissions from the Commission and the Department, respectively, in the <u>Rose</u> case. Both parties contend that the court's preliminary injunction does not apply to these cases (as this court allegedly only allowed for weekly certifications from SSDI recipients for the week ending 07/26/2025 and later) and so they must still enforce the SSDI eligibility ban. *Cf.* Dkt.115:2-9 and 15-16 (an ovew of the claim-filing process and relevant "dates" for that claim-filing). A true and accurate copy of the reply brief in the <u>Rose</u> case as **Exhibit H** is also attached.

**<u>DWD notice regarding the court's preliminary injunction</u>**

16. On July 14th of this year, the court issued a preliminary injunction that held: "Defendant may have until July 18, 2025, to provide written instructions to Department of Workforce Development employees and any other state employees responsible for processing unemployment claims that the receipt of social security disability insurance benefits is not a valid basis for denying unemployment compensation benefits." Dkt.117.

17. Attached as **Exhibit I** is a true and accurate copy of DWD internal guidance regarding this court's preliminary injunction.

18. **Exhibit J** is a true and accurate copy of an appealable initial determination dated 07/23/2025 the Department of Workforce Development provided to Treena Rose, an SSDI recipient, regarding her eligibility for regular unemployment benefits as of week ending 07/26/2025. *See* "SSDI eligibility ban in Wisconsin no longer enforced" (07/26/2025) (https://wisconsinui.wordpress.com/2025/07/26/ssdi-eligibility-ban-in-wisconsin-no-longer-enforced/) (describing the confusing language and nature of this notice).

19. Brian Bemke received a similar notice.

20. As of 08/14/2025, Cliff Neuman, Tracy Long, Scott Collett, and Judy Fintz have <u>not</u> received such a notice (and their mailing address has not changed in several years).[1]

21. After being laid off in the summer of 2025, Ms. Fintz filed weekly certifications (because of her learning disabilities, Ms. Fintz needs assistance with filing her initial claims and weekly certifications, which I provide her and which are done via telephone as Ms. Fintz cannot navigate the on-line claim-filing system herself). On 07/24/2025, Ms. Fintz and I filed her weekly certification for the week ending 07/12/2025. During that weekly certification, Ms. Fintz was asked if she received SSDI benefits.

22. Because of her learning disabilities, I assist Ms. Rose with filing her initial claims and her weekly certifications, which we do together via telephone. On 07/29/2025, Ms. Rose and myself filed her weekly certifications for the weeks ending 07/19/2025 and 07/26/2025. In both those weekly certifications, Ms. Rose was asked if she received SSDI benefits. On 08/15/2025, Ms. Rose and myself filed her weekly certifications for the weeks ending

---

[1] John Feriozzi, Sarah Jamieson, and Evan Johnson have aged out of the SSDI eligibility ban, as they no longer receive SSDI benefits but instead now receive regular Social Security.

      08/02/2025 and 08/09/2025. In both those weekly certifications, Ms. Rose was no longer asked if she received SSDI benefits.

23. When speaking with the claim specialist on August 15th, we asked if Ms. Rose had received or was about to receive any unemployment benefits. The claim specialist said that no benefits had yet been paid to Ms. Rose or were about to be paid.

Dated this 18th day of August, 2025.

                                               */s/ Victor Forberger*
                                               Victor Forberger