### State of Wisconsin



### Labor and Industry Review Commission

| | |
|---|---|
| **Judy R. Fintz**<br><br>Claimant<br><br><br><br>Hearing No. 20007756MD | **Unemployment Insurance Decision**[1]<br><br><br><br><br>**Dated and Mailed:**<br>AUG 1 7 2022<br>fintzju:190 |

The petition for review of the appeal tribunal decision is **dismissed**. Accordingly, the appeal tribunal decision remains in effect.

By the Commission:

Michael H. Gillick, Chairperson

Georgia E. Maxwell, Commissioner

Marilyn Townsend, Commissioner

---

[1] **Appeal Rights**: See the blue enclosure for the time limit and procedures for obtaining judicial review of this decision. If you seek judicial review, you **must** name the following as defendants in the summons and the complaint: the Labor and Industry Review Commission, all other parties in the caption of this decision or order (the boxed section above), and the Department of Workforce Development. Appeal rights and answers to frequently asked questions about appealing an unemployment insurance decision to circuit court are also available on the commission's website, http://lirc.wisconsin.gov.

Ex.A

**Procedural Posture**

The Department of Workforce Development's Unemployment Insurance Division (department) issued a determination on May 5, 2020, that found that as of week 15 of 2020, the claimant reported receiving Social Security Disability (SSDI) payments. As a result, benefits were denied while the claimant was receiving SSDI payments. The determination noted that if the claimant had answered in error, or if her circumstances had changed, she should call the department. The claimant filed a timely appeal of this determination, and a hearing was scheduled on this matter for August 17, 2020. Prior to the hearing, however, the claimant withdrew her hearing request. An appeal tribunal issued a decision accepting the withdrawal of the hearing request, and as a result, the initial determination remained in effect. The claimant then filed a late petition for commission review.

**Memorandum Opinion**

A petition for commission review of an appeal tribunal decision must be received by the commission or postmarked within 21 days after that decision was electronically delivered to the party or mailed to the party's last-known address.[2] The appeal tribunal decision in this case was issued on August 5, 2020. The decision became final unless the claimant filed a petition for review by August 26, 2020. The claimant filed a petition for review on July 5, 2022. Therefore, the claimant filed the petition late. A late petition for review must be dismissed unless the petitioner shows "good cause that the reason for having failed to file the petition timely was beyond the control of the petitioner."[3] This is a very rigorous standard. Few reasons meet it, and they are usually extraordinary.[4]

In her petition, the claimant indicated that she had previously appealed the determination, but she later withdrew her appeal when the department began paying her Pandemic Unemployment Assistance (PUA) benefits. She noted that she had since returned to work and been seasonally laid off in 2022 for the summer break. When she filed her claim for benefits, she found that she was denied benefits due to this prior determination. She asserted that her appeal was filed late because she was unaware that an initial determination could extend more than two years into the future. She had been expecting the department to issue a new determination regarding the department's SSDI eligibility ban. The claimant also noted that she had initially filed her request with the hearing office and then received an Invalid Petition notice; she then filed her petition with the commission.

The commission sympathizes with the claimant's situation, but it is not persuaded that the claimant filed her petition late for a reason that was beyond her control. The claimant received the determination and understood that it was adverse, and she filed a timely appeal. She chose to withdraw her appeal because she was able to receive PUA benefits. The PUA benefits were available to claimants who were not otherwise eligible for regular unemployment benefits, so the fact that the department had determined the claimant was not eligible for regular unemployment benefits

---

[2] Wis. Stat. § 108.09(6)(a).

[3] *Id.*

[4] *Geyer v. Jimmy's*, UI Dec. Hearing No. 12200576EC (LIRC Apr. 16, 2015), citing *In re Jerome Kosmoski*, UI Dec. Hearing No. S9900245MW (LIRC March 22, 2000).

Judy R. Fintz
20007756MD

worked to the claimant's benefit to obtain the PUA benefits. The appeal tribunal accepted the claimant's withdrawal of her hearing request, and the claimant has not asserted that she did not receive the appeal tribunal decision. The first page of the appeal tribunal decision clearly indicated that a petition must be received or postmarked by August 26, 2020. It also stated that when appealing to follow the petition procedures on the reverse side. Those instructions explained how to file a petition for review with the commission. Based on this, the commission concludes that the claimant had all of the information necessary to file a timely petition for review.[5] The claimant made a conscious decision to withdraw her appeal because she was able to receive PUA benefits, and then she decided not to file a timely petition for review of the appeal tribunal decision that accepted her withdrawal of the hearing request. By definition, a conscious decision is within the individual's control.[6]

The claimant assumed that she would get a new determination on her eligibility based on her receipt of SSDI when she filed a new claim, but she did not assert that she contacted the department to question or clarify her status or her understanding of what she thought would happen. The determination specifically found that the claimant was ineligible for unemployment benefits *while she was receiving SSDI benefits*. The claimant filed a new claim in 2022 and indicated that she was receiving SSDI benefit payments. She has not alleged that she provided this information in error or that her circumstances have changed. The claimant essentially assumed that she would get another determination that she could challenge on the same issue, but her assumption turned out to be incorrect. This was not a reason beyond her control for failing to file a timely petition for review.

The claimant cites to a commission tax decision, *South East Cable, LLC,*[7] to support her assertion that employee status cases only last for the benefit year at issue, and that the question of employee status can and should be re-addressed for subsequent benefit years. However, the *South East Cable* case cited by the claimant is inapplicable to the situation in this case and it does not stand for the proposition that initial determinations can never affect subsequent benefit years. In its first *South East Cable* decision, the commission held that the legal doctrine of issue preclusion may be applied to an unemployment tax status case to limit re-litigation of factual issues that had been litigated and decided in a previous case. However, the prior decision that services provided by individuals for an employing unit by a particular individual in certain calendar quarters were provided as an employee did not conclusively establish that the services provided in subsequent quarters were provided as an employee. The commission found that before the doctrine of issue preclusion could be applied, the appeal tribunal had to hold a hearing and evaluate the proof at the hearing to determine if the services were provided in a materially different manner in the subsequent calendar quarters; in other words, the employer was entitled to an opportunity to present evidence at a hearing on the issue of whether the individuals performed services as employees in subsequent calendar quarters. Therefore, the commission held that the appeal tribunal erred by applying

---

[5] *See Chan v. Extendicare Health Servs. Inc.,* UI Dec. Hearing No. 10611921MW (LIRC Mar. 18, 2011), and cases cited therein.
[6] *Huse v. Society Ins.,* UI Dec. Hearing No. 04404352AP (LIRC Jan. 27, 2005).
[7] *South East Cable, LLC,* UI Dec. Hearing No. S0400261MW (LIRC Apr. 10, 2008).

3

Judy R. Fintz
20007756MD

the doctrine of issue preclusion without holding a hearing, and it set aside the appeal tribunal decision and remanded the matter for a new hearing and decision. On remand from the commission, the appeal tribunal held a hearing, and as a result of the evidence adduced at the hearing, the appeal tribunal applied the doctrine of issue preclusion and found that the record established that all of the individuals at issue performed services similar to those performed previously. Aside from some modifications not relevant to this issue, the commission affirmed the appeal tribunal decision, finding that the application of the doctrine of issue preclusion after the hearing was appropriate; the commission's decision was subsequently affirmed by the circuit court.[8]

This case is easily distinguished from the *South East Cable* cases. First, this is an unemployment benefit case, not a tax status case. It also does not involve the same issue of whether the claimant provided services as an employee for an employing unit in various calendar quarters. There also was no prior hearing; the fact that the initial determination was final and there was no hearing in this case was because the claimant withdrew her appeal. There is no assertion that an appeal tribunal or the department prematurely applied the doctrine of issue preclusion. Also, unlike the *South East Cable* cases, the initial determination in this case was not limited to specific quarters or benefit years. The determination held that benefits are denied "while the claimant is receiving Social Security Disability payments," and the claimant indicated in her application for benefits in 2022 that she was receiving SSDI benefits. She has not alleged that she provided this information in error or that her circumstances have changed, and she has not alleged that she was provided misinformation by the department as to the meaning of the initial determination or her appeal rights. Under the circumstances, the commission cannot find that the claimant's petition was filed late for a reason that was beyond her control, and it must dismiss the late petition for review. If the claimant answered the question in error, or if her circumstances have changed, and she is no longer receiving SSDI benefits, she should so advise the department.


cc: Atty. Victor Forberger

---

[8] *South East Cable, LLC,* UI Dec. Hearing No. S0800147MW (LIRC Oct. 7, 2009), *aff'd South East Cable, LLC v. LIRC and DWD,* No. 2009-CV-17384 (Wis. Cir. Ct. Milwaukee Cnty. July 1, 2010).

Judy R. Fintz
20007756MD