**State of Wisconsin**



**Labor and Industry Review Commission**

| | |
|---|---|
| Tracy L. Long<br>Claimant | **Unemployment Insurance Decision**[1] |
| Hearing No. 21400971MD | Dated and Mailed:<br>NOV 0 5 2021<br>long, tracy_usd.doc:152 |

The commission **modifies and affirms** the appeal tribunal decision. Accordingly, beginning in week 33 of 2020, the claimant is ineligible for pandemic unemployment assistance (PUA).

By the Commission:

_/s/ Michael H. Gillick_
Michael H. Gillick, Chairperson

_/s/ Georgia E. Maxwell_
Georgia E. Maxwell, Commissioner

_/s/ Marilyn Townsend_
Marilyn Townsend, Commissioner

---

[1] **Appeal Rights**: See the blue enclosure for the time limit and procedures for obtaining judicial review of this decision. If you seek judicial review, you must name the following as defendants in the summons and the complaint: the Labor and Industry Review Commission, all other parties in the caption of this decision or order (the boxed section above), and the Department of Workforce Development. Appeal rights and answers to frequently asked questions about appealing an unemployment insurance decision to circuit court are also available on the commission's website, http://lirc.wisconsin.gov.

Tracy L Long
21400971MD

Ex.B

## Procedural Posture

This case is before the commission to consider the claimant's eligibility for PUA. An administrative law judge (ALJ) of the Unemployment Insurance Division of the Department of Workforce Development held a hearing and issued a decision. The commission received a timely petition for review. The commission has considered the petition, and it has reviewed the evidence submitted at the hearing.

## Findings of Fact and Conclusions of Law

The commission makes the same findings of fact and conclusions of law as stated in the appeal tribunal decision and incorporates them by reference into the commission's decision, subject to the following modification:

Delete the paragraph immediately above CONCLUSIONS OF LAW on page 3 of the appeal tribunal decision and substitute:

> In this case, as of week 33 of 2020, the claimant was unemployed. She was last employed on July 11, 2019. The claimant receives SSDI. She has sought part-time employment throughout the COVID-19 public health emergency, but she was unsuccessful in securing part-time employment until week 15 of 2021. While individuals seeking part-time employment may be eligible for PUA, those individuals must satisfy all other conditions for payment of PUA under the CARES Act. Among those are that, in any given week, the individual was unemployed, partially unemployed, unable or unavailable to work for a specific, identified COVID-19 related reason. The claimant was unemployed because she was unable to find work because businesses were closed or were not hiring due to COVID-19. Not being able to find a job is not an identified reason under Section 2102(a)(3)(A)(ii)(I) of the CARES Act permitting the payment of PUA.[2]

## Memorandum Opinion

The claimant petitioned for commission review of an appeal tribunal decision denying PUA. In her petition,[3] the claimant argued that she meets the criteria for the receipt of PUA.

The issue before the commission is whether, beginning in week 33 of 2020, the claimant is eligible for PUA.

Section 2102 of the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, signed into law on March 27, 2020, created a new temporary federal program, Pandemic Unemployment Assistance (PUA). The program provides for the temporary payment of PUA to "covered individuals." A "covered individual" is someone who meets each of the following three conditions:

---

[2] UIPL No. 16-20, Change 2, Attachment I, Ques. 14.

[3] The claimant included several documents with her petition for review. Those documents were not considered, because the commission's review is based on the record created before the appeal tribunal. See Wis. Admin. Code § LIRC 1.04; Goetsch v. DWD, 2002 WI App 128, ¶13, 254 Wis. 2d 807, 646 N.W.2d 389.

2

Tracy L Long
21400971MD

Condition #1: The individual is not eligible for regular unemployment compensation (UC), extended benefits (EB), or pandemic emergency unemployment compensation (PEUC). This includes an individual who has exhausted all rights to such benefits, as well as an individual who is self-employed, seeking part-time employment, lacking sufficient work history, or who is otherwise not qualified for regular UC, EB, or PEUC. Self-employed individuals include independent contractors and gig economy workers.

Condition #2: The individual must self-certify that he or she is otherwise able and available to work within the meaning of applicable state law, except that the individual is unemployed, partially unemployed, or unable or unavailable to work because of a listed COVID-19 reason in section 2102(a)(3)(A)(ii) of the CARES Act.

Condition #3: The individual must provide required documentation substantiating employment or self-employment or the planned commencement of employment or self-employment.[4]

The claimant meets conditions #1 and #3. Beginning in week 38 of 2020, the claimant is not eligible for regular unemployment UC, PEUC, or EB based on prior employment, because state law bars SSDI recipients from receiving such benefits.[5] The claimant's prior employment was substantiated.

The claimant does not meet condition #2. She cannot self-certify in week 38 of 2020 or in later weeks that she was unemployed, partially unemployed, unable or unavailable to work for a COVID-19 related reason set forth in section 2102(a)(3)(A)(ii)(I) of the CARES Act.

Section 2102(a)(3)(A)(ii)(II) of the CARES Act makes PUA available to individuals who are traditionally not eligible for regular unemployment benefits, including individuals who are self-employed, are seeking part-time employment, or do not have sufficient work history. However, such individuals are eligible for PUA only if they also meet the requirements of subclause (I), which provides benefits to an individual who is otherwise able to work and available for work, within the meaning of applicable state law, except the individual is unemployed, partially unemployed, or unable or unavailable to work because of one or more of the following reasons:

(aa) The individual has been diagnosed with COVID-19 or is experiencing symptoms of COVID-19 and seeking a medical diagnosis.
(bb) A member of the individual's household has been diagnosed with COVID-19.
(cc) The individual is providing care for a family member or a member of the individual's household who has been diagnosed with COVID-19.
(dd) A child or other person in the household for which the individual has primary caregiving responsibility is unable to attend school or another facility

---
[4] UIPL No. 16-20, Change 4, Attachment I, p. 4.
[5] See Wis. Stat. §§ 108.04(12)(f) and 108.04(2)(h). A lawsuit challenging the constitutionality of these provisions was filed in federal court on September 7, 2021.

3

that is closed as a direct result of the COVID-19 public health emergency and such school or facility care is required for the individual to work.

(ee) The individual is unable to reach the place of employment because of a quarantine imposed as a direct result of the COVID-19 public health emergency.

(ff) The individual is unable to reach the place of employment because the individual has been advised by a health care provider to self-quarantine due to concerns related to COVID-19.

(gg) The individual was scheduled to commence employment and does not have a job or is unable to reach the job as a direct result of the COVID-19 public health emergency.

(hh) The individual has become the breadwinner or major support for a household because the head of the household has died as a direct result of COVID-19.

(ii) The individual has to quit his or her job as a direct result of COVID-19.

(jj) The individual's place of employment is closed as a direct result of the COVID-19 public health emergency.

(kk) The individual meets any additional criteria established by the Secretary for unemployment assistance under this section. The Secretary has approved the following COVID-19 related reasons for a self-employed individual (including independent contractors and gig workers) to self-certify for PUA eligibility:

1. The individual experienced a significant diminution of their customary or usual services because of the COVID-19 public health emergency, even absent a suspension of services. This includes an individual whose customary work activities were severely limited or suspended or whose income was substantially diminished as a direct result of the COVID-19 public health emergency.

2. The individual has been denied continued unemployment benefits because the individual refused to return to work or accept an offer of work at a worksite that, in either instance, is not in compliance with local, state, or national health and safety standards directly related to COVID-19. This includes, but is not limited to, those related to facial mask wearing, physical distancing measures, or the provision of personal protective equipment consistent with public health guidelines.

3. An individual provides services to an educational institution or educational service agency and the individual is unemployed or partially unemployed because of volatility in the work schedule that is directly caused by the COVID-19 public health emergency. This includes, but is not limited to, changes in schedules and partial closures.

4. An individual is an employee and their hours have been reduced or the individual was laid off as a direct result of the COVID-19 public health emergency."

None of the above-stated COVID-19 related reasons apply to the claimant's circumstances beginning in week 38 of 2020. The claimant was unemployed and unable to find new work. Not being able to find a job is not an identified reason under section 2102(a)(3)(A)(ii)(I) of the CARES Act permitting the payment of PUA.[6]

---

[6] UIPL No. 16-20, Change 2, Attachment I, Ques. 14.

4