## State of Wisconsin



### Labor and Industry Review Commission

| | |
|---|---|
| **Clifford T. Neuman**<br>Claimant<br><br>Hearing No. 25002949MD | **Unemployment Insurance Decision**[1]<br><br>**Dated and Mailed:**<br>JUL 1 1 2025<br>neumacl_urr.doc:106 |

The appeal tribunal decision is **modified** and, as modified, is **affirmed**. Accordingly, the claimant is ineligible for unemployment benefits as of week 1 of 2025 and while the claimant is receiving social security disability insurance benefits.

By the Commission:

_____
Michael H. Gillick, Chairperson

_____
Georgia E. Maxwell, Commissioner

_____
Marilyn Townsend, Commissioner

---

[1] **Appeal Rights:** See the blue enclosure for the time limit and procedures for obtaining judicial review of this decision. If you seek judicial review, you **must** name the following as defendants in the summons and the complaint: the Labor and Industry Review Commission, all other parties in the caption of this decision or order (the boxed section above), and the Department of Workforce Development. Appeal rights and answers to frequently asked questions about appealing an unemployment insurance decision to circuit court are also available on the commission's website, http://lirc.wisconsin.gov.

Ex.C

## Procedural Posture

This case is before the commission to consider the claimant's eligibility for unemployment insurance benefits. An administrative law judge (ALJ) of the Unemployment Insurance Division of the Department of Workforce Development held a hearing (hearing no. 25000906MD) and issued an initial decision on February 28, 2025. The ALJ set aside that decision on March 20, 2025, stating that additional information was needed. A new hearing was held, which incorporated by reference evidence provided at the prior hearing, and a decision was issued on May 9, 2025. The decision was amended on May 13, 2025, to correct a typographical error.

The commission received a timely petition for review. The commission has considered the petition, and has reviewed the evidence submitted at the hearing. Based on its review, the commission makes the following:

## Findings of Fact and Conclusions of Law

The claimant has received Social Security Disability Income ("SSDI") for the past several years on the third day of each month. On January 10, 2025, the claimant initiated a claim for benefits for week 1 of 2025 (the week ending January 4). He filed a weekly claim certification for week 1 of 2025, indicating that he is receiving SSDI. The claimant was still receiving SSDI payments during the time period he was filing for benefits.

The issue is whether SSDI payments were issued to the claimant which would disqualify him for benefits as of week 1 of 2025.

A claimant "actually receives" SSDI payments throughout an entire month (i.e., in every week of a month), even though it is only paid on one day. While the payments are only made one time per month, the payment covers the entire month. As such, the claimant "actually receives" SSDI payments every week, not just during the week they are paid. Accordingly, Wis. Stat. § 108.04(12)(f) disqualifies a claimant from receiving UI benefits in any week simultaneously covered by a monthly SSDI payment. *In re Robert N. Giampalo*, UI Hearing No. 15001932MD (LIRC Nov. 19, 2015).

Here, the claimant received an SSDI payment on January 3, 2025. Wisconsin Stat. § 108.04(12)(f) is clear that because a SSDI payment was issued to the claimant in January 2025, under that provision he is ineligible for benefits in any week in January of 2025, including the week 1 of 2025.

The claimant argues that an opinion issued in *Bemke et al. v. Pechacek*, 21-cv-560-wmc (W.D. Wis. Jul. 17, 2024) requires that the appeal tribunal decision be reversed. However, the *Bemke* case is still pending before the federal district court and the opinion issued does not resolve all of the issues raised in that case or in this matter. Although the judge found that Wis. Stat. § 108.04(12)(f) has a disparate impact on individuals with disabilities, he stopped short of finding that it is entirely unenforceable. The judge's discussion of remedies contemplates "modifications" and

2

discusses other states' practices of reducing unemployment benefits for individuals receiving SSDI payments, leaving open the question of the effect of the court's finding of a disparate impact. Absent direction from the court regarding the effect of its findings, the commission must continue to apply Wis. Stat. § 108.04(12)(f) as it is written. Under the statute, the claimant is ineligible for unemployment benefits in any week in which he received SSDI payments.

### Memorandum Opinion

In his petition for commission review, the claimant argues that the opinion issued in *Bemke* did not stop short of finding the SSDI eligibility ban entirely unenforceable and that all parties have agreed that the ordering of offsets or deductions by the court due to the receipt of SSDI would be inappropriate. He argues that the only issues still in dispute in *Bemke* concern remedies and classes. Additionally, the claimant argues that the supremacy clause is not implicated because state law requires ALJs to follow both federal and state law and that the ALJ's reasoning that he could not follow the *Bemke* decision because it was not a final, appealable order was also misplaced. After a careful review of the record, the commission does not find the claimant's arguments persuasive.

The commission has rewritten the decision and, as a result, will not address the claimant's arguments regarding the supremacy clause or the final appealable order. Instead, the commission finds, as stated above, that the court's order in *Bemke* does not resolve the issues raised in that case or in this matter. The appeal tribunal decision is affirmed.

cc: Atty. Victor Forberger

Clifford T. Neuman
UI Hearing No. 25002949MD



LIR-2054 (R.08/2013)
State of Wisconsin
Labor and Industry Review Commission
P O Box 8126
Madison WI 53708

VICTOR FORBERGER, ESQUIRE
2509 VAN HISE AVE
MADISON WI 53705-0000

PRESORTED
FIRST CLASS





ZIP 53704
02 4W
0000343343 JUL 14 2025

US POSTAGE — PITNEY BOWES
$ 000.59