# Victor Forberger, Esquire

2509 Van Hise Ave Madison WI 53705

Admitted to Massachusetts and Wisconsin bars     608-352-0138     608-514-7223 (fax)
informational blogs:    wisconsinui.wordpress.com     vforberger@fastmail.fm
                 linuxatty.wordpress.com         website: law.vforberger.fastmail.fm

21 July 2025

Labor and Industry Review Commission
West 3319 Beltline Highway, 2nd Floor
PO Box 8126
Madison WI 53708            via e-mail message to Jennifer.Koepp@wisconsin.gov

       RE:      Hearing No. 25002949MD / Initial Determination 250010641
                  On behalf of claimant Cliff Neuman

Dear Commissioners, Ms. Koepp, and Ms. Krasno:

      It appears that there is some confusion about the date of the Commission decision in this matter, the injunction in the federal <u>Bemke</u> case issued July 14th, and various e-mail messages relating to this case.

      First, while the Commission's decision is dated Friday, July 11th, it was not mailed until Monday, July 14th (*see* the postmark on the envelop included with the enclosed decision). Accordingly, I had not received that decision when I sent on July 15th an e-mail message to the Commission with a copy of the injunction order in the federal <u>Bemke</u> case dated July 14th (as indicated on the envelope, I received the Commission decision on July 16th).[1]

      Second, in response to my July 15th e-mail message to the Commission, Ms. Krasno responded on July 16th (after a series of internal forwards) to me to but not Mr. Rubsam to inform me that the Commission had issued a decision last Friday, July 11th. As noted above, I received that decision in the mail on July 16th (thirty minutes to an hour after Ms. Krasno sent her e-mail message).

      Third, because Mr. Rubsam was not cc'd in that e-mail message, Mr. Rubsam was not aware of any Commission response to my July 15th e-mail message. Accordingly, he responded to my July 15th e-mail message today, July 21st. That response led to further responses from the Commission referring Mr. Rubsam and myself to the Commission issuing a decision on July 11th.

      So, as it stands now in this matter procedurally, there is a Commission decision dated July 11th but not mailed until July 14th and a court order in the federal <u>Bemke</u> case dated July 14th that directs:

> Beginning July 20, 2025, defendant Amy Pechacek, in her official capacity as Secretary-designee of the State of Wisconsin, Department of Workforce Development, is enjoined from enforcing Wis. Stat. § 108.04(12)(f).

In light of this court order now being in effect, I am asking that the Commission reconsider its decision in this matter involving Mr. Neuman.

---

   1     Mr. Neuman confirms that the copy of the Commission decision mailed to him was also postmarked July 14th.

<span style="color:red">Ex.D</span>

In its decision in this matter, the Commission wrote: "the commission finds, as stated above, that the court's order in <u>Bemke</u> does not resolve the issues raised in that case or in this matter."

In light of the federal <u>Bemke</u> injunction decision where the court directs that the SSDI eligibility ban can no longer be enforced as of July 20th, the court has issued a definitive directive to stop applying the SSDI eligibility ban to deny eligibility for unemployment benefits. There is no limitation or specification limiting this directive to the processing of weekly certifications or initial claims after July 20th. Rather, the directive is that the SSDI eligibility ban can no longer be enforced after July 20th in any way.

The court was provided with an overview of the claim-filing process in Wisconsin, Dkt.115:2-9, and that the date of the Department "decision" is the relevant date for determining prospective relief, Dkt.115:15-16. *See* https://www.courtlistener.com/docket/60366332/bemke-brian-v-pechacek-amy/ for documents in the federal <u>Bemke</u> case. Accordingly, there is no basis to read into this order a limitation to weekly certifications filed after 07/26/2025 for the week ending 07/26/2025 (the court would have used such language if such a limitation was being applied by the court). Rather, this order applies to any enforcement of the SSDI eligibility ban after 07/20/2025.

While this order directly applies to the Department via Sec. Pechacek in her official capacity, the Commission has generally considered itself as part of the Department when deciding issues concerning the scope and application of Wisconsin unemployment law. For instance, In <u>DWD v. LIRC (Morse)</u>, 2017 WI App 68, 378 Wis.2d 226, 903 N.W.2d 303, the Commission concluded that departmental error included the decisions of the Commission itself (in this case, the Department contended that the reasonableness of that legal error determination by the Commission would be subject to inter-agency debate, and the court rejected that contention).

With this reconsideration request presenting this case before the Commission in light of the July 14th <u>Bemke</u> federal court order, the Commission must now decide whether to enforce the SSDI eligibility ban when a federal court has directed that, after July 20, 2025, all enforcement of the SSDI eligibility ban can no longer happen.

Thank you.

Sincerely,

*[signature]*

Victor Forberger
WI Bar: 1070634

enc     LIRC decision with envelope (4 pp,)
          E-mail chain dated July 15th and 16th (2 pp.)
cc      Andrew Rubsam (via e-mail message to Andrew.Rubsam@dwd.wisconsin.gov) (w/enc)