FILED
07-18-2025
CIRCUIT COURT
DANE COUNTY, WI
2025CV001090

| STATE OF WISCONSIN | CIRCUIT COURT BRANCH 8 | DANE COUNTY |
|---|---|---|

TREENA ROSE,

             Plaintiff,

vs.

LABOR AND INDUSTRY REVIEW COMMISSION and DEPARTMENT OF WORKFORCE DEVELOPMENT,

             Defendants.

BRIEF OF DEFENDANT LABOR AND INDUSTRY REVIEW COMMISSION

Case No. 2025CV001090
Classification No. 30607

 

Jeffrey J. Shampo
Attorney for Defendant
Labor and Industry Review Commission
State Bar No. 1006814

Address:

3319 West Beltline Highway
P.O. Box 8126
Madison, WI 53708
(608) 266-3188
jeffrey.shampo1@wisconsin.gov

July 18, 2025

Ex. F

TABLE OF CONTENTS

                                          <u>Page</u>

**Issues**..................................................................................................................................3

**Posture**................................................................................................................................4

**Argument** ...........................................................................................................................8

    I.  Ms. Rose's cause of action should be dismissed for failing to serve the required state officers as required under Wis. Stat. § 893.825. ..................................................8

        A. Ms. Rose's complaint raises only the issue of whether Wis. Stat. § 108.02(12)(f) is in conflict with federal law and so invalid....................................................8

        B. Dismissal is required under Wis. Stat. § 893.825...........................................10

        C. Dismissal is consistent with prior cases involving lack of competency..........13

        D. Wisconsin Stat. § 893.825 is not limited to constitutional issues and, regardless, Ms. Rose *is* challenging the constitutionality of Wis. Stat. § 108.04(12)(f). ..................15

        E. The defense under Wis. Stat. § 893.825 has not been waived or forfeited. ....................16

    II.  The court should also dismiss this action under Wis. Stat. § 802.06(2)(a)10. due to the existence of a pending federal action on the same cause................................17

        A. Another pending action .................................................................................17

        B. Between the same parties ..............................................................................18

        C. For the same cause.........................................................................................19

**Conclusion** ........................................................................................................................20

| STATE OF WISCONSIN | CIRCUIT COURT<br>BRANCH 8 | DANE COUNTY |
|---|---|---|

TREENA ROSE,

                Plaintiff,

vs.

LABOR AND INDUSTRY REVEIW COMMISSION and DEPARTMENT OF WORKFORCE DEVELOPMENT,

                Defendants.

BRIEF OF DEFENDANT LABOR AND INDUSTRY REVIEW COMMISSION

Case No. 2024CV001090
Classification No. 30607

## ISSUES

1. Under Wis. Stat. § 893.825, if a party brings an action alleging that a statute is unconstitutional, in violation of federal law, or otherwise invalid, the attorney general, the speaker of the assembly, the president of the senate, and the senate majority leader must be served with a copy of the proceeding and are entitled to be heard. Noncompliance with such a statute is "fatal to the court's jurisdiction" and deprives a court of competency to proceed, *In re P.L.L.-R.: S.R. v. Circuit Ct. for Winnebago Cnty.*, 2015 WI App 98, ¶10, 366 Wis. 2d 134, 876 N.W.2d 147.

The sole basis for Treena Rose's action for judicial review in this matter is an allegation that Wis. Stat. § 108.04(12)(f) violates federal law and is invalid. However, she has not complied with Wis. Stat. § 893.825 by serving the required state officers with copies of her proceeding. Should Ms. Rose's action for judicial review be dismissed for lack of jurisdiction or competency to proceed?

2. Alternatively, Wis. Stat. § 802.06(2)(a)10. provides for dismissal of an action when another action between the same parties for the same cause is already pending. In this action, Ms. Rose asserts that Wis. Stat. § 108.04(12)(f) violates federal law and is invalid. However, as her complaint and brief establish, she is also a plaintiff in another action pending between the same

3

parties on the same claim. Should Ms. Rose's current action for judicial review be dismissed under Wis. Stat. § 802.06(2)(a)10. to avoid the potential for conflicting judgments?

## POSTURE

At issue in this case is the validity of Wis. Stat. § 108.04(12)(f), which provides generally that recipients of social security disability insurance benefits are ineligible for unemployment uninsurance benefits under Wis. Stat. ch. 108. That statute states:

> **108.04 (12)** PREVENTION OF DUPLICATE PAYMENTS. (f) 1m. The intent of the legislature in enacting this paragraph is to prevent the payment of duplicative government benefits for the replacement of lost earnings or income, regardless of an individual's ability to work.
> 2m. In this paragraph, "social security disability insurance payment" means a payment of social security disability insurance benefits under 42 USC ch. 7 subch. II.
> 3.a. Except as provided in subd. 3. b. to d., an individual is ineligible for benefits under this chapter for each week in the entire month in which a social security disability insurance payment is issued to the individual.
> b. In the first month a social security disability insurance payment is first issued to an individual, the individual is ineligible for benefits under this chapter for each week beginning with the week the social security disability insurance payment is issued to the individual and all subsequent weeks in that month.
> c. Following a cessation of social security disability insurance payments to an individual and upon the individual again being issued a social security disability insurance payment, the individual is ineligible for benefits under this chapter for each week beginning with the week the social security disability insurance payment is issued to the individual and all subsequent weeks in that month.
> d. Following cessation of social security disability insurance payments, an individual may be eligible for benefits under this chapter, if otherwise qualified, beginning with the week following the last Saturday of the month in which the individual is issued his or her final social security disability insurance payment.

Treena Rose has been receiving social security disability insurance for decades *(complaint, page 4, par. 4 (Doc.3:4); see also T.8:12-13, 19:13-25)*.[1] In October 2024, Ms. Rose applied for unemployment insurance benefits *(complaint, page 4, par.5 (Doc.3:4); see also Doc.18:89)*. On October 24, 2024, the Department of Workforce Development (department) issued a determination (ID:240235751) that, as of week 40 of 2024 (the week ending October 5, 2024), denied Ms. Rose's claim for unemployment insurance benefits while she was receiving social security disability payments *(Doc.18:86; T.6:22-25)*.

Ms. Rose filed a timely appeal *(Doc.18:81)*. Following notice *(Doc.18:74)*, a hearing was held before a department administrative law judge acting as an appeal tribunal under Wis. Stat. § 108.09(3). At issue was whether Ms. Rose received social security disability insurance payments *(T.6:22 to 7:12)*. On April 11, 2023, the administrative law judge issued an appeal tribunal decision *(Doc.18:23-26)* affirming the department's determination, and likewise holding that Ms. Rose was ineligible for unemployment insurance benefits under Wis. Stat. § 108.04(12)(f) as of week 40 of 2024 because she received social security disability insurance benefits *(Doc.18:26)*.

Ms. Rose then petitioned the commission for review of the appeal tribunal decision *(Doc.18:8)*. On March 14, 2025, the commission issued a decision affirming the appeal tribunal decision *(Doc.5)*.[2] The commission's decision also concluded that Ms. Rose was ineligible for unemployment insurance benefits under Wis. Stat. § 108.04(12)(f) as of week 40 of 2024, and while she received social security disability insurance benefits *(Doc.5:1)*. In so doing, the

---

[1] References to documents previously filed in this matter shall be in the form *(Doc.number:page)*. References to the transcript of the administrative hearing in this case held on April 11, 2023, which is filed as circuit court document 36 "Administrative hearing record (Testimony and exhibits)," will be in the form *(T.page:line)*. References to the appendix to this brief are in the form *(appx.page)*.

[2] The commission decision is also at Doc.18:2-3.

commission noted that a decision in a pending federal district court case had found that Wis Stat. § 108.04(12)(f) had a disparate impact on individuals with disabilities, but had stopped short of finding that the statute was entirely unenforceable *(Doc.5:2)*.

On March 28, 2025, Ms. Rose filed her complaint bringing this action for judicial review of the commission's March 14, 2025 decision. Her complaint asserts, among other things, that the commission erred in finding that the federal district court decision stopped short of ruling that Wis. Stat. § 108.04(12)(f) is entirely unenforceable *(complaint, pages 9-10, pars. 24-26 (Doc.3:9-10))*. Ms. Rose's complaint also alleges that the commission's finding on this point "presumes a non-existent dispute" *(complaint, page 9, par. 24 (Doc.3:9))*. She asks that the commission's decision denying unemployment insurance to her be reversed *(complaint, page 9, par. 26 (Doc.3:9))*.

The federal district court action to which the commission decision referred began on September 7, 2021, when a class action was filed in the federal district court for the Western District of Wisconsin *(complaint, page 6-7, par. 14 (Doc.3:6-7); see also federal complaint (Doc.26:9-28))*. The complaint in the federal action sought, among other things, a determination that the denial of Wisconsin unemployment insurance benefits to social security disability insurance recipients under Wis. Stat. § 108.04(12)(f) "is discrimination based on disability in violation of the Rehabilitation Act and the Americans with Disabilities Act" *(federal complaint, page 17, par. 112 (Doc.26:25))*. That action is still pending in federal court as *Bemke v. Pechacek*, case no. 3:21-cv-00560-wmc (W.D. Wis) *(see complaint page 9, par. 20 (Doc.3:9))*.

However, while the *Bemke v. Pechacek* case has been pending, the federal district court issued three orders relevant to this action. The first, issued on July 17, 2024, determined that Wis. Stat. § 108.04(12)(f) "necessarily has a disparate impact on those with disabilities" *(7/17/24*

6

*Opinion and Order, page 7 (Doc.4:7))*,[3] in violation of the prohibition against discrimination against individual with disabilities under Title II of the Americans with Disabilities Act (42 U.S.C. § 12132) and Section 504 of the Rehabilitation Act (29 U.S.C. § 794(a)) *(see, 7/17/24 Opinion and Order, pages 3-4, 12 (Doc.4:3-4, 12))*. In this order, the federal district court expressly left open the issue of remedy, including the possibility of a modified construction of Wis. Stat. § 108.04(12)(f) that would allow for an "offset" of unemployment insurance benefits (*7/17/24 Opinion and Order, pages 11-12 (Doc.4:11-12))*.

Then, on June 11, 2025 (more than two months *after* this action began), the district court issued a second order that certified as a class for the purposes of the class action: "Individuals who applied for unemployment benefits in Wisconsin after September 7, 2015, but were denied benefits because they received SSDI benefits" *(6/11/25 Opinion and Order, page 11 (Doc.26:57))*. The district court also stated that "no one can opt out of [the] subclasses" *(6/11/25 Opinion and Order, page 9 (Doc.26:55))*. The court again left open the issue of remedies (*6/11/25 Opinion and Order, pages 10-11 (Doc.26:56-57))*.

Finally, on July 14, 2025 (more than three months *after* this action began), the federal district court issued a third opinion and order that in effect bars the *prospective* enforcement of Wis. Stat. § 108.04(12)(f) *(appx.3)*. The federal district court also directed the parties to confer "regarding the appropriate remedy for class members for past injuries," and to submit a proposed order by August 18, 2025 *(appx.3)*. The court further issued a formal "Preliminary Injunction and Declaration" *(appx.4)* stating:

> 1. Wis. Stat. § 108.04(12)(f), which provides a blanket denial of unemployment compensation benefits to any individual receiving social security disability insurance benefits, violates the Americans with Disabilities Act and

---

[3] The 7/17/24 Opinion and Order is also at Doc.26:34-46.

7

Rehabilitation Act because it has a disparate impact on disabled workers seeking unemployment insurance benefits.

2. Beginning July 20, 2025, defendant Amy Pechacek, in her official capacity as Secretary-designee of the State of Wisconsin, Department of Workforce Development, is enjoined from enforcing Wis. Stat. § 108.04(12)(f).

**ARGUMENT**

**I.    Ms. Rose's cause of action should be dismissed for failing to serve the required state officers as required under Wis. Stat. § 893.825.**

As discussed below, Wis. Stat. § 893.825 generally requires that a party alleging that a state statute violates federal law or is otherwise invalid must serve copies of his or her pleadings on certain state officers, and case law establishes that the failure to do so deprives the court of competency or jurisdiction. Notably, another action for judicial review raising the validity of Wis. Stat. § 108.04(12)(f) has recently been dismissed based on the plaintiff's failure to comply with the service requirements in Wis Stat. § 893.825. *See Trandel v. LIRC and DWD*, Case No. 23CV3790 (Wis. Cir. Ct. Milwaukee Cnty. June 17, 2024), *appeal pending,* Appeal No. 2024AP001527 (Wis. Ct. App.)  *(appx.5-9)*.[4]

   A.    Ms. Rose's complaint raises only the issue of whether Wis. Stat. § 108.02(12)(f) is in conflict with federal law and so invalid.

Here, Ms. Rose alleges in her complaint that because the commission's decision should be reversed because the commission "refuse[s] to acknowledge a federal court decision that has found that the SSDI eligibility ban discriminates against disabled workers" *(complaint, page 9, par. 25 (Doc.3:9))*. In her brief, Ms. Rose argues that Wis. Stat. § 108.04(12)(f) illegally discriminates

---

[4] Circuit court decisions may be cited for any persuasiveness that might be found in their reasoning and logic. *Brandt v. LIRC*, 160 Wis. 2d 353, 365, 463 N.W.2d 673 (Ct. App. 1991), *aff'd* 166 N.W.623, 483 N.W.2d 494 (1992); *see also*, *Kuhn v. Allstate*, 181 Wis. 2d 453, 468, 510 N.W.2d 826 (Ct. App. 1993).

against disabled workers who receive social security disability insurance benefits *(brief, page 1 (Doc.23:1)*. Her brief also makes it clear that her arguments depend on a conclusion that the federal Americans with Disabilities Act and Section 504 of the federal Rehabilitation Act prohibit the denial of state services, programs, or activities by reason of disability *(brief, pages 19-23 (Doc.23:19-23)*. In other words, Ms. Rose is asserting that Wis. Stat. § 108.04(12)(f) conflicts with federal law, based on the federal district court decision in *Bemke v. Pechacek*.

Federal district court opinions are not binding precedent in Wisconsin courts, even on constitutional issues and even if on all fours. *State v. Henley*, 2011 WI 68, ¶15, n.4, 335 Wis. 2d 559, 800 N.W.2d 418. Ms. Rose argues that this Court should instead apply the holding in *Bemke v. Pechacek* under the principle of issue preclusion and, presumably, go on to find the "SSDI eligibility ban"—that is, Wis. Stat. § 108.04(12)(f)—is invalid and reverse the commission decision on that basis *(brief pages 8-14 (Doc.23:8-14))*. Alternatively, Ms. Rose argues that this Court should *itself* reach the conclusion that the statute illegally discriminates against disabled workers based on the reasoning in the federal district court decision, and invalidate the statute on that basis *(brief pages 23-38 (Doc.23:23-38))*. No doubt she will, in her reply brief, point to the federal district court's preliminary injunction barring the secretary of workforce development from enforcing the statute after July 22, 2025 as further evidence of the statute's invalidity. Certainly, Ms. Rose is challenging the validity of Wis. Stat. § 108.04(12)(f) as being unconstitutional, in conflict with federal law, or otherwise invalid.

Apart from the asserted invalidity of Wis. Stat. § 108.04(12)(f), Ms. Rose raises no other ground for setting aside the commission decision at issue here. She does not challenge the commission's findings of fact or its reading of the statute at issue, Wis. Stat. § 108.04(12)(f). Her

action for judicial relief is grounded *solely* in her assertion that Wis. Stat. § 108.04(12)(f) cannot be applied as written because it is unconstitutional, in violation of federal law, or otherwise invalid.

  B.  Dismissal is required under Wis. Stat. § 893.825.

Despite arguing in her brief that Wis. Stat. § 108.04(12)(f) illegally discriminates against her in violation of federal law, and so cannot be enforced to deny her claim for benefits, Ms. Rose did not comply with the statutory requirements for bringing such an argument in state courts. To be heard in court on a claim that a state statute is unconstitutional, violates federal law, or is otherwise invalid, a plaintiff must serve his or her pleadings on certain specified state officers, including the attorney general. Specifically, Wis. Stat. § 893.825 provides:

> **(1)** In an action in which a statute is alleged to be unconstitutional, or to be in violation of or preempted by federal law, or if the construction or validity of a statute is otherwise challenged, the attorney general shall be served with a copy of the proceeding and is entitled to be heard.
>
> **(2)** In an action in which a statute is alleged to be unconstitutional, or to be in violation of or preempted by federal law, or if the construction or validity of a statute is otherwise challenged, the speaker of the assembly, the president of the senate, and the senate majority leader shall also be served with a copy of the proceeding and the assembly, the senate, and the joint committee on legislative organization are entitled to be heard.

Wisconsin Stat. § 893.825 was enacted by 2017 Wis. Act. 369, SECTION 101, effective December 16, 2018, upon passage of 2017 Senate Bill 884.[5] According to the analysis of the Legislative Reference Bureau (LRB), that bill extended the requirement that the attorney general be served with copies of a proceeding under Wis. Stat. § 806.04(11) challenging the constitutionality of a statute to *all* types of actions challenging the validity of a statute:

> This bill requires a party that alleges that a statute is unconstitutional, or in violation of or preempted by federal law, to serve the speaker of the assembly, the

---

[5] The full text of the Act is at https://docs.legis.wisconsin.gov/2017/related/acts/369.

> president of the senate, and the senate majority leader with a copy of the proceeding. The bill also requires that, in such cases, the assembly, the senate, and the Joint Committee on Legislative Organization (JCLO) are entitled to be heard, representing the legislature and the state.
>
> Under current law, if a statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general must be served with a copy of the proceeding and be entitled to be heard. This requirement exists in the statutes for declaratory judgment acts under s. 806.04(11). The Wisconsin Supreme Court has also extended the requirement to other types of actions involving claims that a statute is unconstitutional. See *Kurtz v. City of Waukesha*, 91 Wis. 2d 103, 280 N.W.2d 757 (1979). This bill incorporates the *Kurtz* rule into the statutes and extends both the current statutory and *Kurtz* requirements of service and an opportunity to be heard to the legislature when a statute is alleged to be unconstitutional or in violation of or preempted by federal law.

1987 Senate Bill 884, page 2 *(appx.11)*.[6] The "*Kurtz* rule," to which the LRB analysis refers, holds that where "the record is devoid of evidence of service on the attorney general, it follows that the trial court could not properly consider the constitutional issue." *Kurtz v. Waukesha*, 91 Wis. 2d 103, 117, 280 N.W.2d 757 (1979).

A court cannot simply overlook the notice requirement now specified by statute in Wis. Stat. § 893.825. Failing to comply with a "notice requirement *under the statutes*" (such as Wis. Stat. § 806.04(11) and now also § 893.825) is "fatal to the jurisdiction of the court." *In re Estate of Fessler*, 100 Wis. 2d 437, 444, 302 N.W.2d 414 (1981), *abrogated on other grounds by Matter of Est. of Barthel*, 161 Wis. 2d 587, 468 N.W.2d 689 (1991) (emphasis supplied). The *Fessler* court explained:

> … In a declaratory action the failure to give the notice required by sec. 806.04(11) is fatal to the jurisdiction of the court. ... This conclusion is mandated by the language in sec. 806.04(11). … Because the declaratory action itself is a creature of statute, the maintenance of a declaratory action requires strict compliance with sec. 806.04. …

---

[6] The full text of the bill is at https://docs.legis.wisconsin.gov/2017/related/proposals/sb884.pdf.

*In re Estate of Fessler*, 100 Wis. 2d at 444.

Or as stated elsewhere, the Wis. Stat. § 806.04(11) statutory notice "requirement must be strictly complied with in order to vest subject matter jurisdiction in the courts," *O'Connell v. Board of Educ.*, 82 Wis. 2d 728, 735, 264 N.W.2d 561(1978), and a failure to serve the attorney general as required in Wis. Stat. § 806.04(11) deprives the court of jurisdiction, *Town of Walworth v. Vill. of Fontana-on-Geneva Lake*, 85 Wis. 2d 432, 435, 270 N.W.2d 442 (Ct. App. 1978). Citing the *Fessler* decision, the Court of Appeals has more recently held that when a party fails to serve the attorney general as required under Wis. Stat. § 806.04(11), a circuit court properly dismisses the matter due to its lack of competency to consider it. *In re P.L.L.-R.: S.R. v. Circuit Ct. for Winnebago Cnty,* 366 Wis. 2d 134, ¶10.

At the time *Fessler* was written, Wis. Stat. § 893.825 had not been enacted, and the *Kurtz* requirement that parties serve the attorney general with notice in proceedings other than declaratory judgment actions under Wis. Stat. § 806.04(11) was purely a "judicially mandated rule." The *Fessler* court indicated that noncompliance with that *judicially mandated* rule, unlike the *statutory requirement* of Wis. Stat. § 806.04(11), would not preclude review of a constitutional issue because of a failure of jurisdiction. *Fessler,* 100 Wis. 2d at 444.

Now, of course, Wis. Stat. § 893.825 imposes the statutory requirement of serving the attorney general and other specified state officers in *all* actions raising constitutional or federal preemption challenges, not merely actions for declaratory judgment. Such service is no longer simply a "judicially mandated rule." Notably, the LRB analysis set out above specifically states the legislative intent to "extend … the *current statutory requirements*" whenever "a statute is alleged to be unconstitutional or in violation of or preempted by federal law." Recognizing the seriousness of the statutory mandate, parties have served the state officers as required, even in a

case brought before the statute's effective date, *In re T.L.E.-C.*, 2020 WI App 39, ¶16 and n.10, 392 Wis. 2d 726, 946 N.W.2d 155, *aff'd*, 2021 WI 56, 960 N.W.2d 391, and even when the constitutional issue was first raised by the circuit court *sua sponte* after an action was begun, *Int. of M.L.J.N.L.*, 2024 WI App 11, ¶6 and n.5, 411 Wis. 2d 174, 4 N.W.3d 633.[7] Regardless of whether the notice requirement in Wis. Stat. § 893.825 is more properly viewed as going to the competency of a reviewing court rather than to its jurisdiction, *see In re P.L.L.-R.: S.R. v. Circuit Ct. for Winnebago Cnty,* 366 Wis. 2d 134, ¶10, this Court should dismiss this action, given Ms. Rose's failure to comply with the statutory notice requirement.

In short, Wis. Stat. § 893.825 required Ms. Rose to serve her pleadings on the attorney general, the speaker of the assembly, the president of the senate, and the senate majority leader. Ms. Rose has not proven such service on any of these officers in this matter. Consequently, this Court may not consider her argument that Wis. Stat. § 108.04(12)(f)3.a. violates federal law. And because that is the *only* grounds she stated in support of her contentions that the commission's decision is erroneous and without or in excess of its powers under Wis. Stat. § 108.07(c)6.a., this Court must dismiss her action for lack of jurisdiction and competency to proceed.

C.      Dismissal is consistent with prior cases involving lack of competency.

Courts generally have held that a failure to comply with the statutory requirements for judicial review of unemployment insurance decisions deprives the circuit court of competency to proceed, *Brandt v. LIRC*, 166 Wis. 2d 623, 627, 480 N.W.2d 494 (1992) and *Miller Brewing Co. v. LIRC*, 173 Wis.2d 700, 706 n.1., 495 N.W.2d 660 (1993), at least when the mandate is "central

---

[7] Notably, despite the actions taken to comply with Wis. Stat. § 893.825 in both cases, neither *In re T.L.E.-C.* nor *Int. of M.L.J.N.L.* involved the situation here: where the *plaintiff* herself challenges the constitutionality or validity of a statute in her pleadings.

13

to the statutory scheme." *DWD v. LIRC*, 2016 WI App 21, 367 Wis. 2d 609, ¶¶8, 9, 877 NW.2d 620. This Court has cautioned that while minor deviations from statutory requirements—that is, technical defects or "mere technical nicet[ies]"—are not central to the statutory scheme, the procedural and substantive policy choices reflected in statutory schemes "may not simply be overlooked." *DWD v. LIRC*, 367 Wis.2d 609, ¶12.

While the requirement of notifying the attorney general and other state officers under Wis. Stat. § 893.825 is not contained within Wis. Stat. ch. 108 itself, it is a nonetheless a *statutory* mandate reflecting a policy choice made by the Legislature that applies whenever a statute is argued to be unconstitutional or in conflict with federal law.[8] That mandate is certainly central to the "statutory scheme" for review of unemployment insurance decisions in such cases, and a failure to comply deprives this Court of competence. *See In re P.L.L.-R.: S.R. v. Circuit Ct. for Winnebago Cnty.*, 366 Wis. 2d 134, ¶10 n.7 (holding that failure to comply with the analogous Wis. Stat. § 806.04 notice requirement is "central to the statutory scheme"). In such cases, dismissal is the appropriate remedy, *DWD v. LIRC*, 367 Wis.2d 609, ¶¶22-24.

In sum, Ms. Rose's failure to comply with the statutory mandate that she notify the proper state officials of her action deprives this Court of competency to proceed to judgment. Dismissal for lack of competency is entirely consistent with precedent in similar situations arising under the analogous Wis. Stat. § 806.04(11). *See In re P.L.L.-R.: S.R. v. Circuit Ct. for Winnebago Cnty.*,

---

[8] Wisconsin Stat. § 108.09(7)(c)1. states that an order of the commission is not subject to review under "ch. 227 or s. 801.02." However, Wis. Stat. § 893.825 is neither of those statutes.

Further, the Court of Appeals has held that that the rules generally applicable to circuit court actions may apply on judicial review under Wis. Stat. § 108.09(7) unless that subsection provides an exception or prescribes a different requirement. *See DWD v. LIRC*, , 367 Wis. 2d 609, ¶5 and n.4 (referring to Wis. Stat. § 801.01(2) and noting further that general venue rules apply where the statutory predecessor to § 108.09(7) did not specify a venue). Wisconsin Stat. § 108.09(7) neither contains an exception to Wis. Stat. § 893.825 nor prescribes a different procedure in the event of a challenge to the validity of an unemployment insurance statute.

14

366 Wis. 2d 134, ¶10.  *See also Town of Center v. City of Appleton*, 70 Wis. 2d 666, 669, 235 N.W.2d 504 (1975).

      D.      Wisconsin Stat. § 893.825 is not limited to constitutional issues, and, regardless, Ms. Rose *is* challenging the constitutionality of Wis. Stat. § 108.04(12)(f).

Anticipating the argument that she failed to notify the proper parties under Wis. Stat. § 892.825 *(brief, pages 3, n.5 and 14, n.17 (Doc.23:3, 14))*, Ms. Rose contends that her arguments against the validity of Wis. Stat. § 108.04(12)(f) do not implicate the supremacy clause of the federal constitution because "unemployment administration is a partnership between the states and federal government" *(brief, page 14 (Doc.23:14))*.  Implicit in this argument seems to be the suggestion that Wis. Stat. § 893.825 applies *only* to constitutional questions, and *not* in cases where a party argues that a state statute violates or is preempted by federal law or is otherwise invalid. Ms. Rose seems to read two entire clauses—"or to be in violation of or preempted by federal law, or if the construction or validity of a statute is otherwise challenged"—out of both Wis. Stat. § 893.825(1) and (2).  However, it is nearly axiomatic that "[s]tatutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." *State ex rel. Kalal v. Cir. Ct. for Dane Cnty.*, 2004 WI 58, ¶46, 271 Wis. 2d 633, 681 N.W.2d 110.

In any event, Ms. Rose's argument that Wis. Stat. § 108.04(2)(f) is invalid or unenforceable because it conflicts with federal law—specifically the federal Americans with Disability Act and the federal Rehabilitation Act—necessarily raises a constitutional issue.  The reason a state law is invalid when it conflicts with a federal statute is that, under the Supremacy Clause of the federal constitution, federal law takes precedence over conflicting state law.  The United States Supreme Court has explained:

> [T]he Constitution indirectly restricts the States by granting certain legislative powers to Congress, see Art. I, § 8, while providing in the Supremacy Clause that federal law is the "supreme Law of the Land ... any Thing in the Constitution or

Laws of any State to the Contrary notwithstanding," Art. VI, cl. 2. This means that when federal and state law conflict, federal law prevails and state law is preempted. *New Jersey Thoroughbred Horsemen's Ass'n v. Nat'l Collegiate Athletic Ass'n*, 584 U.S. 453, 471, 138 S. Ct. 1461, 1476, 200 L. Ed. 2d 854 (2018). In this case, Ms. Rose asserts that the unambiguous language in Wis Stat. § 108.04(12)(f) cannot validly be applied as written because doing so conflicts with provisions prohibiting discrimination on the basis of disability under the federal Americans with Disability Act and the federal Rehabilitation Act. Thus, even if Wis. Stat. § 893.825 were somehow read to apply only to constitutional challenges, it would still apply to all of the issues raised by Ms. Rose in circuit court.

  E. The defense under Wis. Stat. § 893.825 has not been waived or forfeited.

Ms. Rose may argue that the commission has somehow waived or forfeited the defense under Wis. Stat. § 893.825 by not raising it by motion or in its answer to the complaint. However, this argument, too, must fail. As set out above, the appellate courts have held that a failure to comply with a notice statute such as Wis. Stat. § 893.825 goes either to the circuit court's jurisdiction, *see O'Connell*, 82 Wis. 2d at 735 and *Town of Walworth,* 85 Wis. 2d at 435, or its competency to proceed to judgment, see *In re P.L.L.-R.: S.R. v. Circuit Ct. for Winnebago Cnty,*, 366 Wis. 2d 134, ¶10.

To the extent that a failure to comply with Wis. Stat. § 893.825 goes to jurisdiction, it may be raised at any time. *Kohnke v. Indus. Comm'n*, 52 Wis. 2d 687, 689 n.1, 191 N.W.2d 1 (1971), *overruled in part on other grounds by Chequamegon Tel. Co-op., Inc. v. DILHR*, 55 Wis. 2d 507, 200 N.W.2d 441 (1972). *See also State v. Christensen*, 110 Wis. 2d 538, 542 and n.5, 329 N.W.2d 382 (1983). Even if Ms. Rose's failure to comply with Wis. Stat. § 893.825 is viewed as merely going to a circuit court's competency, that defense would be waived only if not raised in circuit court at some point prior to appeal. *Vill. of Trempealeau v. Mikrut*, 2004 WI 79, ¶30, 273 Wis. 2d

76, 681 N.W.2d 190. In holding that challenges to competency are not waived if raised in circuit court prior to appeal, the Supreme Court expressly overruled *Wall v. DOR*, 157 Wis. 2d 1, 458 N.W.2d 814 (Ct. App. 1990), which the Supreme Court characterized as holding without justification that competency challenges are waived if not raised in the initial pleading. *Vill. of Trempealeau*, 273 Wis. 2d 76, ¶¶26, 28.

II. **The Court should also dismiss this action under Wis. Stat. § 802.06(2)(a)10. due to the existence of a pending federal action on the same cause.**

The commission joins the Department of Workforce Development's motion to dismiss the current action *(Docs.26, 28)*. As the department explains, dismissal of an action is warranted when another action between the same parties for the same cause is already pending. Wis. Stat. § 802.06(2)(a)10. "To prevail on a motion to dismiss under Wis. Stat. § 802.06(2)(a)10., the moving party must prove the existence of: (1) another pending action; (2) between the same parties; (3) for the same cause." *Payday Loan Store of Wisconsin Inc. v. Krueger*, 2013 WI App 25, ¶6, 346 Wis. 2d 237, 828 N.W.2d 587.[9] All three of those factors are present in this case, warranting dismissal of Ms. Rose's current action before this Court.

A. Another pending action

Ms. Rose's complaint and brief in this action describes the existence of the other action: the federal class action known as *Bemke v. Pechacek*, case no. 3:21-cv-00560-wmc (W.D. Wis),

---

[9] Some authority suggests that when another action is pending in another state, a stay—rather than dismissal or abatement—of a later-filed action in this state may be appropriate. *See Regal Ware, Inc. v. TSCO Corp.*, 207 Wis. 2d 538, 545-47 and n.3, 558 N.W.2d 679 (Ct. App. 1996). However *Regal Ware* adds a jurisdictional requirement not present in the actual text of Wis. Stat. § 806.02(2)(a)10., and not among the statutory requirements as stated in *Payday Loan Store*, *supra*. The case is also distinguishable. *Regal Ware* involved a pending action in Pennsylvania state court, *id.* at 541, and did not discuss the effect of an action pending in federal court in Wisconsin on a state proceeding also pending in Wisconsin. The commission thus joins the department's motion to dismiss.

17

which seeks the invalidation of Wis. Stat. § 108.04(12)(f) *(complaint, pages 7-9, pars. 16-20 (Doc.3:7-9); see also, brief, pages 1-5 (Doc.23:1-5))*. The "other pending action" requirement is met.

B.   Between the same parties

The "same parties" requirement of section 802.06(2)(a)10. is also met. Although Ms. Rose, the plaintiff in this action *(complaint, page 3 (Doc.3:3))*, is not a *named* plaintiff in the federal action in *Bemke v. Pechacek*, she is a member of one of the certified subclasses in that case because her unemployment claim was filed in 2024 *(complaint, page 4, par. 5 (Doc.3:4); see also Doc.18:89)*, which is after the 2015 start date for class membership *(6/11/25 Opinion and Order, page 11 (Doc.26:57))*, and the federal district court has determined that she may not opt out of the class *(6/11/25 Opinion and Order, page 9 (Doc.26:55))*.

The Department of Workforce Development is a defendant in this case *(complaint, page 3, par. 2; Doc.3:3)*. The defendant in *Bemke v. Pechacek* is "Amy Pechacek … acting Secretary of the State of Wisconsin Department of Workforce Development (DWD or Department)" alleged to be "responsible for the administration of the Wisconsin employment *[sic]* benefits program." *(federal complaint, page 3, par. 10 (Doc.23:11))*. A proceeding against a state officer in his or her official capacity is a suit against the state itself, *Appel v. Halverson*, 50 Wis. 2d 230, 235, 184 N.W.2d 99 (1971), and a suit against Secretary Pechacek in her official capacity as head of the Department of Workforce Development must be regarded as a suit against the department.

The commission was not named as a party in *Bemke v. Pechacek,* but is named as a defendant in this case, and is alleged to be "responsible for deciding claims for unemployment insurance" *(complaint, page 4, par. 3; Doc.3:4)*. It is not relevant that the commission is named as a party in this action but not in the federal action. "Where the facts and circumstances of a

18

pending lawsuit and a new lawsuit are the same, simply naming 'a different party [in the new lawsuit] is not enough to get around [Wis. Stat.] § 802.06(2)(a)10,'" *RBC Eur., Ltd. v. Noack*, 2014 WI App 33, ¶26, 353 Wis. 2d 183, 844 N.W.2d 643; *see also, Barricade Flasher Serv. v. Wind Lake Auto Parts*, 2011 WI App 162, ¶8, 338 Wis. 2d 144, 807 N.W.2d 697.

    C.    For the same cause

Finally, the circumstances and relevant facts in this case and the pending federal case are the same. The relief that Ms. Rose seeks in this case is a finding that the denial of Wisconsin unemployment benefits to social security disability insurance recipients is discriminatory, in violation of federal law *(complaint, page 9, par. 25 and page 10, "Demand for Relief" (Doc.3:9-10)*. This finding would result in the payment of Wisconsin unemployment benefits to Ms. Rose despite her receiving social security disability insurance benefits, if she is otherwise eligible. The relief sought in the federal class action lawsuit is the same: the payment of unemployment benefits to social security disability insurance recipients with claims after 2015 based on a finding that the denial of unemployment to social security disability insurance recipients is illegally discriminatory *(federal complaint, page 17, par. 112 and page 18-19, "prayer for relief"; Doc.23:25, 26-27)*.

Both this case and the pending federal action, *Bemke v. Pechacek,* thus raise the same legal issue: the claim that denying Wisconsin unemployment benefits to recipients of social security disability income is illegally discriminatory. The policy behind dismissal of duplicate actions is clear: different tribunals should not be called upon to issue potentially inconsistent decisions. Hypothetically, if one court determines that denial of social security disability insurance benefits to unemployment benefit claimants is illegally discriminatory and another court finds the opposite, it would be impossible for the department or the commission to reconcile those

19

decisions. Also, assuming for the sake of argument that this Court issues an order consistent with the federal court, the federal and state courts may grant different remedies, potentially making it impossible for defendants to reconcile how to handle plaintiff's unemployment claim. Indeed, the federal district court has issued two orders and a preliminary injunction *just since the action in this Court began,* and it clearly contemplates issuing at least one more order in the near future.

The Court should therefore dismiss this action to avoid inconsistent results, and to permit the federal litigation, which was filed first, to resolve the plaintiff's issues.

## CONCLUSION

The commission respectfully asks this Court to dismiss Ms. Rose's action because she is asserting that a state statute conflicts with federal law and is invalid, but she has failed to serve copies of her proceedings on the required state officers under Wis. Stat. § 893.825, depriving this Court of jurisdiction or competency to proceed. Alternatively, the Court should grant the department's motion to dismiss the case under Wis. Stat. § 802.06(2)(a)10. because another action is pending between the same parties on the same cause.

Dated July 18, 2025.

                                             Electronically signed by Jeffrey J. Shampo
                                             Jeffrey J. Shampo
                                             Attorney for Defendant
                                             Labor and Industry Review Commission
                                             State Bar No. 1006814
                                             (608) 266-3188
                                             jeffrey.shampo1@wisconsin.gov