FILED
07-23-2025
CIRCUIT COURT
DANE COUNTY, WI
2025CV001090

STATE OF WISCONSIN      CIRCUIT COURT      DANE COUNTY
BRANCH 8

Treena Rose *Plaintiff,*

                                                                                      Case No. 2025CV1090

   v.

Labor and Industry Review Commission and
Department of Workforce Development, *Defendants*

## Plaintiff's Reply Brief

### Factual and Procedural Disputes

      Outside of one minor error, there are no factual or procedural disputes.[1] But, it should be noted that the Commission in its brief at Doc.33:7 refers to the federal Bemke court leaving open the issue of remedies. As explained in Plaintiff's brief at Doc.23:4, n.7, the SSDI offset issue originally raised by the court has been discarded by the parties and so by the federal Bemke court. The remedies issues—now that classes have been certified—are to determine how members of these classes are notified and hence eligible for receiving the unemployment benefits previously denied them or forced to repay. *See* Dkt.109 (Secretary's remedies brief) (https://storage.courtlistener.com/recap/gov.uscourts.wiwd.48133/gov.uscourts.wiwd.48133.109.0.pdf), Dkt.115 (plaintiffs' remedies brief) (https://storage.courtlistener.com/recap/gov.uscourts.wiwd.48133/gov.uscourts.wiwd.48133.115.0.pdf), and Dkt.114 (supporting declaration regarding the claim-filing process and monetary eligibility) (https://www.courtlistener.com/docket/60366332/bemke-brian-v-pechacek-amy/#entry-114).[2]

---

[1]  The Commission's brief at Doc.33:5 refer to the appeal of ID 240235751 filed on 11/08/2024 as timely rather than untimely. *Cf.* Plaintiff's brief at Doc.23:5. In their answers, both the Commission, Doc.13:1, and the Department, Doc.10:1, did not dispute that the appeal of the SSDI eligibility ban determination was late by one day and that an administrative law judge held that the late appeal was excused because it was late for reasons beyond the claimant's control.

[2]  References to docket entries in the federal Bemke case
 —https://www.courtlistener.com/docket/60366332/bemke-brian-v-pechacek-amy/—will be to Dkt.##, and references to docket entries in this matter involving Ms. Rose will be to Doc.##.

Ex.H

In light of the Department's (and the Commission's) ongoing reluctance to acknowledge the Secretary's actions and decisions in the <u>Bemke</u> federal case, the plaintiffs in <u>Bemke</u> filed a motion for immediate relief, Dkt.108 (largely based on this case involving Ms. Rose) (https://storage.courtlistener.com/recap/gov.uscourts.wiwd.48133/gov.uscourts.wiwd.48133.108.0.pdf), to which the Secretary responded, Dkt.111 (https://storage.courtlistener.com/recap/gov.uscourts.wiwd.48133/gov.uscourts.wiwd.48133.111.0.pdf). Noticeably, in this response the Secretary did not oppose immediate relief for claimants like Ms. Rose. Indeed, the court in <u>Bemke</u> pointedly observed the parties' common ground in its most recent order: "The parties have responded, agreeing to immediate injunctive relief barring prospective enforcement of § 108.04(12)(f), but having some minor disagreements regarding remedies for previous denials of unemployment benefits under § 108.04(12)(f)." Dkt.116:1 (https://storage.courtlistener.com/recap/gov.uscourts.wiwd.48133/gov.uscourts.wiwd.48133.116.0.pdf).

### **Disputes over the Standard of Review**

Neither the Commission nor the Department address this issue. Accordingly, it is undisputed.

### **Legal Disputes**

Neither the Commission nor the Department address arguments raised in Plaintiff's brief about issue preclusion or that the SSDI eligibility ban in Wis. Stat. § 108.04(12)(f) violates the American's with Disabilities Act and the Rehabilitation Act. Moreover, the Commission accepts that issue preclusion should apply to it. *See* LIRC brief at Doc.33:18-19.

Yet both defendants argue for dismissal of this case while also never admitting to or even suggesting that Ms. Rose might soon receive the unemployment benefits that are due her.[3] The

---

[3] Ms. Rose has recently found work for a security company serving as an usher at events. For some weeks she has worked more than fifty hours. In other weeks, work has been limited. She is still homeless and struggling to raise enough funds for a security deposit for an apartment. She continues to file weekly certifications for unemployment benefits (with assistance of counsel, she has completed weekly certifications for the weeks ending 03/29/2025, 04/05/2025, 04/12/2025, 04/19/2025, 04/26/2025, 05/03/2025, 05/10/2025, 05/17/2025, 05/24/2025, 05/31/2025, 06/07/2025, 06/14/2025, 06/21/2025, 06/28/2025, 07/05/2025, and 07/12/2025), as the unemployment benefits due her would likely be enough for to get her that

arguments for dismissal concern an alleged lack of service per Wis. Stat. § 893.825 and a repetition of the Department's arguments in its motion to dismiss for allegedly filing a duplicate claim per Wis. Stat. § 802.06(2)(a)10. For the reasons indicated below, neither argument has merit.

### A. Even if Wis. Stat. § 893.825 applies here, such required service was accomplished.

The Commission repeats its arguments in the Trandel case that is currently on appeal (Appeal No. 2024AP1527) and awaiting a decision from the appeals court. The issues in Trandel are:

- Did the creation of Wis. Stat. § 893.825 alter the exclusive review procedure for unemployment cases in Wis. Stat. § 108.09(7)? If so, how?

- If Wis. Stat. § 893.825 applies to unemployment cases, how, if at all are, are the service requirements of Wis. Stat. § 108.09(7) altered?

Since the briefing in Trandel is publicly available, there is no need to detail all of the arguments set forth therein. *See* https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2024AP001527&cacheId=&recordCount=0&offset=0&linkOnlyToForm=false&sortDirection=DESC. In general, Mr. Trandel contended that, because Wis. Stat. § 108.09(7) is the exclusive mechanism for court review of unemployment cases, Wis. Stat. § 893.825 did not modify that process, that Wis. Stat. § 893.825 could not be applied to unemployment cases because nearly all unemployment cases statutorily include application of federal law, and, that if Wis. Stat. § 893.825 does indeed apply to unemployment cases, then the service requirements set forth in Wis. Stat. § 893.825 are accomplished by the mailing of pleadings by the Commission to these additional parties pursuant to the requirements of Wis. Stat. § 108.09(7)(c)3 ("Service upon the commission or an agent authorized by the commission to accept service *constitutes complete service on all parties*, but there shall be left with the person so served as many copies of the

---

apartment. *See* the description of partial eligibility in the "Unemployment primer" at https://wisconsinui.wordpress.com/unemployment-primer/#weekly_certifications:~:text=Work%20and%20wages%2C%20aka%20partial%20eligibility (last checked 23 July 2025) as well as the claim-filing process in Dkt.115:2-9 (https://storage.courtlistener.com/recap/gov.uscourts.wiwd.48133/gov.uscourts.wiwd.48133.115.0.pdf).

summons and complaint as there are defendants, and the commission shall mail one copy to each other defendant.") (emphasis supplied).[4] *See* Trandel appellate brief at 11-30 (https://acefiling.wicourts.gov/document/eFiled/2024AP001527/860762). These same arguments are adopted by Ms. Rose, with the exception noted below.

As in its briefing in Trandel, the Commission does not address at all what service mechanism should apply if Wis. Stat. § 893.825 is found to apply to unemployment cases.[5] Pursuant to Wis. Stat. § 801.02(1), civil actions in general are commenced with the filing of a complaint in circuit court and then service of a summons and a complaint within 90 days of the initial court filing.[6] Actions for declarative relief, Wis. Stat. § 806.04(11), follow these requirements, and there is no doubt that Wis. Stat. § 893.825 was intended to apply to actions for declaratory relief. *See* n.5, *supra*.

This action involving Ms. Rose was initiated on March 31, 2025. As demonstrated in Doc.37, service on the legislative leaders and the Attorney General was accomplished on June 13th of this year. Accordingly, the service in question was accomplished 74 days after this action was initiated and so within the 90 day limit allowed for in Wis. Stat. § 801.02(1). As this service requirement has been satisfied, there is no basis here for dismissing this case.[7]

---

[4]  In unempoloyment cases prior to this one, counsel for Ms. Rose has supplied the Commission with additional copies of summons and complaints pursuant to Wis. Stat. § 108.09(7)(c)3 for service to additional parties per Wis. Stat. § 893.825. The Commission has summarily rejected that option and only served named, adverse parties as spelled out in the case law. *See* Miller Brewing Co. v. LIRC, 173 Wis.2d 700, 722, 495 N.W.2d 660, 669 (1991).

[5]  For Ms. Rose, the Commission's only contention as to how and when service is accomplished is by citations to cases and legislative history concerning declaratory actions. *See* LIRC brief at Doc.33:10-12.

[6]  *See also* Wis. Stat. § 801.14(2) (setting forth service requirements for civil matters).

[7]  Normally, a lower court should wait on pending appellate guidance when that appellate decision will resolve the question in dispute. As noted above and in Doc.22, Ms. Rose cannot wait in light of her financial hardship. And, such a wait runs counter to the purpose and scope of unemployment benefits. *See* Plaintiff's brief at Doc.23:37 (discussing the federal "when due" requirement for payment of unemployment benefits) and Doc.29:5-6 (similar). Since Wis. Stat. § 893.825 is "satisfied" here per the Commission's arguments, this court should decide the merits of this case notwithstanding the pending appellate decision in Trandel.

### B. Wis. Stat. § 802.06(2)(a)10 does not apply here.

The Commission's brief at Doc.33:17-20 reiterates the Department's arguments in Doc.26. As such, Plaintiff's response at Doc.29 to those arguments is incorporated here. Four issues bear additional emphasis to what the Commission and the Department are claiming, however.

First, all the cases cited in the Commission's brief in support of application of Wis. Stat. § 802.06(2)(a)10 are state court cases and only state court cases. In none of those cases has a state court found jurisdiction in state law to hold that a federal court case is a duplicate of the state court action.

Second, the nature of this case involving Ms. Rose is not comparable at all to that of the federal Bemke case.[8] This case involving Ms. Rose is seeking review of a Commission decision denying her unemployment benefits pursuant to Wis. Stat. § 108.09(7). *See* Doc.3:9, ¶26. The federal Bemke case is a federal civil rights action pursuant to 42 USC § 1983. *See* counts 1 and 2 of the federal Bemke complaint at Doc.26:25-6. The arguments for why the SSDI eligibility ban is illegal are the same or quite similar in both cases, but the nature of these cases are completely different and are being pursued under entirely different statutory schemes. To accept that these cases are similar to each other would essentially apply issue preclusion *in reverse* and allow state agencies to prevent multiple parties from making similar arguments in different forums across different kinds of cases. Such a outcome makes a mockery of the reasons for why issue preclusion should be limited when applied to state agencies. *See* Plaintiff's brief at Doc.23:8-10

---

[8] The Commission's brief at Doc.33:3 also mistakenly refers to Ms. Rose as a party in the federal Bemke case. She is not, as the Commission recognized in its answer, Doc.13:2, ¶13 ("Admits the allegations in paragraph twenty-one of the complaint," which stated that "Ms. Rose is not a named plaintiff in Bemke," Doc.3:9).

While Ms. Rose is now a member of the first class—those denied unemployment benefits pursuant to the SSDI eligibility ban (*see* Dkt.106:11 and Doc.26:57)—both the Department and the Commission, as noted below, refuse to recognize these and other federal court orders regarding the end of the SSDI eligibility ban in Wisconsin. Rather than seeking dismissal, the Department and the Commission should be asking this court to apply the findings of the federal Bemke court to Ms. Rose (as Ms. Rose is requesting).

(discussing factors that weigh against application of issue preclusion to state agencies and why those factors are not applicable here).

Third, the Commission's claim in its brief at Doc.33:15 that unemployment does not involve matters of federal law is contradicted by that law itself, Wis. Stat. § 108.09(3)(b) ("Consistently with applicable state *and federal law*, the appeal tribunal may affirm, reverse or modify the initial determination of the department or set aside the determination and remand the matter to the department for further proceedings," emphasis supplied), how unemployment is administered, *see* Legislative Audit Bureau, Information Paper 86: Unemployment Insurance System (Jan. 2025) at 3-4, 12-16, and 40-43 (discussing the federal role in the unemployment insurance system, how unemployment is financed, and the federally-managed trust fund from which state unemployment taxes are deposited and from which claimant's benefits are paid) (https://docs.legis.wisconsin.gov/misc/lfb/informational_papers/january_2025), by the intentional inter-relationship of federal and state unemployment law, *see*, *e.g.* Catholic Charities Bureau, Inc. v. LIRC, 605 U.S. __, 145 S.Ct. 1583 (2025) (J. Jackson, *concurring*) (while the court found that the Wisconsin Supreme Court misinterpreted its state law provision, the federal law provision—which the state law provision duplicated—provided a mechanism for distinguishing between religious and non-religious economic activities) (https://www.supremecourt.gov/opinions/24pdf/24-154_2b82.pdf ), and by Wisconsin case law that explicitly indicates both federal and state law apply in unemployment matters, *see* Plaintiff's brief at Doc.23:15, n.18.[9] In short, unemployment law is not just an issue of state law as contended by the Commission but necessarily administered and structured by both federal and state entities under both federal and state law.

Finally, the Department's discussion of the preliminary injunction in the federal Bemke case, Dkt.117 and Doc.36:2, misconstrues that injunction. The Department at Doc.36:1 writes

---

[9] A search of "federal law" in the Commission's decision database produces too many results to count. *See* https://lirc.wisconsin.gov/search.htm?query=%22federal+law%22&collection=uidecisions&btnG=Search (last checked 23 July 2025). Among those results, *see*, e.g., Brown v. Labor Finders, UI Hearing No. 06607509RC (30 March 2007) (https://lirc.wisconsin.gov/ucdecsns/2811.htm) (federal labor standard, after prior standard was found to be non-conforming with federal law, applies to a potential job offer regardless of whether the claimant cited that issue or even appeared at the hearing).

that this injunction "does not apply to previously filed claims." But, as stated in the injunction: beginning on July 20, 2025, the Department, through Sec. Pechacek in her official capacity, is "enjoined from enforcing Wis. Stat. § 108.04(12)(f)." Doc.36:2 and Doc.33:8. Before issuing its preliminary injunction, the <u>Bemke</u> court was provided with a comprehensive overview of the claim-filing process in Wisconsin, Dkt.115:2-9, and that the date of the Department "decision" is the relevant date for determining prospective relief, Dkt.115:15-16 (https://storage.courtlistener.com/recap/gov.uscourts.wiwd.48133/gov.uscourts.wiwd.48133.115.0.pdf ). Accordingly, there is no basis to read into this order (as the Department has done) a limitation to weekly certifications filed after 07/26/2025 for the week ending 07/26/2025 (the <u>Bemke</u> court would have used such language if such a limitation was being applied by the court). Rather, *the <u>Bemke</u> court order applies to any enforcement of the SSDI eligibility ban after 07/20/2025*. This court can and should follow that decision to find that Ms. Rose is now eligible for unemployment benefits and should be paid those benefits immediately because, after July 20, 2025, the SSDI eligibility ban can no longer be enforced by the Department. The Department's (and the Commission's) reluctance to follow the initiative of Secretary Pechacek to resolve these matters and end the illegal discrimination of the SSDI eligibility ban should, in light of the <u>Bemke</u> injunction, no longer stand in the way of Ms. Rose receiving the unemployment benefits due her.

## Conclusion

For the reasons stated above and in her original brief, Ms. Rose submits that application of the SSDI eligibility ban to her should be reversed.

|  |  |
|---|---|
|  | Respectfully submitted<br>on behalf of <u>Treena Rose</u>, |
|  | **Victor Forberger, Esq.**<br><u>Electronically signed by Victor Forberger</u><br>WI State Bar No. 1070634<br>2509 Van Hise Ave., Madison WI 53705<br>Telephone: 608-352-0138 |
| Dated: <u>23 July 2025</u> | E-mail: <u>vforberger@fastmail.fm</u> |

I certify that this brief is provided by the court's e-file system to all parties of record in this matter.

**Victor Forberger, Esq.**
<u>Electronically signed by Victor Forberger</u>
WI State Bar No. 1070634