IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ,
SARAH JAMIESON, EVAN JOHNSON,
TRACY LONG and CLIFFORD
NEUMANN, on behalf of themselves and
similarly-situated individuals,

                      ORDER ON REMEDIES

               Plaintiffs,

  v.

                      21-cv-560-wmc

AMY PECHACEK,

               Defendant.

Consistent with this court's July 14, 2025, Order (dkt. #116), the parties' subsequent submissins on remedies, and today's hearing at which plaintiffs were represented by Paul Kinne and Heath Straka, and defendant by Steven Kilpatrick, Karla Keckhaver and Clayton Kawski, IT IS HEREBY ORDERED that:

1. Per the court's order dated July 11, 2025 (dkt. #106), the two classes certified in this case are:

   a. Individuals who applied for unemployment benefits in Wisconsin after September 7, 2015, and before *July 30*, 2025 ("the relevant period"), but were denied benefits because they received SSDI benefits (the "first class"); and

   b. Individuals who were ordered to repay unemployment benefits that they received in Wisconsin during the relevant period because they also received SSDI benefits (the "second class").

2. The Department (or its designee) will confirm using best practices that current contact information and bank account or debit card informatioin is correct for members of both classs.  After confirming contact and account/debit information is correct, the Department shall:

    a. return over-payments for the relevant period charged against SSDI receipts who are members of the second class;

    b. pay out regular unemployment benefits denied to members of the first class who were wrongfully denied those payments for the relevant period because they were SSDI recipients despite having timely filed weekly certifications for the weeks they were unemployed; and

    c. notify members of both classes that they may seek additional benefits for weeks where weekly certifications have not already been filed with the Department, provided they act within 90 days of receiving the formal notice referred to below by filing certifications for each additional week they can certify under oath to being umemployed.

3. Per Wisconsin law, claimant class members for any weekly certifications may be dated back as far as September 7, 2015, if applicable to that member and will be excused from the requirements that (a) they conduct four, weekly work-search actions or (b) register with the job center of Wiscnsin for the periods for which they seek benefits.

4. Claimants in the first class will only be eligible for regular unemployment to the extent that they can establish monetary eligibility and are not disqualified for other

reasons outside of the SSDI eligibility ban, including ineligibility due to fraudulent conduct, concealment, application of a restricted statute of limitations for the period in 2018, or receipt of Covid payments for that week as discussed in the next paragraph.

5. The Department will draft and provide notice to class members of their possible entitlement to unemployment benefits by mailing notice to their best known addresses obtained by the Department. Any class members who received federal Pandemic Unemployment Assistance (PUA) shall also be advised in the notice that: (a) they are not eligible for both PUA and regular unemployment benefits due to federal law; (b) PUA claims were paid at a higher rate than regular unemployment benfits; and (c) for those reasons, additional unemployment benefits will not be paid out for weeks in which they have already received PUA payments. However, for the weeks they were not paid PUA benefits or had to repay those PUA benefits because the Department later determined they were not eligible for PUA benefits, these SSDI recipients are now eligible for regular unemployment benefits during the relevant period if members of the first class.

6. Claimants charged with unemployment fraud for not reporting their SSDI status correctly are, under the criteria for the second class, now eligible for the unemployment benefits they previously had to repay (but are not eligible for the return of 40 percent administrative concealment penalties charged them by the Department or the return of any forfeiture of future unemployment benefits charged against them; but they will not be subject to that forfeiture on the benefits they

receive now if the six-year statute of limitations for these forfeitures has been reached).

7. The Department shall also provide notice to class members by posting a notice on the Department's website, social media and claimant portal on or before October 1, 2025, and continuing until December 31, 2025; issuing a news release to print, television and internet reporting services; and requiring Wisconsin employers to post the same or similar notice on any employee notice board (actual or virtual) mandated by Wisconsin law.  Precise language in these notices and releases shall be agreed to by the parties by September 10, 2025.  If the parties reach an impasse on such language or the deadline expires, each party shall promptly file their last, good faith proposals to the court.

8. The Department shall file a certification with the court and plaintiffs' class counsel indicating when notice was mailed to class members, the number of notices that were mailed, and shall include copies of the notices posted on the Department's website and claimant portal, of the news release issued to reporting services, and the notice prepared for posting by employers.

9. Notwithstanding confidentially provisions in state and federal law concerning claimant information, the Department shall also provide to plaintiffs' class counsel on a monthly basis an updated: confidential list of all class members actually receiving payments pursuant to this order; their addresses; their phone numbers; and the amounts received.

10. The Department may accept initial claims and weekly certifications from disabled workers online and by telephone. For class members who apply by phone, the precise language for this script is also to be agreed upon by the parties by the same deadline and procedure established above for notices and releases.

Entered this 20th day of August, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge