IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN BEMKE, et al.,

    Plaintiffs,

v.     Case No. 21-CV-0560

AMY PECHACEK,

    Defendant.

**DEFENDANT'S STATEMENT IN SUPPORT OF NOTICES AS REFERENCED IN THIS COURT'S AUGUST 20, 2025, ORDER ON REMEDIES**

Defendant Amy Pechacek, in her official capacity as Secretary-designee of the Wisconsin Department of Workforce Development, files this short statement in support of documents that this Court ordered her to file in its August 20, 2025, Order on Remedies, and attached exhibits. (Dkt. 124.)

First, since the Court's Order on Remedies, counsel for Defendant and Plaintiffs have worked cooperatively to agree on final language for two documents as referenced in paragraphs 5 and 7 of the Court's Order on Remedies: the Department's news release and the social media notice. (*See* Dkt. 130 ¶ 5 Ex. A, B.) Defendant files these again as part of her attachment.

1

Second, despite good faith efforts to agree on language as to the other documents referenced in paragraphs 5 and 7 of the Court's Order on Remedies, Defendant and Plaintiffs have reached an impasse. Plaintiff has filed both parties "last, good faith proposal[s]" made to each other. (Dkt. 124:4; 130–130-10.) To the extent it is helpful to the Court, Defendant now files "clean" versions of her "last, good faith proposal[s]," attached herein. Defendant respectfully asks the Court to adopt these.

Third, Defendant now explains the reasons for not accepting Plaintiffs' last proposals.

Most of the 35 paragraphs within the September 19, 2025, Declaration of Victor Forberger (the "Declaration") focus on the minutiae of program administration and do not rise to issues that should be before this Court. The Declaration also includes some assertions that do not warrant a response.

As the agency charged with administering the Unemployment Insurance (UI) program, and as the subject matter experts on our operations, the Department has taken suggestions from Plaintiffs' counsel into consideration and adopted those that would not inhibit its ability to serve claimants or timely issue payments.

The Department aims to provide information to claimants in the most concise manner, utilizing plain language and behavioral insight principles

based on its knowledge, training, and experience administering the UI program. In some instances, a suggestion from Plaintiffs' counsel was agreeable but needed editing for better understanding by the claimants (based on the Department's experience with claimants). Defendant had proposed suggested alternative language to capture what the Department interpreted to be Plaintiffs' counsel issue but simplified the message.

The edits that Defendant did not agree with, as laid out in the Declaration, address program-specific procedural matters or are unreasonable as they could impair the Department's ability to serve the class members and other claimants.

In addition to those general objections to the Declaration, Defendant responds to some of the specific representations below:

- Page 1, ¶ 2: Department proposals do not include multiple phone numbers for differing issues. Materials that are being sent directly to potential class members include the SSDI Hotline. Materials that are available for the general public include only the general Help Center number. When someone calls the Help Center for help with a SSDI issue, they will be transferred to the SSDI Hotline. Publicizing the SSDI Hotline phone number to the general public would increase wait times and unnecessary calls to staff specialized in SSDI matters and slow down the Department's ability to process claims for class members.

- Page 2, ¶¶ 3 and 4: Department proposals indicated it will not link to non-governmental websites (not that it did not have the capability or otherwise could not do so). Defendant will comply with the Court's notice requirements on its website including the timeline set forth in the Court's order.

- Page 3, ¶ 8: The Declaration asserts that "Department's proposed warning is likely to lead people to think claims after 90 days of receipt could still be allowed." The Department intentionally drafted this language to leave this window open because it anticipates claims will come in after the 90-day deadline. For example: if an individual calls on day 90 and needs to call back again.

- Page 3, ¶ 9: The Department's draft specifies the message is being sent only to potential class members. The point of the message is to provide general information and be a courtesy to alert people to watch for the letter in the mail.

- Page 4, ¶ 15: The Department is unsure of the "ID upload on the DWD portal" method referenced. This is not an identity verification method that exists. There is a notary form (in addition to Login.gov and at a U.S. Post Office location), but that cannot be uploaded on the portal.

- Page 5, ¶ 19: The Department anticipates helping almost 14,000 class members navigate unique claims with varying eligibility issues. Specifying possible scenarios in a general, introductory letter is not helpful. Class members will receive help and guidance about their specific claim when they call the SSDI Hotline, as instructed.

Defendant respectfully urges the court to adopt the Department's reasonable proposed last best offers as the final notices, as they represent good-faith negotiations with Plaintiffs' counsel and further concessions could impede the Department's ability to timely process and pay SSDI claimants, as well as other claimants.

Lastly, Plaintiffs filed a stand-alone document, Dkt. 131, but do not explain it in the Declaration.

Dated this 19th day of September 2025.

                        Respectfully submitted,

                        JOSHUA L. KAUL
                        Attorney General of Wisconsin

                        <u>s/ Steven C. Kilpatrick</u>
                        STEVEN C. KILPATRICK
                        Assistant Attorney General
                        State Bar #1025452

                        CLAYTON P. KAWSKI
                        Assistant Attorney General
                        State Bar #1066228

                        KARLA Z. KECKHAVER
                        Assistant Attorney General
                        State Bar # 1028242

                        Attorneys for Defendant

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1792 (Kilpatrick)
(608) 266-8549 (Kawski)
(608) 264-6365 (Keckhaver)
(608) 294-2907 (Fax)
Steven.Kilpatrick@wisdoj.gov
Clayton.Kawski@wisdoj.gov
Karla.Keckhaver@wisdoj.gov

## CERTIFICATE OF SERVICE

 I certify that on September 19, 2025, I electronically filed the foregoing Defendant's Statement in Support of Notices as Referenced in this Court's August 20, 2025, Order on Remedies with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

 Dated this 19th day of September 2025.

<u>s/ Steven C. Kilpatrick</u>
STEVEN C. KILPATRICK
Assistant Attorney General
