IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ,
SARAH JAMIESON, EVAN JOHNSON,
TRACY LONG and CLIFFORD
NEUMANN, on behalf of themselves and
similarly-situated individuals,

               Plaintiffs,

    v.

AMY PECHACEK, in her official capacity as
Secretary-designee of the State of Wisconsin
Department of Workforce Development,

               Defendant.

ORDER

21-cv-560-wmc

---

On August 20, 2025, the court ordered the parties in this case to draft notices that (1) would be mailed to class member regarding their possible entitlement to unemployment benefits, including notification that receipt of Pandemic Unemployment Assistance may affect their eligibility and receipt of unemployment benefits; (2) would be posted on the Department of Workforce Development's website, social media, claimant portal, and Wisconsin employer employee notice boards; and (3) would be issued as a news release to print, television and internet reporting services. (Remedies Order (dkt. #124).) The parties have notified the court that they were able to agree on the Department's press release and social medial post, but have been unable to agree on precise language for the claimant portal notice; website notice; individual claimant notices; and the script DWD staff will use when class members apply by telephone.

Having reviewed the parties' proposals, the court is concludes that the Department's proposals address all matters required under the court's Order on Remedies (dkt. #124) and provides sufficient information to the class members.  Although plaintiffs raise several concerns regarding defendant's proposed notices, the court is not persuaded that the concerns are warranted or require amendments to the Department's proposals.

First, plaintiffs argue that the Department's proposals include multiple phone numbers that could confuse class members.  This concern is unwarranted.  The notices sent to the class members include the SSDI hotline, while materials available to the general public include the general Help Center number, which can transfer a caller to the SSDI hotline if appropriate.  The Department explains reasonably that publicizing the SSDI hotline to the public would likely increase calls to staff specialized in SSDI, thereby delaying processing of class members' claims.

Second, plaintiffs argue that the notices should provide a link to the class representatives' website and should be posted on the "courtlistener" website.  But this was not required by the court's Order on Remedies, and is not necessary to the Department's processing of class members' claims.

Third, plaintiffs argue that the notices should clarify that claims received after the 90-day deadline will not be processed.  But the Department explains that its proposed language leaves open the possibility of paying beneits to individuals who begin the process within 90 days but do not complete it until after 90 days have elapsed.  The Department's phrasing is reasonable and does not raise concerns for the court.

Fourth, plaintiffs argue that the notices should provide more information about eligibility criteria for the two classes, as well as what information may be needed to verify work history.  However, the Department's proposed notices provide sufficient information, particularly where the notices will be sent only to potential class members and those members will receive additional information when they call the Department.  The notices do not need to address multiple potential scenarios that can be better addressed during individual phone calls.

Fifth, plaintiffs argue that class members should be notified that they can verify their identiy by uploading their identifiication on the DWD portal.  The Department responds that identification upload is not a method accepted by the Department.  The court will not micromanage how the Department accepts identification, so decliens to require that this be included in the notice.

Finally, plaintiffs make several proposed suggestions to the script to be used during DWD telephone calls.  However, many of plaintiffs' proposals would interfere with the Department's claims processing policies and practices.  As the Department is the agency tasked with administratering unemployment benefits, the Department has the experience and expertise in procsesing these sorts of claims.  The court declines to require additional language or details to be included in the proposed script.

ORDER

IT IS ORDERED that the proposed notices and script provided by defendant (dkt. #132) are ACCEPTED and APPROVED by the court.  Defendant shall post the required notices by October 14, 2025.

Entered this 7th day of October, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

4