IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ, SARAH
JAMIESON, EVAN JOHNSON, TRACY
LONG and CLIFFORD NEUMANN,

          Case No. 21-cv-560

        Plaintiffs,

v.

AMY PECHACEK, in her official capacity
As Secretary-designee of the State of Wisconsin
Department of Workforce Development.

        Defendant.

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO APPROVE AND TO
DISTRIBUTE CLASS NOTICE**

NOW COME the plaintiffs, by and through their undersigned counsel, and hereby reply to Defendant's Brief in Opposition to Plaintiffs' Motion to Approve and to Distribute Class Notice:

**INTRODUCTION**

The defendant has raised one procedural objection to the plaintiffs' proposed notice, and one substantive objection. For the reasons that follow, the Court should rule in the plaintiffs' favor and grant permission for the issuance of the class notice.

**THE COURT HAS NOT RULED THAT CLASS NOTICE IN THIS MATTER IS NOT WARRANTED.**

Procedurally, the defendant argues that the Court has ruled on the plaintiffs' motion to issue class notice, and that ruling is against issuance of a class notice. The record does not support this argument.

The defendant argues that the plaintiffs' pending motion to approve class notice should be considered a motion for reconsideration because of rulings on completely different issues. Specifically, because the Court denied modifications to documents from the defendant, the defendant argues that the Court has constructively denied a motion for class certification.

The parties agree that the Court has the discretion to order class notice. The plaintiffs have moved for issuance of class notice. The record is explicitly clear that the Court has not ruled on that motion. To accept the defendant's argument that rulings on separation issues add up to a denial of a motion class counsel had not even made would make a mockery of due process.

The Court has not ruled on the plaintiffs' motion to approve and issue class notice. Accordingly, the issue is ripe for decision based on the briefing before the Court.

**THE COURT SHOULD ISSUE CLASS NOTICE BECAUSE OF VULNERABILITIES UNIQUE TO THE CLASS.**

The only substantive argument against issuing class notice that the defendant makes is that the plaintiffs have failed to provide proof that the class members suffer from cognitive impairments in high enough numbers to justify the issuance of the notice. While it is true the plaintiffs lack specific information about cognitive disabilities for this specific class, the Social Security Administration's own statistics bear out that a disproportionate minority of Social

Security Disability Insurance recipients suffer from cognitive disabilities. A link to the data from 2023 follows.

https://www.ssa.gov/policy/docs/statcomps/di_asr/2023/sect03b.html

Official statistics prove that 2.6 percent of SSDI beneficiaries suffer from cognitive disabilities. That represents 26 out of every 1000 class members in this case. Those are precisely the type of people who may need extra assistance to file their claims. As matters stand now, those individuals have no knowledge of how to contact their own lawyers to get answers to questions and assistance with filing claims, should that be necessary. To a significant number of these class members, the resolution of the case is nearly meaningless without getting the help they need.

For these substantive reasons, the Court should grant the plaintiffs' motion for class notice.

## CONCLUSION

The Court should exercise its discretion and order the issuance of class notice in this matter for the grounds stated above, along with any related orders necessary to effectuate meaningful notice reaching the class members.

Respectfully submitted this 17th day of November, 2025.

**GINGRAS, THOMSEN & WACHS, LLP**
*/s/ Paul A. Kinne*
Paul A. Kinne (SBN: 1021493)
8150 Excelsior Drive
Madison, WI 53717
Tel: (608) 833-2632
Kinne@gtwlawyers.com

**VICTOR FORBERGER, ESQ.**
*/s/ Victor Forberger*
Victor Forberger

3

Madison, WI 53705
Tel: (608) 352-0138
Forberger@fastmail.fm

**AXLEY, LLP**
*/s/ Heath Straka*
Heath Straka (SBN: 1031351)
2 E. Mifflin Street, Ste. 200
Madison, WI 53701
Tel: (608) 283-6755
HStraka@axley.com


*Attorneys for plaintiffs*