## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

---

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ, SARAH
JAMIESON, EVAN JOHNSON, TRACY
LONG, and CLIFFORD NEUMANN,

        Plaintiffs,

    v.                             Case No. 21-cv-560

AMY PECHACEK, in her official
capacity as Secretary-designee of the
State of Wisconsin Department of
Workforce Development,

        Defendant.

---

## PLAINTIFFS' STATUS REPORT

---

NOW COME the plaintiffs, Brian Bemke, Scott Collett, John Feriozzi, Judy Fintz, Sarah Jamieson, Evan Johnson, Tracy Long and Clifford Neumann, by their attorneys GINGRAS, THOMSEN & WACHS, LLP, AXLEY, LLP and VICTOR FORBERGER, ESQ., and hereby submit the following as their Status Report in the above-captioned matter.

1.    **Issues.**

    1.    DWD has created an initial claim carry-over disqualification that runs into the relevant period (September 7, 2015, and before July 30, 2025).

    2.    DWD continues to apply work search requirements and late filing disqualifications to class members.

    3.    Final judgment must be entered.

    4.    A decision with respect to attorney fees must be made.

5.      A decision with respect to incentive pay must be made.

**2.      The remedies order.**

In the Court's remedies order, Dkt. 124, the Court certified classes consisting of:

a.      Individuals who applied for unemployment benefits in Wisconsin after September 7, 2015, and before July 30, 2025 ("the relevant period"), but were denied benefits because they received SSDI benefits (the "first class"); and

b.      Individuals who were ordered to repay unemployment benefits that they received in Wisconsin during the relevant period because they also received SSDI benefits (the "second class").

Dkt. 124:1. The Court also directed that:

3.      Per Wisconsin law, claimant class members for any weekly certifications may be dated back as far as September 7, 2015, if applicable to that member and will be excused from the requirements that (a) they conduct four, weekly work-search actions or (b) register with the job center of Wisconsin for the periods for which they seek benefits.

4.      Claimants in the first class will only be eligible for regular unemployment to the extent that they can establish monetary eligibility and are not disqualified for other reasons outside of the SSDI eligibility ban, including ineligibility due to fraudulent conduct, concealment, application of a restricted statute of limitations for the period in 2018, or receipt of Covid payments for that week as discussed in the next paragraph.

Dkt. 124:2-3. The Department of Workforce Development ("Department" or "DWD") and

Sec. Pechacek are in violation of these parts of the Court's order.[1]

---

[1]   Plaintiffs and Defendant worked extensively on producing a joint report. But, Defendant disagreed with Plaintiffs on the two problems described below. Other than with these problems and Plaintiffs' proposed remedy, Plaintiffs understand that there is agreement with Defendant on all other matters and the proposed time lines.

3.      **The initial claim carry-over problem.**

It is the plaintiffs' position that the Department has interpreted "individuals who applied for unemployment benefits" as applying solely to initial claims and not weekly claims. As a result, initial claims filed before September 7, 2015, but encompassing weekly claims after that date are excluded from the first class until the claimant has a new initial claim in January 2016 or later.

The situation of named plaintiff Sarah Jamieson describes what is happening here. Per the proposed stipulations, the Department is refusing payment of unemployment benefits for weeks in September through December of 2015:

> For the claimant's 2015-16 benefit year, the Department has returned over-payments beginning as of week 2 of 2016 (week ending 01/09/2016) in the amount of $421 but not for earlier weeks in that benefit year (weeks 39 through 51 of 2015 for which benefits are again due to the claimant). The amount being denied to the claimant for weeks 39 through 51 of 2015 is $348. See U58 and U105 (week 36 of 2015 is the week ending 09/05/2015 and so predates the 09/07/2015 start date for the Bemke SSDI/UI class action).

Proposed stipulations for Jamieson at ¶11 (Jamieson had filed for unemployment benefits in 2015 and was previously paid unemployment benefits for weeks 39 through 51 of 2015). The Department is denying $348 for these weeks because the claimant filed an initial claim in August 2015 for week 34 of 2015 (the week ending 08/22/2015), which began her 2015-16 benefit year. Proposed stipulations for Jamieson at ¶5. Moreover, the Department is denying eligibility for unemployment benefits weeks in September 2015 through December 2015 per the Court's remedies order despite the claimant having additional initial claims in these weeks (Ms. Jamieson filed an initial claim on 09/30/2015 for week 39 of 2015, the week ending 09/26/2015, id.).

Per the Court's remedies order, eligibility for benefits for a particular week is based on a weekly claim, not by an initial claim. For an explanation of initial claims and weekly claims/certifications, *see* Dkt. 113:2-9. This focus on weekly claims (and not initial claims)

is why the Court directed that claimants have the ability to file weekly certifications as far "back as far as September 7, 2015." If the Court had based eligibility just on initial claims, then the Court would have limited the ability to file weekly certifications *for initial claims filed on September 7, 2015, or later*.[2] But, such a limitation was not included by the Court, and the Department should not be adding this limitation on its own initiative to the Court's remedies order.

Moreover, the reference to individuals who applied for unemployment benefits in ¶1(a) of Dkt.124:1 does not alter this reliance on weekly claims. To receive payment of unemployment benefits, individuals must apply for those unemployment benefits for each week they want to get paid those unemployment benefits. Wisconsin's SSDI eligibility ban previously denied payment of those weekly unemployment benefits, and is why the Court is now requiring payment of weekly benefits for the weekly certifications on file and previously denied eligibility. *See* ¶2(b) of Dkt.124:2.

## 4.    Work search requirements are still being applied.

It is the plaintiffs' position that the Department is continuing to apply work search requirements to SSDI recipients who have contacted the Department per this class action. As an example, attached is an appeal dated April 3, 2015, for Mr. Trandel concerning unemployment claims for his 2015-2016 winter layoff. As shown in this appeal, Mr. Trandel had unemployment claims in October 2015 as part of a new benefit year beginning then as well as new weekly certifications filed in 2025 per this class action. Yet, the Department is not paying benefits for any of these weeks because of an alleged failure

---

[2]    This focus on initial claims also runs counter to how the Department has handled all remedies in this matter. Any claimant seeking to file new weekly certifications per ¶2(c) of Dkt. 124:2 has had to file new initial claims with the Department, as the Department's claim-filing processes do not allow new weekly certifications to be filed without an initial claim first being filed within a two-week time span of those new weekly certifications. So, regardless of a timely initial claim already on file, new initial claims still needed to be filed to allow for the filing of any subsequent weekly certifications and the payment of benefits for those weeks.

in 2015 to perform work searches for one week in 2015. The Department's position is that this denial remains in place and extends to cover all weeks claimed per the class action. Such a position makes the Court's order that claimants be allowed to file new weekly certifications for newly eligible weeks a nullity. In the case of Mr. Trandel, the weekly certifications filed in 2025 are now being denied by a determination issued in 2015 for one week. The Court should not allow prior disqualifications to apply and extend to all possible weeks now available to an SSDI recipient like Mr. Trandel and other SSDI recipients per the Court's remedies order.

**5.      Plaintiffs' proposed remedy.**

The plaintiffs ask the Court to direct the defendant to correct its actions, as set forth above, in order to comply with the Court's original remedies: that benefits be paid for all weeks being claimed in the relevant period and that work search and job registration disqualifications should not retroactively be applied to the weeks being claimed.

**6.      Entry of final judgment.**

The plaintiffs ask for a thirty-day period over which to determine if the defendant has complied with the Court's order, should the Court grant the plaintiffs' request. At the conclusion of the 30-day period, final judgment should be entered if the defendant has complied with the Court's order.

**7.      Attorney fee award.**

Sixty days after final judgment is entered, the Court should require the plaintiffs to make a motion for attorney fees, with a twenty-day response time from the defendant, and a ten day reply time from the plaintiffs. The 60-day period is designed to give the parties time to negotiate and possibly arrive at a stipulated number.

**8.      Incentive award.**

Sixty days after final judgment is entered, the court should require the plaintiffs to make a motion for incentive pay, with a twenty-day response time from the defendant, and a ten day reply time from the plaintiffs. It is the plaintiffs' position that the named class members are entitled to incentive pay. *Cam Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3rd 825, 834 (7th Cir. 2017); *Scott v. Dart*, 99 F.4th 1076, 1086-1087 (7th Cir. 2024). Accordingly, the Court will have to decide whether the named plaintiffs are entitled to relief and, if so, fair amounts for an award, once briefing by the parties on this issue is complete.

Respectfully submitted this 7th day of May, 2026.

GINGRAS, THOMSEN & WACHS, LLP

*/s/ Paul A. Kinne*
Paul A. Kinne
State Bar #1021493
8150 Excelsior Drive
Madison, WI 53717
Tel: 608-833-2632
Fax: 608-833-2874
kinne@gtwlawyers.com

AXLEY, LLP

*/s/ Heath P. Straka*
Heath P. Straka
State Bar #1031351
2 E. Mifflin Street, Ste. 200
Madison, WI 53701
Tel: 608-283-6755
Fax: 608-257-5444
hstraka@axley.com

VICTOR FORBERGER, ESQ.

*/s/ Victor Forberger*

Victor Forberger
State Bar #1070634
2509 Van Hise Ave
Madison, WI 53705
Tel: 608-352-0138
Fax: 608-316-2741
vforberger@fastmail.fm

*Attorneys for Plaintiffs*