# Victor Forberger, Esquire

2509 Van Hise Ave Madison WI  53705

Admitted to Massachusetts and Wisconsin bars
informational blogs:    wisconsinui.wordpress.com
                linuxatty.wordpress.com

608-352-0138        608-514-7223 (fax)
vforberger@fastmail.fm
website: law.vforberger.fastmail.fm

3 April 2026

Madison Hearing Office
PO Box 7975
Madison WI 53707                                        Sent via facsimile: 608-327-6498 (3 pp.)

RE:    Appeal of Initial Determination 150673370
        On behalf of claimant James Trandel

Dear Hearing Office staff:

I represent Mr. Trandel and am appealing the above-referenced initial determination on his behalf. Per the enclosed information release, please include me in all further correspondence and events in this matter.

The appeal is late because Mr. Trandel just learned today, April 3rd, that this initial determination is preventing payment of benefits for his benefit year beginning in Oct. of 2015. Mr. Trandel works for the Milwaukee Brewers, and he filed an initial claim during the 2015 off-season on 10/05/2015 for the week ending 10/10/2015 (week 41), with his last day of work on October 4th. He then filed weekly certifications for week 41 on 10/13/2015, week 42 on 10/17/2015, and week 43 on 10/26/2015.

Mr. Trandel was denied benefits for these weeks because of the SSDI eligibility ban. During the 90-day notice and filing window per the <u>Bemke</u> SSDI/UI class action, Mr. Trandel filed on 11/12/2025 weekly certifications for weeks 44 through 51 of 2015 and weeks 1 through 40 of 2016.

Per the August 20, 2025, remedy order in <u>Bemke</u>, work search requirements do not apply to payment of benefits for these weeks in 2015 and 2016.

> Per Wisconsin law, claimant class members for any weekly certifications may be dated back as far as September 7, 2015, if applicable to that member and will be excused from the requirements that (a) they conduct four, weekly work-search actions or (b) register with the job center of Wisconsin for the periods for which they seek benefits.

¶3 of Remedies order at 2 (https://storage.courtlistener.com/recap/gov.uscourts.wiwd.48133/gov.uscourts.wiwd.48133.124.0.pdf). In addition, the Commission has held that failure to appeal an initial determination on such an issue without knowing the eventual outcome years later of the <u>Bemke</u> SSDI/UI class action litigation is a reason beyond a claimant's control for excusing a late appeal. <u>Marquardt v. Alta Resources Corp.</u>, UI Hearing No. 25402733AP (23 Jan. 2026) (https://lirc.wisconsin.gov/ucdecsns/4526.pdf) (re-opening able and available denial of eligibility from 2018).

When scheduling the hearing, please note that I am NOT available on the following dates and times:

15 and 16 April
22 to 30 April
5 May before 9:30 am

- 2 -

6 May after 1pm
7 May after 1pm
13 May
19 May before 11am
20 to 21 May
26 May from 11am to 1:30pm
27 May from 10am to 2pm
3 June after 1pm

**I am requesting a copy of the determination rationale in these matters or any other internal document (e.g., UCB-157 and UCB/BPC-22) that substantiates why the Department has concluded the claimant is NOT eligible for unemployment benefits or why his eligibility is being reduced.** Please consider this request as part of the Department's obligations under federal law and regulations to provide all information in a claimant's case or hearing file to a claimant as well as an open records request and freedom of information act request made pursuant to state and federal law. Rather than examining that document at the hearing office as I have traditionally done, I ask that a copy of this document be faxed to me at 608-514-7223.

If you have questions or need additional information, please contact me via the information above.  Thank you.

Sincerely,

Victor Forberger
WI Bar: 1070634

enc    Information release (1 p.)