IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN BEMKE, et al.,

Plaintiffs,

v. Case No. 21-CV-0560

AMY PECHACEK,

Defendant.

**DEFENDANT'S STATUS REPORT**

Defendant Amy Pechacek, in her official capacity as Secretary of the State of Wisconsin Department of Workforce Development (the "Department"), provides this status report per this Court's April 1, 2026, request.

This case has been pending since 2021. Plaintiffs obtained certification of two classes (Dkt. 106 (June 11, 2025)), a favorable summary judgment decision on liability on their disparate impact disability discrimination claim (Dkt. 93 (July 17, 2024)), a preliminary injunction and declaration from this Court that Wis. Stat. § 108.04(12)(f) violates federal law (Dkt. 117 (July 14, 2025)), and an Order on Remedies crafted by this Court (Dkt. 124 (August 20, 2025)) that directed the Department to give notice to class members on how to apply for the previously unavailable unemployment insurance benefits and to accept and reprocess class members' claims for past denied claims.

Defendant has complied with the remedial order. The Department: (1) provided notice to class members through letters (13,916 of them sent via first class U.S. Mail), website changes, social media, a news release, employer-provided posters, and the Department's claimant portal; (2) used best practices to confirm that current contact information and bank account or debit card information is correct for the class members; (3) processed 1,963 claims and is working through the 14 remaining claims, which are expected to be processed within the next three weeks; (4) paid out hundreds of thousands of dollars of benefits to date to members of the first class, and has given several monthly reports to Plaintiffs' counsel showing the amounts of benefit payments to individual class members; and (5) paid out refunds for overpayments to 81 members of the second class and is processing two remaining requests for refunds to determine whether they are entitled to a refund.

It is now time for this case to be closed and a final judgment to be entered.

Defendant asks this Court to enter a final judgment and set a briefing schedule on a forthcoming motion for attorney fees that includes sufficient time for the parties to try to resolve this final issue without further litigation.

During their failed attempt to file a joint status report, the parties became aware of each other's positions. Plaintiffs raised issues that should not delay the entry of the final judgment. For the following reasons, any request

by Plaintiffs for further briefing on the issue of Defendant's compliance with this Court's remedial order should be rejected.

First, Defendant understands that Plaintiffs intend to seek an order granting them attorney fees and costs. Defendant asks for briefing on the issue to determine the reasonableness of any attorney fee award. *See Barnes v. Dep't of Corr.*, No. 18-CV-105-JDP, 2021 WL 4317057, at *5 (W.D. Wis. Sept. 23, 2021) ("In determining a reasonable fee, a key question is the degree of success obtained by the plaintiff, which takes into account the relief awarded." (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983))). However, Defendant asks that the parties be given a reasonable amount of time to attempt to come to a resolution before Plaintiffs' motion for fees, opening brief, and supporting materials are due.

Second, Plaintiffs may seek an incentive monetary award for the named plaintiffs in this class action. They cited to *Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825 (7th Cir. 2018), as a basis for such an award. But this case was not a class action against a state defendant for non-monetary relief. Also, Defendant has not encountered any case law, and Plaintiffs have not provided any, that permits a monetary incentive award in a class action for declaratory relief against a state officer in her official capacity. Here, Plaintiffs already agreed that any monetary judgment in this class action is barred by the Eleventh Amendment. (Dkt. 93:11.) And this Court

did not award to Plaintiffs any monetary damages. (Dkt. 117.) Any monetary incentive award would also be barred by the Eleventh Amendment and cannot be awarded. "[I]ncentive awards are judicial creations." *Pierre v. Midland Credit Mgmt., Inc.*, No. 16 C 2895, 2019 WL 11543193, at *2 (N.D. Ill. Dec. 11, 2019). No judicial creation should be able to override Defendant's Eleventh Amendment immunity. Thus, to the extent Plaintiffs inform the Court that they intend to seek a monetary incentive award, Defendant asks the Court to deny briefing on the issue as impertinent.

Finally, Plaintiffs may ask this Court to issue further remedial orders. Defendant would oppose such a request as the Court's Order on Remedies was clear and has been complied with.

For instance, Plaintiffs may complain that some members of the first class—those entitled to regular unemployment insurance benefits but were denied because they also received SSDI benefits, (*see* Dkt. 124 ¶ 1.a.)—did not receive payments for certain weeks of eligibility. Plaintiffs may also complain that the Department did not permit some members of the second class—those ordered to repay unemployment benefits because they received SSDI benefits, (*see* Dkt. 124, ¶ 1.b.)—to timely file certifications for each additional week they

can certify under oath to being unemployed.[1]

The Department met the requirements of the Order on Remedies and processed claims and requests for refunds. Individual denials could have been based on untimely filing, the class members' having an initial claim outside the statute of limitations, or concurrent receipt of Pandemic Unemployment Assistance, to name a few reasons——all allowable under the Court's Order on Remedies. While Defendant denies that the Department has improperly denied the class members' claims for unemployment benefits under the terms of the remedial order and the laws and rules of the administration of the Unemployment Insurance program, the mere fact that the Department has denied some claims does not mean that there is non-compliance with this Court's Order on Remedies. Any class members' complaints about allegedly improperly denied claims can be raised in administrative appeals filed with the Department (and subsequent administrative and state court review). This Court should not be asked to preside over resolution of class members' individual administrative complaints and remedies under state law.

After input from the parties, this Court crafted a remedial order that provided class members with the opportunity to obtain unemployment

[1] The Department sent out notices on October 14, 2025, via first class mail to these class members. Such class members then had 90 days to file under the remedial order. (Dkt. 124:2.) The Department also granted 10 additional days to the deadline for mailing time, thereby setting a final deadline of January 26, 2026.

insurance benefits previously unavailable to them due to the Department's required administration and enforcement of state law. Defendant has complied with the order and thousands of class members have obtained benefit payments over the last several months. In fact, the Department has only 14 claims on which to complete pay-outs to members of the first class and does not expect any new claims from this class. The Department expects these 14 cases to be processed within the next three weeks. Further, only two requests for refunds of overpayment are still pending. Any appeals of the class members' claims will continue after the final judgment is entered.

If Plaintiffs seek this Court's continued jurisdiction based on accusations of the Department's non-compliance, it will attempt to turn this class action challenging the validity of a state statute into something it is not—an action complaining about the Department's administration of Wisconsin's Unemployment Insurance program on an individualized basis. This Court should decline the invitation. *Missouri v. Jenkins,* 495 U.S. 33, 51 (1990) ("[O]ne of the most important considerations governing the exercise of equitable power is a proper respect for the integrity and function of local government institutions."); *Bailey v. Roob*, 567 F.3d 930, 937 (7th Cir. 2009) (holding that a district court using its remedial powers in the public law context "can find itself deeply entangled with the development and management of . . . state agency"). The Court has found that a state statute

violated federal law, enjoined further enforcement of the statute, and ordered remedial relief to members of the classes. Defendant has complied with the Court's remedial order.

In conclusion, Defendant respectfully asks this Court to end this action by entering a final judgment and permitting the parties sufficient time to resolve the issue of attorney fees and costs before imposing briefing deadlines on a forthcoming motion for attorney fees.

Dated this 7th day of May 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/ Steven C. Kilpatrick
STEVEN C. KILPATRICK
Assistant Attorney General
State Bar #1025452

CLAYTON P. KAWSKI
Assistant Attorney General
State Bar #1066228

KARLA Z. KECKHAVER
Assistant Attorney General
State Bar # 1028242

Attorneys for Defendant Amy Pechacek

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1792 (Kilpatrick)
(608) 266-8549 (Kawski)
(608) 264-6365 (Keckhaver)
(608) 294-2907 (Fax)
Steven.Kilpatrick@wisdoj.gov
Clayton.Kawski@wisdoj.gov
Karla.Keckhaver@wisdoj.gov