IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN BEMKE, SCOTT COLLETT,
JOHN FERIOZZI, JUDY FINTZ,
SARAH JAMIESON, EVAN JOHNSON,
TRACY LONG and CLIFFORD
NEUMANN, on behalf of themselves and
similarly-situated individuals,

ORDER

Plaintiffs,

v.

21-cv-560-wmc

AMY PECHACEK, in her official capacity as
Secretary-designee of the State of Wisconsin
Department of Workforce Development,

Defendant.

---

Plaintiffs brought this class action lawsuit under the Americans with Disabilities Act and Rehabilitation Act to challenge Wisconsin's Unemployment Compensation Insurance Statute, Wis. Stat. § 108.04(12)(f), which prohibited those receiving social security disability insurance ("SSDI") benefits from receiving state unemployment benefits. On July 17, 2024, the court granted summary judgment to plaintiffs on their disparate impact disability discrimination claim, holding that § 108.04(12)(f) violated the ADA and Rehabilitation Act because it had a disparate impact on disabled workers seeking unemployment insurance benefits. (Dkt. #93.) The court later certified two subclasses under Fed. R. Civ. P. 23 (dkt. #106), issued an order on remedies (dkt. #124), and directed the Department of Workforce Development to give notice to class members on how to apply for previously unavailable unemployment insurance benefits and to accept and reprocess class members' claims for past denied claims. (Dkt. #135.) Approximately six

months after notice went out, the court asked the parties to provide a status update and indicate whether final judgment can be entered.

In defendant's status report, the Department represents that it has complied with the court's remedies order by providing notice to 13,916 class members through various means, processing approximately 2,000 claims, paying out hundreds of thousands of dollars in benefits to members of the first class, and paying refunds for overpayments to members of the second class. Defendant requests that the court enter final judgment and set a briefing schedule on plaintiffs' motion for attorney fees.

Plaintiffs' status report, in contrast, raises questions regarding defendant's processing of certain individual's benefits claims. First, plaintiffs say that defendant has denied unemployment insurance benefits to at least one member of the first class for certain weeks of eligibility because the individual's initial claim fell outside the statute of limitations. Second, plaintiffs say that defendant has denied the opportunity for at least one member of the second class to file certfications for weeks in which they were unemployed. In response, defendant maintains that any denials satisfy the court's ruling on remedies as well as administrative rules of the state's Unemployment Insurance program.

Although plaintiffs raise important issues about claims processing, this class action was filed to challenge the validity of a state statutue. The court will not now expand the case to encompass individual claims processing disputes. Thus, if class members believe that their claims have been denied improperly, they may file an administrative appeal with the Department, and seek further review in state court. Moreover, because the parties have

raised no other reason to delay entry of judgment, the court will direct the clerk of court to do so and will set briefing on plaintiffs' motion for attorneys' fees.

ORDER

IT IS ORDERED that:

1. The court previously declared that Wis. Stat. § 108.04(12)(f) violates the Americans with Disabilities Act and Rehabilitation Act because it has a disparate impact on disabled workers seeking unemployment insurance benefits.

2. The court previously certified two classes:

   a. Individuals who applied for unemployment benefits in Wisconsin after September 7, 2015, and before July 30, 2025 ("the relevant period"), but were denied benefits because they received SSDI benefits (the "first class"); and

   b. Individuals who were ordered to repay unemployment benefits that they received in Wisconsin during the relevant period because they also received SSDI benefits (the "second class").

3. The court ordered defendant to provide notice and a process to permit class members to apply for previously unavailable unemployment insurance benefits and to accept and reprocess class members' claims for past denied claims.

4. Both classes were provided notice that was reasonable under the circumstances, and defendant has complied with the court's remedies order.

5. The clerk of court is directed to enter judgment accordingly.

6. On or before August 19, 2026, plaintiffs shall submit their brief and any supporting materials in support of their request for attorneys' fees, including itemized time records, invoices, and proof of payment of such invoices by plaintiffs. On or before

September 9, 2026, defendant shall submit her opposition.  If defendant challenges the reasonableness of plaintiffs' fee request in that opposition, her counsel shall also contemporaneously submit their itemized time records, invoices and proof of payment of such invoices.  Plaintiffs' reply, if any, is due on or before September 21, 2026.

Entered this 25th day of June, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge